1  Victor M. Felix (SBN: 179622); victor.felix@procopio.com
   PROCOPIO, CORY, HARGREAVES
2     & SAVITCH LLP
   525 B Street, Suite 2200
3  San Diego, CA 92101
   T:  (619) 515-3229; F:  (619) 744-5409
4
5  Michael A. Albert; malbert@wolfgreenfield.com (*pro hac vice* to be filed)
   Hunter Keeton; hkeeton@wolfgreenfield.com (*pro hac vice* to be filed)
6  WOLF, GREENFIELD & SACKS, P.C.
   600 Atlantic Avenue
7  Boston, MA 02210
   T:  (617) 646-8000; F:  (617) 646-8646
8
9  Attorneys for Defendant
   ACACIA COMMUNICATIONS, INC.
10
11
12           IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14
15  VIASAT, INC., a Delaware corporation,   )  Case No. '16CV0463 BEN JMA
                                            )
16              Plaintiff,                  )
                                            )
17          v.                              )  NOTICE OF REMOVAL TO
                                            )  FEDERAL COURT
18  ACACIA COMMUNICATIONS, INC., a          )
    Delaware corporation, and DOES 1-50,    )  [28 U.S.C. §§ 1331, 1338, 1367,
19  inclusive,                              )  1441, 1446, and 1454]
                                            )
20              Defendants.                 )
                                            )
21                                          )
                                            )
22                                          )
23
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454, Defendant Acacia Communications, Inc. ("Acacia") hereby removes to this Federal Court the state court action described below.

1.      On or about January 21, 2016, Plaintiff ViaSat, Inc. ("ViaSat") commenced an action in the Superior Court of the State of California in and for the County of San Diego, North County Division, entitled <u>ViaSat, Inc. v. Acacia Communications, Inc., et al.</u>, as case number 37-2016-00002323-CU-BC-NC. A copy of the Complaint and its exhibit is attached as Exhibit 1.  The Complaint does not allege or aver the amount in controversy.

2.      Acacia was first served with a copy of the Complaint on February 1, 2016, when an agent for ViaSat served Acacia's agent with a copy of the Complaint and a Summons from state court.  A copy of the Summons is attached as Exhibit 3, and a copy of the Proof of Service is attached as Exhibit 6.

## <u>GROUNDS FOR REMOVAL</u>

3.      Acacia hereby removes this action based on federal question jurisdiction, pursuant to 28 U.S. Code §1338, which confers exclusive jurisdiction over "any claim for relief arising under any Act of Congress relating to patents."  28 U.S.C. § 1338(a); <u>see also</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Pursuant to 28 U.S. Code § 1454, any action in which "any party asserts a claim for relief arising under any Act of Congress relating to patents… may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a); <u>see also</u> 28 U.S.C. § 1441 (defendants may remove any action over which a district court has "original jurisdiction").

-1-

4.     ViaSat's Complaint asserts three state law counts, all relating to an agreement between ViaSat and Acacia titled "IP CORE DEVELOPMENT AND LICENSE AGREEMENT NO. TG11102009" (the "Agreement").  (Complaint at ¶¶ 8-10, 19-33, and attached without the Agreement's exhibits as Exhibit A to the Complaint.)  That Agreement relates to certain hardware and software technologies used in network communications.  Among other things, the Agreement covers aspects of Application Specific Integrated Circuit ("ASIC") technology, Digital Signal Processing ("DSP") core technology, and Soft Decision Forward Error Correction Decoder and Encoder ("SDFEC") core technology.  (Id. at ¶¶ 8-9.)

5.     While the Complaint does not assert any patent-related counts on its face, jurisdiction under 28 U.S.C. § 1338(a) exists where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). Further, "the absence of a federal private right of action" is "not dispositive of" the question of federal question jurisdiction, and "an important issue of federal law" that is an "essential element" of the plaintiff's claim can create jurisdiction at the federal courts.  Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315-18 (2005).  The Supreme Court articulated the question as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id. at 314.  See also Semiconductor Energy Lab. Co. v. Nagata, 706 F.3d 1365, 1370 (Fed. Cir. 2013) ("Even where a plaintiff does not state a federal cause of action, a federal court may still have subject matter jurisdiction if the plaintiff's claims implicate a substantial issue of federal law.")

6.     Jurisdiction exists here because ViaSat's claims necessarily raise

-2-

the federal issue of patent misappropriation, which is actually disputed and substantial, and which this federal court may entertain without disturbing the federal-state balance of judicial responsibilities.

7.    ViaSat's counts all rely on what the Agreement calls "Background Information," all of whose intellectual property rights (including patents) are ViaSat's property.  (Complaint at ¶ 12, 14- 18.)  The Agreement contrasts that category with "Foreground Information," which is owned by Acacia:

(a) ACACIA shall own all right, title and interest in and to all Foreground Information, including all Intellectual Property Rights therein and thereto.  VIASAT will promptly provide and fully disclose all Foreground Information to ACACIA.

(Agreement at ¶ 3(a).)

8.    The Agreement defines "Foreground Information" as

all Intellectual Property Rights, design data and information (a) directly related to the Digital Signal Processing (DSP) Blocks for use in 100Gb Optical Systems **described in Exhibit C hereof,…** that are first developed or first created by VIASAT or its personnel during the course of performing services for ACACIA under this Agreement, or (b) that are first developed or first created by VIASAT or its personnel in the performance of its services relating to Digital Signal Processing under this Agreement, and including all changes, additions, revisions, replacements, manuals and documentation thereto which VIASAT may provide under this Agreement.  For the sake of clarity, and without limiting the foregoing, **the DSP Core and all Deliverables relating thereto shall be deemed Foreground Information.**

(Agreement at ¶ 1(j) (all emphasis is added in this paper, unless otherwise noted).)

9.    Exhibit C to the Agreement further describes the "Demodulator / DSP… Core."  (Agreement, Ex. C at § 1.1.)  Section 3.3. of Exhibit C describes certain functional aspects of the Demodulator/DSP Core, and contains the following block diagram of this core:

-3-



**Figure 3: Demodulator Top Level Block Diagram**

(Agreement, Ex. C at § 3.3.)

10.    In January and August 2011, inventors employed by ViaSat filed two different provisional patent applications, United States Serial Nos. 61/435,278 (the "'278 application") and 61/521,263 (the "'263 application") (together, the "ViaSat Provisionals").  Copies of those two applications are attached as Exhibits 8 and 9.

11.    The ViaSat Provisionals copy large portions of the DSP Core specification from Exhibit C of the Agreement.  For example, Figure 1 in the '278 application and Figure 7 in the '263 application are almost identical to each other, and both are almost identical copies of Figure 3 from Exhibit C to the Agreement.  A comparison of the Figures is below:



**Figure 3: Demodulator Top Level Block Diagram**

(Agreement, Ex. C at § 3.3.)



**Figure 1: Demodulator Top Level Block Diagram**

('278 application, Figure 1.)



FIG. 7

('263 application, Figure 7.)

12.     Other figures and text of the ViaSat Provisionals are copied from Exhibit C to the Agreement, often nearly verbatim.  For example, compare Exhibit C of the Agreement at § 3.3 ("The demodulator has a control and monitor interface to the host processor allowing configuration of various demodulator parameters (filter coefficients, loop gains, etc.) and extraction of demodulator status.") with the '278 application at 4 ("The Demodulator may have a control and monitor interface bus connected to a host processor allowing for configuration of demodulator parameters (filter coefficients, loop gains, etc.) and extraction of demodulator status."); compare also Exhibit C of the Agreement at §§ 3.3.1-3.3.11 with the '278 application at 4-14 and the '263

-5-

application at 9-10 (containing virtually identical subsection headings, organization, text, and figures).

13.     ViaSat has filed numerous United States patent applications, Patent Cooperation Treaty ("PCT") applications, and foreign patent applications, and obtained issued patents therefrom, that all claim priority in whole or in part to the ViaSat Provisionals (all of which together comprise the "ViaSat Patent Family").  The ViaSat Patent Family includes without limitation the '278 application; the '263 application; U.S. Patent Nos. 8,559,828, 8,639,126, 8,687,974, 8,682,180, 8,693,897, 8,705,664, 8,705,977, 8,744,279, 8,886,051, 8,891,980, and 9,100,125; U.S. Patent Application Serial No. 14/742,812; PCT Application Nos. PCT/US12/22231 and PCT/US12/22234; and any other U.S. or foreign patent applications, U.S. or foreign issued patents, and PCT applications that claims priority in whole or in part to any of these.

14.     In addition to the ViaSat Provisionals, all of the other patents and applications in the ViaSat Patent Family contain the same copied materials from Exhibit C to the Agreement.

15.     Because Acacia owns and has rights to possess the Foreground Information, and the ViaSat Patent Family contains Foreground Information, Acacia has an equitable right in the ViaSat Patent Family.  See Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1580 (Fed. Cir. 1991) (the holder of equitable rights in a patent "may sue in equity for rescission of the transfer and if successful may obtain full redress for infringement by way of injunction, accounting, declaration of trust, or other forms of equitable relief…. [If] it is apparent that plaintiff's equitable interest arises under the patent laws, a District Court has jurisdiction in equity under Section 1338") (quotation omitted); Taylor v. Taylor Made Plastics, Inc., 565 F. App'x 888, 889 (Fed. Cir. 2014) (party may hold "an equitable interest in the patent.").  ViaSat wrongfully acquired the ViaSat Patent Family, and thereby engaged in patent

misappropriation.

16.     Resolving ViaSat's asserted claims requires determining whether the accused functionality of Acacia's CFP Module utilizes Background Information or Foreground Information, and thus also necessarily whether that functionality is covered by the ViaSat Patent Family and whether ViaSat has misappropriated Acacia's patent rights in the Foreground Information.  That issue is actually disputed and substantial.  And this Court may entertain it without disturbing the federal-state balance of judicial responsibilities; indeed, it makes sense for federal courts to resolve patent disputes, which are their exclusive jurisdiction.  28 U.S.C. § 1338(a).  A prior court resolving patent misappropriation issues determined that it had jurisdiction under Section 1338.  See, e.g., GAF Corp. v. Amchem Prods., Inc., 514 F. Supp. 943, 974-75 (E.D. Pa. 1981).

17.     In addition, this case may be removed without consideration of ViaSat's claims at all, but only of Acacia's counterclaims, which will be filed shortly.  Acacia's patent misappropriation counterclaim arises under patent law, and under 28 U.S.C. § 1454, a "civil action in which **any party asserts a claim**... arising under any Act of Congress relating to patents... may be removed" to federal court; indeed, under this section "the action **may be removed by any party**."  28 U.S.C. §§ 1454(a)-(b)(1).  See also Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011).  This Court may therefore exercise jurisdiction over this case based on Acacia's counterclaims alone, even if ViaSat's claims do not arise under patent law pursuant to 28 U.S.C. §§ 1338(a) or 1454.  See Busch v. Jakov Dulcich & Sons LLC, No. 15-384, 2015 WL 3792898, at *5 (N.D. Cal. June 17, 2015) ("Section 1454 serves as an exception to the general rule that federal question jurisdiction exists only when the plaintiff's complaint includes a cause of action arising under federal law.").

## ADDITIONAL PROCEDURAL REQUIREMENTS

18.     This Notice is timely because Acacia files and serves it within 30 days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  28 U.S.C. § 1446(a).

19.     This action, filed in the Superior Court of the State of California, County of San Diego, is being removed to the district and division embracing the place where the action is pending.  28 U.S.C. §1441(a).

20.     Pursuant to 28 U.S.C. §1446(a), copies of all the process, pleadings, and orders on file with the state court or served on Defendants in the state court are attached collectively as Exhibits 1-7.

21.     A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being filed with the clerk of the Superior Court of the State of California, County of San Diego, Case Number 37-2016-00002323-CU-BC-NC, pursuant to 28 U.S.C. § 1446(d).

22.     A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being served on plaintiff's attorney pursuant to 28 U.S.C. § 1446(d).  A proof of such service will be filed with this Court.

23.     Under 28 U.S.C. § 1446, "all defendants who have been properly joined and served must join in or consent" to removal.  28 U.S.C. § 1446(b)(2)(A).  The only other defendants named in the state court action, however, are Does 1-50.  These unknown defendants are not required to join in the Notice of Removal.  See, e.g., Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

24.     No previous application has been made for the relief requested herein.

/ / /

/ / /

/ / /

1

DATED:  February 19, 2016

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP


By:  s/Victor M. Felix
     Victor M. Felix
     victor.felix@procopio.com
     Procopio, Cory, Hargreaves
       and Savitch LLP
     525 B Street, Suite 2200
     San Diego, CA  92101
     Telephone: 619.238.1900
     Facsimile: 619.235.0398

     Attorneys for Defendant
     ACACIA COMMUNICATIONS, INC.

NOTICE OF REMOVAL TO FEDERAL COURT