Victor M. Felix (SBN: 179622); victor.felix@procopio.com
PROCOPIO, CORY, HARGREAVES
    & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
T:  (619) 515-3229; F:  (619) 744-5409

Michael A. Albert; malbert@wolfgreenfield.com (*pro hac vice* to be filed)
Hunter Keeton; hkeeton@wolfgreenfield.com (*pro hac vice* to be filed)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
T:  (617) 646-8000; F:  (617) 646-8646

Attorneys for Defendant
ACACIA COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.3:16-cv-00463-BEN-JMA_<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**Request for Preliminary Injunction**<br><br>**Demand for Jury Trial** |

Defendant, Acacia Communications, Inc. ("Acacia"), answers the complaint of Plaintiff, ViaSat, Inc. ("ViaSat"), as follows:

**THE PARTIES**

1. Is without knowledge or information sufficient to form a belief as to the truth of these allegations.

2. Admits.

3. Is without knowledge or information sufficient to form a belief as to the truth of these allegations.

**JURISDICTION AND VENUE**

4. Is without knowledge or information sufficient to form a belief as to the truth of these allegations.

5. Admits that there was a contract between ViaSat and Acacia, and admits that venue is proper in this Court, but otherwise denies.

**FACTUAL ALLEGATIONS**

6. Is without knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Admits that there was a contract between ViaSat and Acacia. Admits that Acacia licensed certain rights under that contract from ViaSat. Admits that ViaSat owns certain patents, although not all the ones it claims to own. Otherwise denies.

8. Admits that Acacia and ViaSat entered into a contract in November of 2009 that related to Application Specific Integrated Circuit ("ASIC") technology, Digital Signal Processing ("DSP") core technology, and "Soft Decision Forward Error Correction Decoder and Encoder ("SDFEC") core technology. Otherwise denies.

9. Admits that Acacia and ViaSat entered in an agreement in November 2009 titled "IP CORE DEVELOPMENT AND LICENSE AGREEMENT NO. TG11102009" (the "Agreement"). Admits that a copy of

-1-

*1* the Agreement is attached as Exhibit A to the Complaint, but denies that that
*2* copy is the entire Agreement, as that copy is missing the exhibits to the
*3* Agreement.  Otherwise denies.
*4*      10.    Admits that the Agreement contains the quoted passage.  Otherwise
*5* denies.
*6*      11.    Admits that the Agreement contains the quoted passage.  Otherwise
*7* denies.
*8*      12.    Admits that the Agreement contains the quoted passage, without
*9* the added emphasis.  Otherwise denies.
*10*      13.    Admits that the Agreement contains the quoted passage.  Otherwise
*11* denies.
*12*      14.    Admits that Acacia has paid royalties to ViaSat under the
*13* Agreement.  Admits that Acacia is selling a "Metro Coherent CFP Module" (the
*14* "CFP Module").  Admits that Acacia's website and materials hosted on that
*15* website contain the quoted passages.  Otherwise denies.
*16*      15.    Denies.
*17*      16.    Denies.
*18*      17.    Denies.
*19*      18.    Admits that Acacia has not paid ViaSat royalties on the CFP
*20* Module.  Otherwise denies.
*21*                **FIRST CAUSE OF ACTION**
*22*                   **(Breach of Contract)**
*23*      19.    Acacia incorporates its responses to the preceding paragraphs.
*24*      20.    As to royalty obligations, the Agreement speaks for itself.
*25* Otherwise denies.
*26*      21.    Denies.
*27*      22.    Denies.
*28*      23.    Denies.

## SECOND CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

24. Acacia incorporates its responses to the preceding paragraphs.

25. Admits that the Agreement contains an implied covenant of good faith and fair dealing, which is not disclaimable under Delaware law. Otherwise denies.

26. Denies.

27. Denies.

## THIRD CAUSE OF ACTION

## (Misappropriation of Trade Secrets)

28. Acacia incorporates its responses to the preceding paragraphs.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

The remaining paragraphs of the Complaint do not contain allegations that admit of a responsive pleading.

## **AFFIRMATIVE DEFENSES**

1. One or more of the causes of action in ViaSat's Complaint fail to state a claim upon which relief can be granted.

2. ViaSat's third cause of action fails to identify its alleged trade secrets with reasonable particularity, as required by California Code of Civil Procedure § 2019.210.

3. ViaSat's claims are barred, in whole or in part, by the doctrines of laches and/or waiver.

4. ViaSat's claims are barred, in whole or in part, by the applicable statutes of limitations.

5. ViaSat failed to mitigate its alleged damages from Acacia's alleged breach of contract.

6. ViaSat's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. ViaSat's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

8. For the reasons discussed in Acacia's counterclaims below and incorporated here, ViaSat materially breached the Agreement prior to any alleged material breach by Acacia, thereby excusing any alleged subsequent material breach by Acacia.

9. For the reasons discussed in Acacia's counterclaims below and incorporated here, ViaSat misappropriated Acacia's patent rights under the Agreement.

Acacia requests that the Court dismiss the Complaint with prejudice, and award Acacia its attorneys' fees and costs under 35 U.S.C. § 285, Cal. Civ. Code § 3426.4, or other law.

## COUNTERCLAIMS

For its Counterclaims against ViaSat, Acacia alleges as follows:

### THE PARTIES

1. Acacia is a Delaware corporation having a place of business at Three Clock Tower Place, Suite 100, Maynard, MA 01754.

2. On information and belief, ViaSat is a Delaware corporation having a place of business at 6155 El Camino Real, Carlsbad, CA 92009.

### JURISDICTION AND VENUE

3. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1454, and supplementary jurisdiction over the

1. related state and common law causes of action under 28 U.S. § 1367.

2. 5. Venue is appropriate under 28 U.S.C. § 1391.

3. 6. This Court has personal jurisdiction over ViaSat because ViaSat has a place of business in this district. In addition, ViaSat sued Acacia in the present lawsuit by bring a state court action located in this district, which Acacia then removed to federal court on federal question grounds. ViaSat thus consented to personal jurisdiction of courts located in this district.

## BACKGROUND

7. Acacia is a leader in network technology. Acacia's mission is to deliver high-speed coherent optical interconnect products that transform communications networks, relied upon by cloud infrastructure operators and content and communication service providers, through improvements in performance and capacity and a reduction in associated costs.

8. In November 2009, Acacia and ViaSat entered into an agreement titled "IP CORE DEVELOPMENT AND LICENSE AGREEMENT NO. TG11102009" (the "Agreement"), attached without the Agreement's exhibits as Exhibit A to the Complaint.

9. The Agreement relates to certain hardware and software technologies used in network communications. Among other things, the Agreement covers aspects of Application Specific Integrated Circuit ("ASIC") technology, Digital Signal Processing ("DSP") core technology, and Soft Decision Forward Error Correction Decoder and Encoder ("SDFEC") core technology.

10. Within its terms and conditions, the Agreement defined the phrase "Foreground Information" as:

> all Intellectual Property Rights, design data and information (a) directly related to the Digital Signal Processing (DSP) Blocks for use in 100Gb Optical Systems **described in Exhibit C hereof**,…

that are first developed or first created by VIASAT or its personnel during the course of performing services for ACACIA under this Agreement, or (b) that are first developed or first created by VIASAT or its personnel in the performance of its services relating to Digital Signal Processing under this Agreement, and including all changes, additions, revisions, replacements, manuals and documentation thereto which VIASAT may provide under this Agreement. For the sake of clarity, and without limiting the foregoing, **the DSP Core and all Deliverables relating thereto shall be deemed Foreground Information.**

(Agreement at ¶ 1(j) (all emphasis in the Counterclaims is added, unless otherwise noted).)

11. Exhibit C is incorporated into and made a part of the Agreement. (Agreement at ¶ 1(p).)

12. In Paragraph 3, titled "Foreground Information," the Agreement prohibited ViaSat's use of any Foreground Information by ViaSat except as permitted under the Agreement, and the parties agreed to Acacia's ownership of all intellectual property rights in the Foreground Information:

(a) **ACACIA shall own all right, title and interest in and to all Foreground Information, including all Intellectual Property Rights therein and thereto. VIASAT will promptly provide and fully disclose all Foreground Information to ACACIA.** All Foreground Information is works made for hire to the extent allowed by law and, in addition, **VIASAT, at ACACIA's sole expense, hereby makes and agrees to make all assignments necessary to accomplish the foregoing ownership. VIASAT shall assist ACACIA, at ACACIA's sole expense, to further evidence, record and perfect such assignments, and to perfect, obtain, maintain, enforce, and defend any rights assigned.** If VIASAT is unavailable, unable or unwilling to so assist ACACIA, VIASAT hereby irrevocably designates and appoints ACACIA, solely in connection with the exercise of its ownership rights in the Foreground Information, as it agent and attorney in fact to act for and in VIASAT's behalf to execute and file any document and to do all other lawfully permitted acts to further the foregoing with the same legal force and effect as if executed by VIASAT.

(Agreement at ¶ 3(a).)

13. The parties agreed that the DSP Core was part of the "Foreground Information," and therefore owned by Acacia, not ViaSat. (Agreement at ¶¶ 1(j), 3(a).)

14. Exhibit C to the Agreement further describes the "Demodulator / DSP… Core." (Agreement, Ex. C at § 1.1.) Section 3.3. of Exhibit C describes certain functional aspects of the Demodulator/DSP Core, and contained the following block diagram of this core:



(Agreement, Ex. C at § 3.3.)

15. In January and August 2011, inventors employed by ViaSat filed two different provisional patent applications, United States Serial Nos. 61/435,278 (the "'278 application") and 61/521,263 (the "'263 application") (together, the "ViaSat Provisionals"). Copies of those two applications are attached as Exhibits A and B.

16. The ViaSat Provisionals copy large portions of the DSP Core specification from Exhibit C of the Agreement. For example, Figure 1 in the '278 application and Figure 7 in the '263 application are almost identical to each other, and both are almost identical copies of Figure 3 from Exhibit C to the Agreement. A comparison of the Figures is below:



(Agreement, Ex. C at § 3.3.)



('278 application, Figure 1.)



('263 application, Figure 7.)

17. Other figures and text of the ViaSat Provisionals are copied from Exhibit C to the Agreement, often nearly verbatim. For example, compare

-8-

Exhibit C of the Agreement at § 3.3 ("The demodulator has a control and monitor interface to the host processor allowing configuration of various demodulator parameters (filter coefficients, loop gains, etc.) and extraction of demodulator status.") with the '278 application at 4 ("The Demodulator may have a control and monitor interface bus connected to a host processor allowing for configuration of demodulator parameters (filter coefficients, loop gains, etc.) and extraction of demodulator status."); compare also Exhibit C of the Agreement at §§ 3.3.1-3.3.11 with the '278 application at 4-14 and the '263 application at 9-10 (containing virtually identical subsection headings, organization, text, and figures).

18. ViaSat has filed numerous United States patent applications, Patent Cooperation Treaty ("PCT") applications, and foreign patent applications, and obtained issued patents therefrom, that all claim priority in whole or in part to the ViaSat Provisionals (all of which together comprise the "ViaSat Patent Family"). The ViaSat Patent Family includes without limitation the '278 application; the '263 application; U.S. Patent Nos. 8,559,828, 8,639,126, 8,687,974, 8,682,180, 8,693,897, 8,705,664, 8,705,977, 8,744,279, 8,886,051, 8,891,980, and 9,100,125; U.S. Patent Application Serial No. 14/742,812; PCT Application Nos. PCT/US12/22231 and PCT/US12/22234; and any other U.S. or foreign patent applications, U.S. or foreign issued patents, and PCT applications that claims priority in whole or in part to any of these.

19. In addition to the ViaSat Provisionals, all of the other patents and applications in the ViaSat Patent Family contain the same copied materials from Exhibit C to the Agreement.

20. On information and belief, all legal title in the ViaSat Patent Family is purported to have been assigned to ViaSat.

21. ViaSat had no permission from Acacia to take information belonging to Acacia under Exhibit C of the Agreement and file patent

-9-

applications containing that information on ViaSat's behalf.

22. ViaSat has not assigned its rights in the ViaSat Patent Family to Acacia.

23. Separately, Acacia submitted its own set of patent applications relating to the Foreground Information, which Acacia owns under the Agreement. Specifically, Acacia filed U.S. Provisional Patent Application Serial Nos. 61/449,812 and 61/449,822, U.S. Non-Provisional Patent Application Serials Nos. 13/413,873 and 13/413,905, and PCT Application Nos. PCT/US2012/028014 and PCT/US2012/028038 (together the "Acacia Patents").

24. The Acacia Patents list a number of inventors. All but two of the inventors are or were employed by Acacia, and have assigned their rights in the Acacia Patents to Acacia.

25. The other two listed inventors, Sameep Dave and Fan Mo, are or were employed by ViaSat.

26. Neither Mr. Dave nor Ms. Mo have assigned their rights in the Acacia Patents to Acacia. Acacia has asked them to assign their rights, and they both refused to do so.

27. ViaSat has an obligation under the Agreement to "assist Acacia" to "evidence, record and perfect" assignments to Acacia of any and all rights in Foreground Information, "and to perfect, obtain, maintain, enforce, and defend any rights assigned." (Agreement at ¶ 3(a).)

28. On information and belief, ViaSat has induced Mr. Dave and/or Ms. Mo to refuse to assign their rights to the Acacia Patents to Acacia.

29. ViaSat also has an obligation under the Agreement to "promptly provide and fully disclose all Foreground Information to ACACIA." (Agreement at ¶ 3(a).)

30. The ViaSat Patent Family, which includes materials from Exhibit C to the Agreement, are Foreground Information. ViaSat did not provide or fully

1  disclose the ViaSat Patent Family to Acacia.

2  31. ViaSat further had an obligation under the Agreement to maintain
3  the confidentiality of Acacia's confidential information shared under the
4  Agreement, and "All Foreground Information shall be deemed ACACIA's
5  Confidential Information." (Agreement at ¶ 9.)

6  32. The material contained in Exhibit C of the Agreement describing
7  the DSP Core was Acacia's confidential information.

8  33. Without any authorization from Acacia, ViaSat publicly disclosed
9  that Acacia confidential information by filing the ViaSat Patent Family.

10  34. On information and belief, ViaSat sells a number of products
11  and/or services covered by at least one claim of at least one patent in the ViaSat
12  Patent Family (the "Covered Products").

13  35. On information and belief, the Covered Products include without
14  limitation every ViaSat product that contains a DSP Core or Demodulator,
15  including ViaSat's 100G, 200G, 400G, and 1T DSP IP core products. A ViaSat
16  press release describing some of these products is attached as Exhibit C.

### COUNT I

**(Patent Misappropriation under 35 U.S.C § 1, *et seq.*)**

19  36. Acacia incorporates the allegations of the above paragraphs.

20  37. Acacia owns and has rights to possess Foreground Information
21  under the Agreement, including all intellectual property rights (such as patent
22  rights) in that Foreground Information. (Agreement at ¶¶ 1(h), 3(a).)

23  38. The ViaSat Patent Family contains Foreground Information.

24  39. Acacia thereby has an equitable interest in the ViaSat Patent
25  Family. See Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1580 (Fed. Cir.
26  1991); Taylor v. Taylor Made Plastics, Inc., 565 F. App'x 888, 889 (Fed. Cir.
27  2014).

28  40. By filing the ViaSat Patent Family, not promptly providing or fully

-11-

disclosing the Family to Acacia, and not assigning the ViaSat Patent Family to Acacia, ViaSat has deprived Acacia of Acacia's equitable interest in the ViaSat Patent Family.

41. ViaSat has wrongfully acquired the ViaSat Patent Family, which is equitably owned by Acacia.

42. On information and belief, ViaSat has made subsequent profitable use of the ViaSat Patent Family, including by selling the Covered Products.

43. Through these actions, ViaSat has misappropriated the ViaSat Patent Family from Acacia.

44. Acacia is entitled to an accounting for ViaSat's patent misappropriation.

45. Acacia is further entitled to a declaration that ViaSat has held the ViaSat Patent Family in trust for Acacia, and ordering ViaSat to pay Acacia the benefits of that trust.

46. Acacia is also entitled to a rescission of the ownership of the ViaSat Patent Family, and transfer of that ownership to Acacia.

47. Unless ViaSat is preliminarily and permanently enjoined from continuing to misappropriate the ViaSat Patent Family, Acacia will continue to be irreparably harmed. Acacia therefore is entitled to a preliminary and permanent injunction requiring ViaSat to assign all rights in the ViaSat Patent Family to Acacia. ViaSat also is entitled to a preliminary and permanent injunction prohibiting ViaSat from making, using, offering to sell, or selling any Covered Products.

### COUNT II
### (Breach of Contract – Foreground Information)

48. Acacia incorporates the allegations of the above paragraphs.

49. ViaSat agreed, as part of the Agreement, that all rights, including all intellectual property rights, in the Foreground Information belonged to

Acacia. ViaSat also agreed to assign all rights in Foreground Information to the extent necessary to accomplish that ownership.

50. Acacia has fully performed its obligations under the Agreement.

51. The ViaSat Patent Family contains Foreground Information.

52. By filing the ViaSat Patent Family, ViaSat materially breached its obligation under the Agreement that all Foreground Information, including all intellectual property rights in that Foreground Information, belong to Acacia.

53. By refusing to assign the ViaSat Patent Family, ViaSat materially breached its obligation under the Agreement to assign all rights in Foreground Information to the extent necessary to accomplish Acacia's ownership.

54. ViaSat's material breaches have proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

55. Acacia is also entitled to specifically enforce the agreement, such that ViaSat is required to assign the ViaSat Patent Family to Acacia.

## COUNT III

### (Breach of Contract – Failure to Assist in Assigning Foreground Information)

56. Acacia incorporates the allegations of the above paragraphs.

57. ViaSat agreed, as part of the Agreement, that it would assist Acacia to evidence, record and perfect assignments to Acacia of Foreground Information, and to perfect, obtain, maintain, enforce, and defend any rights assigned.

58. Acacia has fully performed its obligations under the Agreement.

59. On information and belief, ViaSat has induced ViaSat's current or former employees Sameep Dave and Fan Mo to refuse to assign their rights to the Acacia Patents to Acacia, thereby materially breaching its obligations under the Agreement.

60. ViaSat's material breach has proximately caused Acacia to suffer

1  substantial damages, in an amount to be proven at trial.

2       61.    Acacia is also entitled to specifically enforce the agreement, such
3  that ViaSat is required to undertake its best efforts to have Sameep Dave and
4  Fan Mo assign their rights in the Acacia Patents to Acacia.

5  **COUNT IV**

6  **(Breach of Contract – Failure to Provide**

7  **and Disclose Foreground Information)**

8       62.    Acacia incorporates the allegations of the above paragraphs.

9       63.    ViaSat agreed, as part of the Agreement, that it would promptly
10 provide and fully disclose all Foreground Information to ACACIA.

11      64.    Acacia has fully performed its obligations under the Agreement.

12      65.    The ViaSat Patent Family contains Foreground Information.

13      66.    By failing to either provide or disclose the ViaSat Patent Family to
14 Acacia, ViaSat materially breached its obligations under the Agreement.

15      67.    ViaSat's material breach has proximately caused Acacia to suffer
16 substantial damages, in an amount to be proven at trial.

17      68.    Acacia is also entitled to specifically enforce the agreement, such
18 that ViaSat is required to provide the ViaSat Patent Family to Acacia by
19 assigning them to Acacia.

20 **COUNT V**

21 **(Breach of Contract – Confidentiality Clause)**

22      69.    Acacia incorporates the allegations of the above paragraphs.

23      70.    ViaSat agreed, as part of the Agreement, to maintain the
24 confidentiality of Acacia's confidential information shared under the
25 Agreement, and all Foreground Information is Acacia's confidential
26 information.

27      71.    Acacia has fully performed its obligations under the Agreement.

28      72.    The ViaSat Patent Family contains Foreground Information.

73. By filing and publicly disclosing the ViaSat Patent Family, ViaSat materially breached its obligation under the Agreement to maintain the confidentiality of Acacia's confidential information.

74. ViaSat's material breach has proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT VI

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

75. Acacia incorporates the allegations of the above paragraphs.

76. Implied in the Agreement was a covenant of good faith and fair dealing, pursuant to which ViaSat was obliged to refrain from any acts or conduct which would deny Acacia the receipt and enjoyment of its legitimate expectations flowing from the Agreement.

77. ViaSat violated this covenant and materially breached the contract by, among other things, filing the ViaSat Patent Family which contained Foreground Information owned by Acacia, failing to assign the ViaSat Patent Family to Acacia, failing to assist in having Sameep Dave and Fan Mo assign their rights to the Acacia Patents to Acacia, failing to provide and disclose Foreground Information to Acacia, and failing to maintain the confidentiality of Acacia's confidential information.

78. ViaSat's material breach has proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT VII

### (Misappropriation of Trade Secrets)

79. Acacia incorporates the allegations of the above paragraphs.

80. Through the Agreement, ViaSat was granted limited access to and use of Acacia's trade secrets. ViaSat nonetheless impermissibly used Acacia's trade secrets by filing the ViaSat Patent Family and by incorporating those trade secrets into its products and services covered by the ViaSat Patent Family, thus

-15-

CASE NO.: 3:16-cv-00463-BEN-JMA

1 violating Cal. Civ. Code. § 3426, *et seq.*

2     81.    Acacia took reasonable efforts to maintain the secrecy of its trade secrets, including without limitation the confidentiality provisions of the Agreement. ViaSat was obligated by the terms of the Agreement to maintain the secrecy of Acacia's trade secrets and confidential information.

    82.    As a proximate result of ViaSat's unlawful actions, Acacia has suffered damages in an amount to be proved at trial.

    83.    ViaSat's misappropriation of trade secrets has caused and will continue to cause irreparable harm to Acacia, and Acacia is therefore entitled to a preliminary and permanent injunction against ViaSat from continuing to use those trade secrets, and prohibiting ViaSat from producing or distributing products or services that incorporate them.

    84.    On information and belief, ViaSat's misappropriation of Acacia's trade secrets has been willful and malicious, entitling Acacia to an award of its attorneys' fees and costs under Cal. Civ. Code § 3426.4.

### COUNT VIII
**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*)**

    85.    Acacia incorporates the allegations of the above paragraphs.

    86.    By the above-described conduct, ViaSat has defrauded Acacia of Acacia's patent rights, of Acacia's rights under the Agreement, and of Acacia's trade secrets. ViaSat has also engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

    87.    Acacia, and its customers and potential customers, have been harmed by ViaSat's conduct, and the harm caused by the conduct outweighs any benefits that the conduct may have.

    88.    Acacia has been damaged by such conduct in an amount to be determined at trial.

    89.    Unless stopped by an injunction, ViaSat's behavior will continue

-16-

CASE NO.: 3:16-cv-00463-BEN-JMA

1 and will cause Acacia to suffer irreparable harm for which there is no adequate
2 remedy at law. Therefore, Acacia is entitled to injunctive relief. It is also
3 entitled to restitution for such conduct.

### RELIEF REQUESTED

For the above reasons, Acacia prays that the court declare and enter a judgment as follows:

A. The Court has jurisdiction over the parties and subject matter of this action;

B. ViaSat has committed patent misappropriation, breached the Agreement, misappropriated Acacia's trade secrets, and committed unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq.*;

C. Preliminarily and permanently enjoining ViaSat by: (a) requiring ViaSat to assign all rights in the ViaSat Patent Family to Acacia; (b) prohibiting ViaSat from filing or pursuing any further patent applications based on Foreground Information; (c) prohibiting ViaSat from making, using, offering to sell, or selling any Covered Products; (d) requiring ViaSat to undertake its best efforts to have Sameep Dave and Fan Mo assign their rights in the Acacia Patents to Acacia; and (e) prohibiting ViaSat and any of ViaSat's employees, agents, and those acting in concert with them from disclosing or using Acacia's trade secrets;

D. Ordering an accounting;

E. Declaring that ViaSat has held the ViaSat Patent Family in trust for Acacia, and ordering ViaSat to pay Acacia the benefits of that trust;

F. Awarding Acacia its compensatory damages for ViaSat's breaches of contract and misappropriation of Acacia's trade secrets, and restitution for ViaSat's unfair competition;

G. Finding that ViaSat's actions have been knowing, willful, and malicious;

1  H. Awarding Acacia enhanced or punitive damages under 35 U.S.C. § 284, Cal. Civ. Code § 3426.3(b), or other law;

I. Awarding Acacia its reasonable costs and attorneys' fees under 35 U.S.C. § 285, Cal. Civ. Code § 3426.4, or other law; and

J. Awarding Acacia such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Acacia demands a trial by jury for all issues so triable.

DATED: February 19, 2016          PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Victor M. Felix
Victor M. Felix
victor.felix@procopio.com
Procopio, Cory, Hargreaves
  and Savitch LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant
ACACIA COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I certify that I caused to be served a true copy of the above document on February 19, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

I declare under penalty of perjury that the foregoing statements are true and correct.

                                                s/Victor M. Felix
                                                Victor M. Felix