FITZGERALD KNAIER LLP
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@fitzgeraldknaier.com
   Keith M. Cochran, Esq. (SBN: 254346)
   kchochran@fitzgeraldknaier.com
550 West C Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff and Counter Defendant
ViaSat, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.**, *a Delaware corporation*, <br><br>        Plaintiff and Counter Defendant, <br><br>  v. <br><br> **Acacia Communications, Inc.**, *a Delaware corporation*, <br><br>        Defendant and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **Plaintiff and Counter Defendant ViaSat, Inc.'s Answer to Counterclaims** <br><br> **Jury Trial Demanded** <br><br> Dist. Judge: Hon. Roger T. Benitez <br><br> Case Initiated: January 21, 2016 |

Plaintiff and Counter Defendant ViaSat, Inc. ("ViaSat"), answers the counterclaims of Defendant and Counter Claimant Acacia Communications, Inc. ("Acacia") as follows:

## Counterclaims

### The Parties

1. ViaSat admits the allegations of paragraph 1.
2. ViaSat admits the allegations of paragraph 2.

### Jurisdiction and Venue

3. ViaSat admits the allegations of paragraph 3.
4. ViaSat admits the allegations of paragraph 4.
5. ViaSat admits the allegations of paragraph 5.
6. ViaSat admits the allegations of paragraph 6.

### Background

7. ViaSat lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies them.
8. ViaSat admits the allegations of paragraph 8.
9. ViaSat admits the allegations of paragraph 9.
10. ViaSat admits the allegations of paragraph 10.
11. ViaSat admits that Exhibit C to the Agreement was made part of the Agreement.
12. ViaSat admits the allegations of paragraph 12.
13. ViaSat admits that "the DSP Core," as that term is specifically defined in the Agreement, was part of the Foreground Information owned by Acacia, but ViaSat alleges that the DSP Core as defined in the Agreement means only "the design data and information directly related to the Digital Signal Processing (DSP) Blocks for use in [Acacia's] 100Gb Optical Systems described in Exhibit C" to the Agreement. The DSP Core did not include design data and information owned or

1 licensed by ViaSat prior to the Effective Date of the Agreement, or design data or
2 information developed or licensed by ViaSat separate and apart from the Agreement.
3       14.    ViaSat admits the allegations of paragraph 14.
4       15.    ViaSat admits the allegations of paragraph 15.
5       16.    ViaSat denies the allegations of paragraph 16, insofar as the allegation
6 implies that the ViaSat Provisionals copy Foreground Information, and ViaSat
7 alleges that Figure 3 from Exhibit C depicts and includes Background Information,
8 which belongs to ViaSat, not Acacia.
9       17.    ViaSat admits that Exhibit C of the Agreement contains the quoted
10 passage set forth in paragraph 17.  ViaSat admits that the '278 application contains
11 the quoted passage set forth in paragraph 17.  Except as expressly so admitted,
12 ViaSat denies the remaining allegations of paragraph 17.
13       18.    ViaSat admits the allegations of paragraph 18.
14       19.    ViaSat denies the allegations of paragraph 19.
15       20.    ViaSat admits the allegations of paragraph 20.
16       21.    ViaSat denies the allegations of paragraph 21.
17       22.    ViaSat admits the allegations of paragraph 22.
18       23.    ViaSat lacks knowledge or information sufficient to form a belief as to
19 the truth of the allegations of paragraph 23, and on that basis denies them.
20       24.    ViaSat lacks knowledge or information sufficient to form a belief as to
21 the truth of the allegations of paragraph 24, and on that basis denies them.
22       25.    ViaSat admits the allegations of paragraph 25.
23       26.    ViaSat admits the allegations of paragraph 26.
24       27.    ViaSat admits the allegations of paragraph 27.
25       28.    ViaSat denies the allegations of paragraph 28.
26       29.    ViaSat admits the allegations of paragraph 29.
27       30.    ViaSat denies the allegations of paragraph 30.
28       31.    ViaSat admits the allegations of paragraph 31.

32. ViaSat admits that Foreground Information is Acacia's confidential information, but otherwise denies the allegations in paragraph 32 to the extent they imply that all of the material contained in Exhibit C of the Agreement describing the DSP Core is Foreground Information. A significant amount of information contained in Exhibit C is ViaSat's Background Information.

33. ViaSat denies the allegations of paragraph 33.

34. ViaSat denies the allegations of paragraph 34.

35. ViaSat admits that Exhibit C to Acacia's Counterclaims was issued by ViaSat. Except as expressly so admitted, ViaSat denies the remaining allegations of paragraph 35.

## Count I

### (Patent Misappropriation under 35 U.S.C. § 1, *et seq.*)

36. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

37. ViaSat admits the allegations of paragraph 37.

38. ViaSat denies the allegations of paragraph 38.

39. ViaSat denies the allegations of paragraph 39.

40. ViaSat denies the allegations of paragraph 40.

41. ViaSat denies the allegations of paragraph 41.

42. ViaSat denies the allegations of paragraph 42.

43. ViaSat denies the allegations of paragraph 43.

44. ViaSat denies the allegations of paragraph 44.

45. ViaSat denies the allegations of paragraph 45.

46. ViaSat denies the allegations of paragraph 46.

47. ViaSat denies the allegations of paragraph 47.

## Count II

**(Breach of Contract – Foreground Information)**

48. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

49. ViaSat admits the allegations of paragraph 49.

50. ViaSat denies the allegations of paragraph 50.

51. ViaSat denies the allegations of paragraph 51.

52. ViaSat denies the allegations of paragraph 52.

53. ViaSat denies the allegations of paragraph 53.

54. ViaSat denies the allegations of paragraph 54.

55. ViaSat denies the allegations of paragraph 55.

## Count III

**(Breach of Contract – Failure to Assist in Assigning Foreground Information)**

56. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

57. ViaSat admits the allegations of paragraph 57.

58. ViaSat denies the allegations of paragraph 58.

59. ViaSat denies the allegations of paragraph 59.

60. ViaSat denies the allegations of paragraph 60.

61. ViaSat denies the allegations of paragraph 61.

## Count IV

**(Breach of Contract – Failure to Provide and Disclose Foreground Information)**

62. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

63. ViaSat admits the allegations of paragraph 63.

64. ViaSat denies the allegations of paragraph 64.

65. ViaSat denies the allegations of paragraph 65.

|  |  |
|---|---|
| 1 | 66. ViaSat denies the allegations of paragraph 66. |
| 2 | 67. ViaSat denies the allegations of paragraph 67. |
| 3 | 68. ViaSat denies the allegations of paragraph 68. |

**<u>Count V</u>**

**(Breach of Contract – Confidentiality Clause)**

69. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

70. ViaSat admits the allegations of paragraph 70.

71. ViaSat denies the allegations of paragraph 71.

72. ViaSat denies the allegations of paragraph 72.

73. ViaSat denies the allegations of paragraph 73.

74. ViaSat denies the allegations of paragraph 74.

**<u>Count VI</u>**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

75. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

76. ViaSat admits the allegations of paragraph 76.

77. ViaSat denies the allegations of paragraph 77.

78. ViaSat denies the allegations of paragraph 78.

**<u>Count VII</u>**

**(Misappropriation of Trade Secrets)**

79. ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

80. ViaSat denies the allegations of paragraph 80.

81. ViaSat lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81, and on that basis denies them.

82. ViaSat denies the allegations of paragraph 82.

83. ViaSat denies the allegations of paragraph 83.

1    84.    ViaSat denies the allegations of paragraph 84.

## Count VIII

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*)

85.    ViaSat incorporates by reference each and every answer set forth above, as though fully set forth herein.

86.    ViaSat denies the allegations of paragraph 86.

87.    ViaSat denies the allegations of paragraph 87.

88.    ViaSat denies the allegations of paragraph 88.

89.    ViaSat denies the allegations of paragraph 89.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

1.    Acacia's counterclaims, and each of them, fail to state a claim on which relief may be granted.

### Second Affirmative Defense

### (Unclean Hands)

2.    Acacia's counterclaims, and each of them, are barred in whole or in part under the doctrine of unclean hands.

### Third Affirmative Defense

### (Laches)

3.    Acacia's counterclaims, and each of them, are barred in whole or in part by the doctrine of laches.

### Fourth Affirmative Defense

### (Statute of Limitations)

4.    Acacia's counterclaims, and each of them, are barred in whole or in part by the statute of limitations.

### Fifth Affirmative Defense

**(Breach)**

5. Acacia's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing are barred in whole or in part by Acacia's material breach of the contract, which discharged ViaSat's obligations thereunder.

### Prayer For Relief

Whereby, ViaSat prays for relief as follows:

1. That Acacia take nothing by its counterclaims;
2. For attorneys' fees and costs of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

### Jury Demand

ViaSat hereby demands a jury trial for all issues so triable.

Dated: March 16, 2016

FITZGERALD KNAIER LLP

By: *s/ Kenneth M. Fitzgerald*
    Kenneth M. Fitzgerald, Esq.
    Keith M. Cochran, Esq.
    Attorneys for Plaintiff and Counter Defendant ViaSat, Inc.