**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ViaSat, Inc.**, *a Delaware corporation*, <br><br> Plaintiff <br> and Counter Defendant, <br><br> v. <br><br> **Acacia Communications, Inc.**, *a Delaware corporation*, <br><br> Defendant <br> and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **Stipulated Protective Order** <br><br> Dist. Judge: Hon. Roger T. Benitez <br> Hon. Magistrate Jan M. Adler <br><br> Case Initiated: January 21, 2016 |

Good cause appearing to grant the parties' Joint Motion for Stipulated Protective Order, the Court grants the motion and enters the following order:

**1.      Purposes and Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to information or items that are within the definition of "CONFIDENTIAL" Information or Items below.  The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j., and the chambers' rules, with respect to filing documents under seal.

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

**2.      Definitions**

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that constitute or contain sensitive private information, trade secrets or other confidential research, development, or commercial information, including but not limited to customer lists and other customer information, financial information, technical information, ongoing research and development projects, product development plans, product or business forecast information or other information the disclosure of which would reasonably risk harming the Designating Party's competitive position, or that of any third party that is not a party to this litigation, as well as other information protected from disclosure under applicable legal principles.

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. In addition, each Party may designate one employee to serve as a consulting Expert, and that designated employee Expert shall be bound by the same provisions governing Experts as set forth elsewhere in this Order.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are employees of a party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reasonably reveal Protected Material.  However, the protections conferred

by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     Designating Protected Material**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party shall notify all other parties that it is withdrawing the mistaken designation.  The foregoing does not

1  prohibit the Designating Party from making reasonably tailored category
2  designations of Protected Material to the extent that such may be appropriate.
3         5.2    Manner and Timing of Designations. Except as otherwise provided in
4  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
5  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
6  under this Order must be clearly so designated before the material is disclosed or
7  produced.  Designation in conformity with this Order requires:
8         (a)    for information in documentary form (e.g., paper or electronic
9  documents, but excluding transcripts of depositions or other pretrial or trial
10 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that
12 contains protected material.  If only a portion or portions of the material on a page
13 qualifies for protection, the Producing Party also shall clearly identify the protected
14 portion(s) and shall specify, for each portion, the level of protection being asserted.
15 A Party or Non-Party that makes original documents or materials available for
16 inspection need not designate them for protection until after the inspecting Party has
17 indicated which material it would like copied and produced.  During the inspection
18 and before the designation, all of the material made available for inspection shall be
19 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
20 inspecting Party has identified the documents it wants copied and produced, the
21 Producing Party must determine which documents, or portions thereof, qualify for
22 protection under this Order.  Then, before producing the specified documents, the
23 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
24 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
25 contains Protected Material.  If only a portion or portions of the material on a page
26 qualifies for protection, the Producing Party also must clearly identify the protected
27 portion(s) and must specify, for each portion, the level of protection being asserted.
28        (b)    for testimony given in deposition or in other pretrial or trial

1  proceedings, the Designating Party may invoke on the record (before the deposition,
2  hearing, or other proceeding is concluded) a right to have up to 30 days to identify
3  the specific portions of the testimony as to which protection is sought and to specify
4  the level of protection being asserted.  Only those portions of the testimony that are
5  appropriately designated for protection within the 30 days shall be covered by the
6  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party
7  may specify, at the deposition or up to 30 days afterwards if that period is properly
8  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
10 Parties shall give the other parties notice if they reasonably expect a deposition,
11 hearing or other proceeding to include Protected Material so that the other parties
12 can ensure that only authorized individuals who have signed the "Acknowledgment
13 and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use
14 of a document as an exhibit at a deposition shall not in any way affect its designation
15 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
16 ONLY."  Any transcript that is prepared before the expiration of a 30-day period for
17 designation shall be treated during that period as if it had been designated
18 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety
19 unless otherwise agreed.
20         (c)    for information produced in some form other than documentary and
21 for any other tangible items, that the Producing Party affix in a prominent place on
22 the exterior of the container or containers in which the information or item is stored
23 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
24 ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or
25 item warrant protection, the Producing Party, to the extent reasonable, shall identify
26 the protected portion(s) and specify the level of protection being asserted.
27         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent
28 failure to designate qualified information or items does not waive the Designating

Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     Challenging Confidentiality Designations**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 21 days of the date of service of notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer requirements in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     Access to and Use of Protected Material**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle litigation between the parties.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (Final Disposition).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the court and its personnel;

  (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

  (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

1                    (c)     the court and its personnel; and

2                    (d)     court reporters and their staff, professional jury or trial
3    consultants, and Professional Vendors to whom disclosure is reasonably necessary
4    for this litigation and who have signed the "Acknowledgment and Agreement to Be
5    Bound" (Exhibit A); and

6                    (e)     the author or recipient of a document containing the
7    information.

8        7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY
9    CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
10   Experts.

11                   (a)     Unless otherwise ordered by the court or agreed to in writing by
12   the Designating Party, a Party that seeks to disclose to an Expert (as defined in this
13   Order) any information or item that has been designated "HIGHLY
14   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)
15   first must make a written request to the Designating Party that (1) identifies the
16   general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17   ONLY" information that the Receiving Party seeks permission to disclose to the
18   Expert, (2) sets forth the full name of the Expert and the city and state of his or her
19   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies
20   the Expert's current employer(s), (5) identifies each person or entity from whom the
21   Expert has received compensation or funding for work in his or her areas of
22   expertise or to whom the expert has provided professional services, including in
23   connection with a litigation, at any time during the preceding five years, and (6)
24   identifies (by name and number of the case, filing date, and location of court) any
25   litigation in connection with which the Expert has offered expert testimony,
26   including through a declaration, report, or testimony at a deposition or trial, during
27   the preceding five years.

28                   (b)     A Party that makes a request and provides the information

specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated Expert unless, within 16 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within ten days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Designated Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Designated Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

1       (b)    promptly notify in writing the party who caused the subpoena or order
2 to issue in the other litigation that some or all of the material covered by the
3 subpoena or order is subject to this Protective Order. Such notification shall include
4 a copy of this Stipulated Protective Order; and

5       (c)    cooperate with respect to all reasonable procedures sought to be
6 pursued by the Designating Party whose Protected Material may be affected.
7 If the Designating Party timely seeks a protective order, the Party served with the
8 subpoena or court order shall not produce any information designated in this action
9 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10 ONLY" before a determination by the court from which the subpoena or order
11 issued, unless the Party has obtained the Designating Party's permission. The
12 Designating Party shall bear the burden and expense of seeking protection in that
13 court of its confidential material – and nothing in these provisions should be
14 construed as authorizing or encouraging a Receiving Party in this action to disobey a
15 lawful directive from another court.

16 **9.    A Non-Party's Protected Material Sought to be Produced in this**
17       **Litigation**

18       (a)    The terms of this Order are applicable to information produced by a
19 Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
20 CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced
21 by Non-Parties in connection with this litigation is protected by the remedies and
22 relief provided by this Order. Nothing in these provisions should be construed as
23 prohibiting a Non-Party from seeking additional protections.

24       (b)    In the event that a Party is required, by a valid discovery request, to
25 produce a Non-Party's confidential information in its possession, and the Party is
26 subject to an agreement with the Non-Party not to produce the Non-Party's
27 confidential information, then the Party shall: (1) promptly notify in writing the
28 Requesting Party and the Non-Party that some or all of the information requested is

subject to a confidentiality agreement with a Non-Party, (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    Inadvertent Production of Privileged or Otherwise Protected Material**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without

prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.  Miscellaneous**

12.1   The Court may modify the protective order in the interests of justice or for public policy reasons.

12.2   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.  Final Disposition**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

- 14 -   3:16-cv-00463-BEN-JMA
Stipulated Protective Order

1  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
2  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
3  work product, and consultant and expert work product, even if such materials
4  contain Protected Material.  Any such archival copies that contain or constitute
5  Protected Material remain subject to this Protective Order as set forth in Section 4
6  (Duration).

IT IS SO ORDERED.

Dated:  October 21, 2016              _____
                                                      Hon. Jan M. Adler
                                                     United States Magistrate Judge

# Exhibit A

## Acknowledgment and Agreement to be Bound

    I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California in the case of *ViaSat, Inc. v. Acacia Communications, Inc.,* Case No. 16-CV-00463-BEN-JMA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____