UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,**<br>*a Delaware corporation,*<br><br>        Plaintiff<br>        and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,**<br>*a Delaware corporation,*<br><br>        Defendant<br>        and Counter Claimant | Case No. 3:16-cv-00463-BEN-JMA<br><br>**Order Amending the Protective Order**<br><br>Dis. Judge:  Hon. Roger T. Benitez<br>Hon. Magistrate Jan M. Adler<br><br>Case Initiated January 21, 2016 |

Upon Consideration of the Joint Motion to Amend Protective Order, filed by Defendant and counterclaimant Acacia Communications, Inc. and plaintiff and counterclaim defendant ViaSat, Inc., in the above-captioned matter, IT IS ORDERED that the Stipulated Protective Order (Dkt. 29) is hereby amended.  The following

provisions shall be incorporated into the Stipulated Protective Order (Dkt. 29) as paragraphs 14 and 15:

14. **Source Code**.  The Producing Party may designate documents, information, or things as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION," which shall mean litigation material of a Producing Party or of any non-parties that a Producing Party is permitted to produce in this litigation that constitutes or contains non-public Source Code.

(a) "**Source Code**" shall mean source code and object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator). For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

(b) Materials designated as "CONFIDENTIAL SOURCE CODE— ATTORNEY'S EYES ONLY INFORMATION," shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. **SOURCE CODE QUALIFIED PERSONS** include the following: (1) Outside Counsel of Record as necessarily incident to the litigation; (2) the Court and its personnel; (4) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this matter; (5) the author or recipient of a document containing the information; (6) Experts of the Receiving Party who have complied with the requirements of 7.3 and 7.4 of this Protective Order, exclusive of designated employee experts of either Party; and (7) personnel of Outside Counsel of Record or a Professional Vendor as necessary to set up the source code for inspection as detailed herein.

(c) Source Code shall be provided with the following additional protections:

(i)  Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

(ii)  Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

(iii)  Access to Source Code shall be provided on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any storage device other than the internal hard disk drive of the computer). The stand-alone computer shall run a reasonably current version of an operating system such as Apple OS X, Microsoft Windows, Linux, or Sun OS.  The stand-alone computer shall be kept in a secure location at the offices of the Producing Party's Outside Counsel of Record, or at such other location as the Producing Party and Receiving Party mutually agree. Each stand-alone secure computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The Producing Party shall produce Source Code in a format that is easily readable and that is searchable using the tools installed on the stand-alone computer. The stand-alone computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. These tools shall not have the ability to compile or run the code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the stand-alone computer.

(iv)  The Receiving Party shall be permitted to access to the stand-alone secure computer during normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the

3

reviewing location. Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computer outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's Outside Counsel of Record shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this litigation. The parties reserve their rights to request access to the Source Code at the site of any hearing or trial. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the stand alone secure computer.

(v) All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under paragraph 14(B) of this Protective Order. The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code on the stand-alone secure computer. For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least one business day (and at least 24 hours) notice to the Producing Party of such review.

(vi) No person other than the Producing Party may alter, dismantle, disassemble or modify the stand-alone computer in any way, or attempt to circumvent any security feature of the computer.

(vii)   No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computers, except for: (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraphs 14(C)(ix)-(x) of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order. No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, or devices with camera functionalities shall be used in the same room as the stand-alone computers. The Producing Party may exercise personal supervision from outside the review room over the Receiving Party when the Receiving Party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screens of the stand-alone computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the receiving party. There will be no video supervision by any Producing Party.

(viii)   Nothing may be removed from the stand-alone computers, either by the Receiving Party or at the request of the Receiving Party, except for (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraphs 14(C)(ix)-(x) of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.

(ix)   The Producing Party shall provide the Receiving Party with a stand-alone printer to print excerpts of the Producing Party's Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product.  At the end of each day of review of Source Code, the Producing Party shall collect all printed pages from

the Receiving Party.  Three (3) business days later, the Producing Party shall either provide one (1) hard copy print out of the Source Code printed by the Receiving Party or, if the Producing Party objects in any manner to the production of the requested Source Code (*e.g.*, the request is too voluminous), it shall state its objection within five (5) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the court.  For the avoidance of doubt, the Receiving Party shall not use the Producing Party's provided printer to print anything other than unmodified excerpts of the Producing Party's source code.

(x)    Hard copy print outs of Source Code shall be provided on bates numbered and watermarked or colored paper that does not unreasonably impact the legibility of the Source Code printed on them, clearly labeled CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Counsel of Record or SOURCE CODE QUALIFIED PERSONS in a secured locked area. The Receiving Party may also temporarily keep the print outs at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with any proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the print outs (*e.g.*, a hotel prior to a court proceeding or deposition). The Receiving Party shall exercise due care in maintaining the security of the print outs at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

1         1.      The Receiving Party is permitted to make up to three (3) additional

2 hard copies for use at a deposition.  No Source Code shall be marked as an

3 exhibit to any deposition; instead, the deposition transcript shall identify the

4 exhibit by its production numbers.  At the conclusion of a deposition, the

5 Receiving Party shall be responsible for collecting and destroying all copies of

6 Source Code brought to or used at a deposition.

7         2.      The Receiving Party's counsel may attach the minimum number of

8 necessary copies, including scanned copies, of portions of Source Code

9 to court filings as necessary and in the manner required by the Court's

10 rules, procedures, and orders. To the extent portions of Source Code are

11 quoted in a court filing, either (1) the entire document will be stamped

12 and treated as CONFIDENTIAL SOURCE CODE—ATTORNEY'S

13 EYES ONLY INFORMATION; or (2) those pages containing quoted

14 Source Code will be separately stamped and treated as

15 CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY

16 INFORMATION.

17 (xi)    Nothing in this Protective Order shall be construed to limit how a

18 Producing Party may maintain material designated as CONFIDENTIAL

19 SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION.

20 (xii)   Outside Counsel of Record for the Receiving Party with custody of

21 CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY

22 INFORMATION shall maintain a source code log containing the

23 following information: (1) the identify of each person granted access to

24 the CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES

25 ONLY INFORMATION; and (2) the first date on which such access

26 was granted. Outside Counsel of Record for the Receiving Party will

27 produce, upon request, each such source code log to the Producing Party

28 within twenty (20) days of the final judgment in the litigation.

15.     No prejudice. The private parties agree that entering into this Protective Order Addendum is without prejudice to any party's rights to propose, request or otherwise move for different provisions relating to Source Code production in the litigation or any other litigation, action or proceeding.

IT IS SO ORDERED.

Dated:  February 27, 2017

Hon. Jan M. Adler
United States Magistrate Judge