UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., etc.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC., etc., et al.,<br><br>　　　　　　　　Defendants. | Case No.:  16cv463 BEN (JMA)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE [ECF No. 42]** |

　　　Presently before the Court is a Joint Motion for Determination of Discovery Dispute in which Plaintiff/Counter-defendant ViaSat, Inc. ("ViaSat") seeks to disclose certain technical documents produced by Defendant/Counter-claimant Acacia Communications, Inc. ("Acacia") to its consulting experts, ViaSat employees Sameep Dave and Fan Mo.  [ECF No. 42.]  As discussed further below, ViaSat's request is DENIED.

**A.　Background**

　　　Under the terms of the Stipulated Protective Order ("Protective Order") entered by the Court on October 21, 2016, "[E]ach party may designate one employee to serve as a consulting Expert, and that designated employee Expert

shall be bound by the same provisions governing Experts as set forth elsewhere in this Order." (Protective Order, § 2.6 [ECF No. 29].) The parties subsequently stipulated to increase the number of designated employee experts to three. (Joint Motion at 2, 10 n.1.) The Protective Order provides for two levels of designated protected material: "Confidential" and "Highly Confidential−Attorneys' Eyes Only" material. (Protective Order, § 2.13.) A designation that material is "Confidential" requires that the disclosure of such information "would reasonably risk harming the Designating Party's competitive position, or that of any third party that is not a party to this litigation." (Id., § 2.2.) Material designated as "Highly Confidential−Attorneys' Eyes Only" ("AEO material") is "extremely sensitive" confidential information, the disclosure of which to another party or non-party "would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Id., § 2.7.)

      Information designated as "Confidential" may be disclosed to experts of the receiving party if (1) "disclosure is reasonably necessary for this litigation" and (2) the expert has signed an "Acknowledgment and Agreement to Be Bound." (Id., § 7.2(c).) A receiving party may disclose AEO material to its experts only if (1) and (2) above are satisfied, and if (3) the procedures set forth in section 7.4(a) have been followed. (Id., § 7.3(b).) Section 7.4(a) requires the receiving party to make a written request to the designating party identifying the general categories of AEO material sought to be disclosed to the expert, and to identify the expert by providing the expert's name, address, resume, employer, previous clients, and other litigation in which the expert has offered testimony. (Id., § 7.4(a).) A party that makes a request to disclose AEO material and provides the information specified in section 7.4(a) may disclose the subject material to the identified designated expert unless, within sixteen (16) days of delivering the request, the party receives a written objection from the designating party. (Id., § 7.4(b).)

On December 23, 2016, ViaSat made a written request to disclose Acacia's "Trade Secret Information" to employees Sameep Dave and Fan Mo, ViaSat's Chief Technology Officer and Technical Director, respectively, designated by ViaSat as its employee consultant experts under Section 2.6 of the Protective Order. (Joint Motion at 2, 11.) Acacia did not object to this disclosure "because those individuals had already seen that information, inasmuch as it was in effect a list of the trade secrets Acacia accused ViaSat of having already misappropriated." (Id. at 11.) On January 3, 2017, ViaSat made a written request to disclose to Mr. Dave and Ms. Mo certain Acacia documents bearing Production Nos. ACI000001-146. (Id.) The parties, after meeting and conferring, reached an agreement regarding Production Nos. ACI000001-02, but Acacia objected to the disclosure of Production Nos. ACI000003-146, Acacia's "Technical Specifications," to Dave and Mo due to the "sensitive nature of this material, the parties' direct competitor status, and the cross allegations of trade secret misappropriation." (Id. at 2, 11.) Acacia offered to provide redacted copies of the documents to be shown to Dave and Mo, but ViaSat was not agreeable to Acacia's proposed redactions. (Id. at 2-3, 7-9.) Under the terms of the Protective Order, ViaSat's counsel of record, in-house counsel, and outside expert would have access to the documents in their entirety. (Id. at 2, 15.)

The Protective Order provides that any motion seeking to make a disclosure to an identified designated expert over the other party's objection must "set forth in detail the reasons why the disclosure to the Designated Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk." (Protective Order, § 7.4(c).) "The Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert." (Id.)

B.  Discussion

ViaSat argues that the parties agreed to each designate consulting employee experts because those intimately familiar with the technology and products in question are best suited to assess the "very technically complicated evidence" in this litigation, and thus its designated employee experts must be permitted to view the AEO documents in dispute.  ViaSat further contends Acacia cannot prohibit Dave and Mo from seeing the documents without identifying reasons that specifically relate to these employees.  (Joint Motion at 3.)  Under the Protective Order, Confidential or AEO materials may not be provided to any expert unless (1) disclosure is reasonably necessary and (2) the expert has signed the specified Acknowledgment.  (Protective Order, §§ 7.2(c), 7.3(b).)  The disclosure of AEO materials requires additional steps:  the procedures of Section 7.4(a), requiring information identifying and relating to the expert, must be followed, and the designating party must not object to disclosure to the expert within sixteen (16) days of the request.  (Id., §§ 7.3(b), 7.4(b).)  Here, Acacia objected to the disclosure of the AEO materials to Dave and Mo, as it is permitted to do under the Protective Order.  Contrary to ViaSat's assertions, there is nothing in the Protective Order requiring objections to be based upon the expert identification factors set forth in section 7.4(a), nor requiring them to be employee-specific.  In other words, Acacia's objection to the AEO materials being disclosed to Dave and Mo was permissible under the Protective Order even though its objections would arguably apply to any employee of ViaSat.  As Acacia observes, "While the parties contemplated in [Protective Order] § 2.6 that designated employees might see some AEO material, § 7.4 mandates that requests for disclosure of AEO materials to designated employees be made and assessed on a case-by-case basis, depending on the category of information sought to be disclosed."  (Joint Motion at 12 (citing Protective Order, § 7.4).)

ViaSat further contends that Acacia should be estopped from objecting to

the disclosure of the disputed AEO materials to Dave and Mo, as doing so conflicts with Acacia's previous conduct.  Specifically, ViaSat claims that Acacia disclosed ViaSat's AEO material to its own consultant employee experts without ViaSat's knowledge.  (Joint Motion at 2, 5-6.)  The exact circumstances of this prior occurrence are not clear to the Court, but assuming *arguendo* ViaSat's rendition of events is accurate, this neither bears upon the present situation, nor has ViaSat brought this matter before the Court.  Moreover, that the parties previously agreed to allow the disclosure of certain materials to each other's consulting experts does not constitute a waiver of either party's right to object to the disclosure of AEO material.  The Court therefore finds that Acacia's prior conduct does not preclude it from objecting to the disclosure of its AEO materials.

      Having determined that Acacia could properly object to disclosure of its AEO materials to Dave and Mo under the terms of the Protective Order, the Court must consider whether Acacia's objections should be sustained.  The terms of the Protective Order require the party seeking to disclose AEO material to "set forth in detail the reasons why disclosure to the Designated Expert is reasonably necessary." (Protective Order, § 7.4(c)).  ViaSat contends that provision of the disputed AEO documents to its outside counsel, in-house counsel, and retained expert, but not to its consultant employee experts, "misses the point" because its counsel and retained expert lack the in-depth knowledge of ViaSat's "SDFEC[1] Core" technology that Dave and Mo possess.  (Joint Motion at 4-5.)  ViaSat, however, has not provided an affidavit or any other support for this assertion.  Again, ViaSat has not provided an affidavit supporting its asserted need to disclose the subject AEO materials to its designated employee experts.  Even if it had, the party opposing disclosure of AEO material can counter the

---

[1] "SDFEC" stands for soft decision forward error correction.

1  other party's stated need by demonstrating "the risk of harm that the disclosure
2  would entail . . . outweighs the Receiving Party's needs to disclose the Protected
3  Material to its Expert." (Protective Order, § 7.4(c); see also Fed. R. Civ. P.
4  26(b)(1) (setting forth factors to be considered in determining scope of discovery
5  permitted); Fed. R. Civ. P. 26(c)(1) (issuance of protective orders by court).)
6  Here, Acacia objects to the disclosure of its Technical Specifications to Dave and
7  Mo because "they are the very in-house engineers charged with developing
8  ViaSat's competing products." (Joint Motion at 14.) Acacia contends the risk
9  that Dave and Mo could, whether consciously or otherwise, implement changes
10 in ViaSat's competing products suggested to them by Acacia's trade secrets
11 substantially outweighs any arguable need for disclosure. (Id. at 15.) Acacia
12 supports its assertion with a declaration from Gary Martin, System Architect at
13 Acacia. According to Martin, Acacia's Technical Specifications include
14 proprietary, confidential, and undisclosed trade secrets of designs independently
15 developed by Acacia and not known to ViaSat. (Martin Decl., ¶¶ 8-10.) ViaSat
16 provides no evidence to refute Martin's assertions. "The disclosure of
17 confidential information on an 'attorneys' eyes only' basis is a routine feature of
18 civil litigation involving trade secrets." Paycom Payroll, LLC v. Richison, 758
19 F.3d 1198, 1202 (10th Cir. 2014) (citation omitted). "The purpose of this form of
20 limited disclosure is to prevent a party from viewing the sensitive information
21 while nevertheless allowing the party's lawyers to litigate on the basis of that
22 information." Id. at 1202-03.

**C.   Conclusion**

For the reasons set forth above, ViaSat's request to disclose Acacia's
Technical Specifications, Production Nos. ACI000003-146, to its consulting
//
//
//

experts, ViaSat employees Sameep Dave and Fan Mo, is DENIED.

**IT IS SO ORDERED**.

Dated:  March 2, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge