WOLF, GREENFIELD & SACKS, P.C.
   Michael A. Albert (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 558566
   malbert@wolfgreenfield.com
   Hunter D. Keeton (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 660609
   hkeeton@wolfgreenfield.com
   Stuart V. C. Duncan Smith (Admitted Pro Hac Vice)
   Mass. B.B.O No. 687976
   sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   Victor M. Felix (SBN: 179622)
   victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,**<br>*a Delaware corporation,*<br><br>        Plaintiff<br>        and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,**<br>*a Delaware corporation,*<br><br>        Defendant<br>        and Counter Claimant | Case No. 3:16-cv-00463-BEN-JMA<br><br>**ACACIA COMMUNICATIONS, INC.'S MOTION TO FILE UNDER SEAL DOCUMENTS ASSOCIATED WITH ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler<br><br>Date: February 20, 2018<br>Time: 10:30 a.m.<br>Courtroom: 5A |

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), the Stipulated Protective Order § 1 (Dkt. No. 29), and Magistrate Judge Adler's Chamber Rules at 3, defendant and counter claimant Acacia Communications, Inc. ("Acacia") submits this motion to file under seal portions of the Memorandum of Points and Authorities in Support of Acacia Communication, Inc.'s Motion for Partial Summary Judgment Regarding Damages ("Acacia's Memorandum") and certain of the exhibits attached to the Declaration of Stuart V. C. Duncan Smith in support of that motion.

## ARGUMENT

Certain limited portions of Acacia's Memorandum and certain of the exhibits attached to the Declaration of Stuart V. C. Duncan Smith in support of that motion contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Acacia seeks to seal the following documents:

a. Portions of Acacia's Memorandum, which contains information that ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential business and financial information of both ViaSat and Acacia regarding product sales, royalty and other payments, contractual obligations, and the value of the technology and products at issue in this case.

b. <u>Exhibit 2</u> attached thereto, which is a copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA, dated October 27, 2017, with Corrected Designation dated October 30, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only and information that is Third Party Highly Confidential. <u>Exhibit 2</u> contains

confidential business and financial information from both parties regarding product sales, royalty and other payments, and the value of the technology and products at issue in this case. It also cites to documents produced by third parties in the course of this litigation.

c. Exhibit 3 attached thereto, which is a copy of the Nondisclosure Agreement between ViaSat and Acacia dated June 10, 2009, attached to an email from Ted Gammell dated June 11, 2009, entered as Deposition Exhibit No. 85, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 3 is an agreement which contains confidential information related to the parties' business relationship and business practices with respect to confidential information.

d. Exhibit 5 attached thereto, which is a copy of Cord, Aurora, Gemini, and Polo Payments, entered as Deposition Exhibit No. 101 with attached letter from Amy M. Bailey on October 25, 2017 resending the document with a corrected confidentiality designation, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 5 contains confidential financial information related to payments to ViaSat for the Cord project and from third parties related to various other projects.

e. Exhibit 6 attached thereto, which is a copy of an email from Russell Fuerst, dated May 25, 2009, entered as Deposition Exhibit No. 347, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 6 is a Rough Order of Magnitude Schedule, Budgetary, and Resource Estimate provided by ViaSat and contains business, financial, and technical information that ViaSat identified as confidential.

f. Exhibit 7 attached thereto, which is a copy of excerpts of the condensed transcript of the November 30, 2017 deposition of Stephen D. Prowse, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 7 contains discussion of the Exhibit 6 Rough

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Partial Summary Judgment Regarding Damages    Case No. 3:16-CV-00463-BEN-JMA

2

        Order of Magnitude Schedule, Budgetary, and Resource Estimate as well as the business and financial information contained therein.

g. Exhibit 8 attached thereto, which is a copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin, dated November 21, 2017, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 8 contains confidential business, financial, and technical information from both parties related to sales of the accused products, royalty and other payments, and the value of the technology and products at issue in this case.

h. Exhibit 9 attached thereto, which is a copy of an email from Christian Rasmussen, dated September 10, 2013, entered as Deposition Exhibit No. 675, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 9 is an email discussing the parties' financial information and prospective technical work and business negotiations.

i. Exhibit 10 attached thereto, which is copy of ViaSat's Second Set of Supplemental Responses to Acacia's Interrogatory Nos. 23 and 24, dated September 6, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 10 contains information that ViaSat identified as confidential information related to ViaSat's purported development and disclosure of the technology included in its alleged trade secrets.

j. Exhibit 11 attached thereto, which is a copy of Acacia Communications, Product Family and Product Gross Margin Summary for the Quarter Ending June 2017, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 11 contains detailed information about Acacia's product revenue, costs, and margin for its various products and product families.

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Partial Summary Judgment Regarding Damages    Case No. 3:16-CV-00463-BEN-JMA

3

Acacia will electronically file a public version of Acacia's Memorandum with the confidential information redacted. Therefore, this request is narrowly tailored to protect only the information that is confidential.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts must ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3-4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-023 72, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury").

Good cause to file under seal exists because the information Acacia seeks to seal has been identified as confidential by Acacia, ViaSat, and third parties. Publicly filing the information would prejudice Acacia and ViaSat by revealing technical and financial information that could be used for competitive advantage outside of this case. Therefore, there is good cause to seal this information.

## **CONCLUSION**

For the foregoing reasons, Acacia respectfully requests that the Court seal the portions of Acacia's Memorandum and the documents listed above. A Proposed

Order will be emailed to efile_benitez@casd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated:  January 17, 2018

Respectfully Submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: */s/ Michael A. Albert*
Michael A. Albert
Hunter D. Keeton
Stuart V. C. Duncan Smith

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Partial Summary Judgment Regarding Damages

Case No. 3:16-CV-00463-BEN-JMA

5

## **CERTIFICATE OF SERVICE**

I certify that today I served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.

Date: January 17, 2018            */s/ Michael A. Albert*
                                  Michael A. Albert

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Partial Summary Judgment Regarding Damages     Case No. 3:16-CV-00463-BEN-JMA

6