# EXHIBIT 4

FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    kfitzgerald@fitzgeraldknaier.com
    Keith M. Cochran, Esq. (SBN: 254346)
    kchochran@fitzgeraldknaier.com
550 West C Street, Suite 2000
San Diego, California, 92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318


WARREN LEX LLP
    Matthew S. Warren, Esq. (SBN: 230565)
    16-463@cases.warrenlex.com
    Patrick M. Shields, Esq. (SBN: 204739)
    16-463@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California, 94114
Tel:  (415) 895-2940
Fax:  (415) 895-2964

Attorneys for Plaintiff and Counter Defendant
ViaSat, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,**<br>*a Delaware corporation,*<br><br><br>Plaintiff<br>and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,**<br>*a Delaware corporation,*<br><br>Defendant<br>and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ViaSat, Inc.'s Responses and Objections to Acacia Communications, Inc.'s First Set of Requests for Admission**<br><br>Dist. Judge: Hon. Roger T. Benitez<br>Hon. Magistrate Jan M. Adler<br><br>Case Initiated: January 21, 2016 |

Exhibit 4
Page 94

*ViaSat v. Acacia,* 3:16-00463-BEN-JMA
ViaSat's Responses and Objections to Acacia's Requests for Admission (Set 1)

| | |
|---|---|
| **Requesting Party:** | **Acacia Communications, Inc.** |
| **Responding Party:** | **ViaSat, Inc.** |
| **Set:** | **One** |

### Responses to Requests for Admission

**REQUEST NO. 1**

Admit that Delaware contract law applies to the interpretation of the Agreement.

**RESPONSE TO REQUEST NO. 1**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive. ViaSat also objects to the request as vague and ambiguous. ViaSat also objects to the request on grounds that it calls for speculation and presents an incomplete hypothetical. ViaSat also objects to the request on grounds that it calls for expert testimony or a legal opinion.

Subject to, and without waiver of, the foregoing objections, ViaSat responds: admitted.

**REQUEST NO. 2**

Admit that Delaware trade secret law applies to the parties' trade secret claims.

**RESPONSE TO REQUEST NO. 2**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive. ViaSat also objects to the request as vague and ambiguous. ViaSat also objects to the request on grounds that it calls for speculation and presents an incomplete hypothetical. ViaSat also objects to the request on grounds that it calls for expert testimony or a legal opinion.

1   **REQUEST NO. 3**

2       Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

3   Secret No. 1 to Acacia, or anyone associated with Acacia, on or before June 10,

4   2011.

5   **RESPONSE TO REQUEST NO. 3**

6       ViaSat objects to the request as overbroad, unduly burdensome, and

7   oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

8   objects to the request on grounds that it duplicates the subject matter of

9   Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

10

11  **REQUEST NO. 4**

12      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

13  Secret No. 1 to Acacia, or anyone associated with Acacia, after June 10, 2011.

14  **RESPONSE TO REQUEST NO. 4**

15      ViaSat objects to the request as overbroad, unduly burdensome, and

16  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

17  objects to the request on grounds that it duplicates the subject matter of

18  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

19

20  **REQUEST NO. 5**

21      Admit that ViaSat's Alleged Trade Secret No. 1 can be used with the DSP

22  Core.

23  **RESPONSE TO REQUEST NO. 5**

24      ViaSat objects to the request as overbroad, unduly burdensome, and

25  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

26  objects to the request on grounds that it calls for speculation and presents an

27  incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

28  for expert testimony or a legal opinion.

Exhibit 4
Page 96

- 2 -                    3:16-cv-00463-BEN-JMA
ViaSat's Responses and Objections to Acacia's Requests for Admission (Set 1)

**REQUEST NO. 6**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 2 to Acacia, or anyone associated with Acacia, on or before June 10, 2011.

**RESPONSE TO REQUEST NO. 6**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

**REQUEST NO. 7**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 2 to Acacia, or anyone associated with Acacia, after June 10, 2011.

**RESPONSE TO REQUEST NO. 7**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

**REQUEST NO. 8**

Admit that ViaSat's Alleged Trade Secret No. 2 can be used with the DSP Core.

**RESPONSE TO REQUEST NO. 8**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it calls for speculation and presents an

1   incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

2   for expert testimony or a legal opinion.

3

4   **REQUEST NO. 9**

5        Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

6   Secret No. 3 to Acacia, or anyone associated with Acacia, on or before June 10,

7   2011.

8   **RESPONSE TO REQUEST NO. 9**

9        ViaSat objects to the request as overbroad, unduly burdensome, and

10  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

11  objects to the request on grounds that it duplicates the subject matter of

12  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

13

14  **REQUEST NO. 10**

15       Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

16  Secret No. 3 to Acacia, or anyone associated with Acacia, after June 10, 2011.

17  **RESPONSE TO REQUEST NO. 10**

18       ViaSat objects to the request as overbroad, unduly burdensome, and

19  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

20  objects to the request on grounds that it duplicates the subject matter of

21  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

22

23  **REQUEST NO. 11**

24       Admit that ViaSat's Alleged Trade Secret No. 3 can be used with the DSP

25  Core.

26  **RESPONSE TO REQUEST NO. 11**

27       ViaSat objects to the request as overbroad, unduly burdensome, and

28  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

Exhibit 4
Page 98

- 4 -                                    3:16-cv-00463-BEN-JMA
ViaSat's Responses and Objections to Acacia's Requests for Admission (Set 1)

1    objects to the request on grounds that it calls for speculation and presents an

2    incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

3    for expert testimony or a legal opinion.

4

5    **REQUEST NO. 12**

6        Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

7    Secret No. 4 to Acacia, or anyone associated with Acacia, on or before June 10,

8    2011.

9    **RESPONSE TO REQUEST NO. 12**

10        ViaSat objects to the request as overbroad, unduly burdensome, and

11    oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

12    objects to the request on grounds that it duplicates the subject matter of

13    Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

14

15    **REQUEST NO. 13**

16        Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

17    Secret No. 4 to Acacia, or anyone associated with Acacia, after June 10, 2011.

18    **RESPONSE TO REQUEST NO. 13**

19        ViaSat objects to the request as overbroad, unduly burdensome, and

20    oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

21    objects to the request on grounds that it duplicates the subject matter of

22    Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

23

24    **REQUEST NO. 14**

25        Admit that ViaSat's Alleged Trade Secret No. 4 can be used with the DSP

26    Core.

27

28

1  **RESPONSE TO REQUEST NO. 14**

2      ViaSat objects to the request as overbroad, unduly burdensome, and

3  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

4  objects to the request on grounds that it calls for speculation and presents an

5  incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

6  for expert testimony or a legal opinion.

7

8  **REQUEST NO. 15**

9      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

10  Secret No. 5 to Acacia, or anyone associated with Acacia, on or before June 10,

11  2011.

12  **RESPONSE TO REQUEST NO. 15**

13      ViaSat objects to the request as overbroad, unduly burdensome, and

14  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

15  objects to the request on grounds that it duplicates the subject matter of

16  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

17

18  **REQUEST NO. 16**

19      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

20  Secret No. 5 to Acacia, or anyone associated with Acacia, after June 10, 2011.

21  **RESPONSE TO REQUEST NO. 16**

22      ViaSat objects to the request as overbroad, unduly burdensome, and

23  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

24  objects to the request on grounds that it duplicates the subject matter of

25  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

26

27

28

**REQUEST NO. 17**

Admit that ViaSat's Alleged Trade Secret No. 5 can be used with the DSP Core.

**RESPONSE TO REQUEST NO. 17**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it calls for speculation and presents an incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls for expert testimony or a legal opinion.

**REQUEST NO. 18**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 6 to Acacia, or anyone associated with Acacia, on or before June 10, 2011.

**RESPONSE TO REQUEST NO. 18**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

**REQUEST NO. 19**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 6 to Acacia, or anyone associated with Acacia, after June 10, 2011.

**RESPONSE TO REQUEST NO. 19**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

Exhibit 4
Page 101

**REQUEST NO. 20**

Admit that ViaSat's Alleged Trade Secret No. 6 can be used with the DSP Core.

**RESPONSE TO REQUEST NO. 20**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive. ViaSat also objects to the request as vague and ambiguous. ViaSat also objects to the request on grounds that it calls for speculation and presents an incomplete hypothetical. ViaSat also objects to the request on grounds that it calls for expert testimony or a legal opinion.


**REQUEST NO. 21**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 7 to Acacia, or anyone associated with Acacia, on or before June 10, 2011.

**RESPONSE TO REQUEST NO. 21**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive. ViaSat also objects to the request as vague and ambiguous. ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.


**REQUEST NO. 22**

Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 7 to Acacia, or anyone associated with Acacia, after June 10, 2011.

**RESPONSE TO REQUEST NO. 22**

ViaSat objects to the request as overbroad, unduly burdensome, and oppressive. ViaSat also objects to the request as vague and ambiguous. ViaSat also

1  objects to the request on grounds that it duplicates the subject matter of

2  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

3

4  **REQUEST NO. 23**

5      Admit that ViaSat's Alleged Trade Secret No. 7 can be used with the DSP

6  Core.

7  **RESPONSE TO REQUEST NO. 23**

8      ViaSat objects to the request as overbroad, unduly burdensome, and

9  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

10  objects to the request on grounds that it calls for speculation and presents an

11  incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

12  for expert testimony or a legal opinion.

13

14  **REQUEST NO. 24**

15      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

16  Secret No. 8 to Acacia, or anyone associated with Acacia, on or before June 10,

17  2011.

18  **RESPONSE TO REQUEST NO. 24**

19      ViaSat objects to the request as overbroad, unduly burdensome, and

20  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

21  objects to the request on grounds that it duplicates the subject matter of

22  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

23

24  **REQUEST NO. 25**

25      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

26  Secret No. 8 to Acacia, or anyone associated with Acacia, after June 10, 2011.

27

28

Exhibit 4
Page 103

**RESPONSE TO REQUEST NO. 25**

 ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

**REQUEST NO. 26**

 Admit that ViaSat's Alleged Trade Secret No. 8 can be used with the DSP Core.

**RESPONSE TO REQUEST NO. 26**

 ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it calls for speculation and presents an incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls for expert testimony or a legal opinion.

**REQUEST NO. 27**

 Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade Secret No. 9 to Acacia, or anyone associated with Acacia, on or before June 10, 2011.

**RESPONSE TO REQUEST NO. 27**

 ViaSat objects to the request as overbroad, unduly burdensome, and oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also objects to the request on grounds that it duplicates the subject matter of Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

1  **REQUEST NO. 28**

2      Admit that ViaSat first communicated or disclosed ViaSat's Alleged Trade

3  Secret No. 9 to Acacia, or anyone associated with Acacia, after June 10, 2011.

4  **RESPONSE TO REQUEST NO. 28**

5      ViaSat objects to the request as overbroad, unduly burdensome, and

6  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

7  objects to the request on grounds that it duplicates the subject matter of

8  Interrogatory No. 18 in Acacia's Second Set of Interrogatories.

9

10  **REQUEST NO. 29**

11      Admit that ViaSat's Alleged Trade Secret No. 9 can be used with the DSP

12  Core.

13  **RESPONSE TO REQUEST NO. 29**

14      ViaSat objects to the request as overbroad, unduly burdensome, and

15  oppressive.  ViaSat also objects to the request as vague and ambiguous.  ViaSat also

16  objects to the request on grounds that it calls for speculation and presents an

17  incomplete hypothetical.  ViaSat also objects to the request on grounds that it calls

18  for expert testimony or a legal opinion.

19

20  Dated:  July 31, 2017                    FITZGERALD KNAIER LLP

21                                           By: *s/ Keith Cochran*
                                             _____
22                                           Kenneth M. Fitzgerald, Esq.
                                             Keith M. Cochran, Esq.
23                                           - and -

24                                           WARREN LEX LLP
25                                           Matthew S. Warren, Esq.
                                             Patrick M. Shields, Esq.
26
                                             Attorneys for Plaintiff and Counter
27                                           Defendant ViaSat, Inc.

28

1 | *ViaSat, Inc. v. Acacia Communications, Inc.*

2 | U.S. District Court Case No.: 3:16-cv-00463-BEN-JMA

3 | **PROOF OF SERVICE**

4 | I, the undersigned, say: I am over 18 years of age, employed in the County of

5 | San Francisco, California, in which county the within-mentioned service occurred;

6 | and that I am not a party to the subject cause. My business address is 2261 Market

7 | Street, No. 606, San Francisco, California, 94114.

8 | On July 31, 2017, I served the following document(s):

9 |
10 | 1.  **ViaSat, Inc.'s Responses and Objections to Acacia Communications, Inc.'s First Set of Requests for Admission.**

11 | to each of the addressees named hereafter as follows:

12 | **Co-Counsel for Plaintiff and Counter Defendant ViaSat, Inc.**

13 | Kenneth M. Fitzgerald, Esq.
14 | Keith M. Cochran, Esq.
   | 550 West C Street, Suite 2000 San Diego, California, 92101
15 | Tel: (619) 241-4810  Fax: (619) 955-5318
16 | kfitzgerald@fitzgeraldknaier.com
   | kchochran@fitzgeraldknaier.com
17 |

18 | **Counsel for Defendant and Counter Claimant Acacia Communications, Inc.**

19 | Michael Albert, Esq.
20 | Hunter Keeton, Esq.
   | Marie A. McKiernan, Esq.
21 | Austin L. Steelman, Esq.
22 | Daniel G. Rudoy, Esq.
   | Thomas A. Franklin, Esq.
23 | Stuart Duncan Smith, Esq.
24 | WOLF, GREENFIELD & SACKS, P.C.
   | 600 Atlantic Avenue
25 | Boston, MA 02210
26 | Tel: (617) 646-8000

27 |

28 |

Exhibit 4
Page 106

- 1 -

3:16-cv-00463-BEN-JMA
Proof of Service

Fax:    (617) 646-8646
Email: malbert@wolfgreenfield.com
        hkeeton@wolfgreenfield.com
        mmckiernan@wolfgreenfield.com
        asteelman@wolfgreenfield.com
        drudoy@wolfgreenfield.com
        tfranklin@wolfgreenfield.com
        sduncansmith@wolfgreenfield.com
        wgs-viasat_v._acacia@wolfgreenfield.com

Victor M. Felix, Esq.
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 515-3229
Fax: (619) 744-5409
Email: victor.felix@procopio.com

**BY ELECTRONIC FILING.** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to the electronic service through the Court's transmission facilities. Under said practice, the above-parties were served via CM/ECF.

**BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Federal Rule of Civil Procedure § 5(b)(2)(B).

**BY FAX.** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Federal Rule of Civil Procedure § 5(b)(2)(D).

**BY PERSONAL SERVICE.** I caused said document(s) to be hand delivered to the addressee(s) pursuant to Federal Rule of Civil Procedure § 5(b)(2)(A).

Exhibit 4
Page 107

- 2 -

3:16-cv-00463-BEN-JMA
Proof of Service

**BY OVERNIGHT DELIVERY.** I deposited said document(s) in a box or other facility regularly maintained by an express service carrier providing overnight.

☒ **BY EMAIL.** The document stated herein was transmitted by email and the transmission was reported as complete and without error. A transmission report was properly issued indicating the date and time of receipt of the transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed July 31, 2017.

_____
Amy M. Bailey

Exhibit 4
Page 108

- 3 -                    3:16-cv-00463-BEN-JMA
                              Proof of Service