WOLF, GREENFIELD & SACKS, P.C.
   Michael A. Albert (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 558566
   malbert@wolfgreenfield.com
   Hunter D. Keeton (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 660609
   hkeeton@wolfgreenfield.com
   Stuart V. C. Duncan Smith (Admitted Pro Hac Vice)
   Mass. B.B.O No. 687976
   sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   Victor M. Felix (SBN: 179622)
   victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,** *a Delaware corporation,*<br><br>        Plaintiff and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,** *a Delaware corporation,*<br><br>        Defendant and Counter Claimant | Case No. 3:16-cv-00463-BEN-JMA<br><br>**ACACIA COMMUNICATIONS, INC.'S MOTION TO FILE UNDER SEAL DOCUMENTS ASSOCIATED WITH ITS MOTION FOR SUMMARY JUDGMENT REGARDING NO LIABILITY**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler<br><br>Date: February 26, 2018<br>Time: 10:30 a.m.<br>Courtroom: 5A |

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), the Stipulated Protective Order § 1 (Dkt. No. 29), and Magistrate Judge Adler's Chamber Rules at 3, defendant and counter claimant Acacia Communications, Inc. ("Acacia") submits this motion to file under seal portions of the Memorandum of Points and Authorities in Support of Acacia Communication, Inc.'s Motion for Summary Judgment Regarding No Liability ("Acacia's Memorandum") and certain of the exhibits attached to the Declaration of Stuart V. C. Duncan Smith in support of that motion.

## ARGUMENT

Certain limited portions of Acacia's Memorandum and certain of the exhibits attached to the Declaration of Stuart V. C. Duncan Smith in support of that motion contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Acacia seeks to seal the following documents:

a. Portions of Acacia's Memorandum, which contains information that ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential business and financial information of both ViaSat and Acacia regarding product sales, royalty and other payments, contractual obligations, and the value of the technology and products at issue in this case.

b. <u>Exhibit 2</u> attached thereto, which is a copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA, dated October 27, 2017, with Corrected Designation dated October 30, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only and information that is Third Party Highly Confidential.  <u>Exhibit 2</u> contains

confidential business and financial information from both parties regarding product sales, royalty and other payments, and the value of the technology and products at issue in this case. It also cites to documents produced by third parties in the course of this litigation.

    c. Exhibit 5 attached thereto, which is a copy of Cord, Aurora, Gemini, and Polo Payments, entered as Deposition Exhibit No. 101 with attached letter from Amy M. Bailey on October 25, 2017 resending the document with a corrected confidentiality designation, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 5 contains confidential financial information related to payments to ViaSat for the Cord project and from third parties related to various other projects.

    d. Exhibit 6 attached thereto, which is a copy of an email from Russell Fuerst, dated May 25, 2009, entered as Deposition Exhibit No. 347, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 6 is a Rough Order of Magnitude Schedule, Budgetary, and Resource Estimate provided by ViaSat and contains business, financial, and technical information that ViaSat identified as confidential.

    e. Exhibit 8 attached thereto, which is a copy of a copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin, dated November 21, 2017, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 8 contains discussion of business and financial information that Acacia has identified as confidential including information regarding royalties paid by Acacia and sales of Acacia's accused products.

    f. Exhibit 13 attached thereto, which is a copy of an email from Christian Rasmussen to Russell Fuerst, dated November 19, 2009, with Exhibit A to the IP Core Development and License Agreement between ViaSat and Acacia attached, and contains information that Acacia has designated as

Acacia Communications, Inc.'s Motion to File Under Seal Documents
Associated with its Motion for Summary Judgment Regarding No Liability

Case No. 3:16-CV-00463-BEN-JMA

2

|   |   |
|---|---|
| 1 | Highly Confidential – Attorneys' Eyes Only.  <u>Exhibit 13</u> contains technical |
| 2 | information from both parties that Acacia has identified as confidential. |
| 3 | g. <u>Exhibit 14</u> attached thereto, which is a copy of the Rebuttal Report of |
| 4 | Professor Ivan Djordjevic, Ph.D., dated November 21, 2017, and contains |
| 5 | information that ViaSat has designated as Highly Confidential – Attorneys' |
| 6 | Eyes Only.  <u>Exhibit 14</u> contains discussion of Acacia's alleged trade secrets |
| 7 | and ViaSat's accused products as well as technical information that ViaSat |
| 8 | has identified as confidential. |
| 9 | h. <u>Exhibit 15</u> attached thereto, which is a copy of the Expert Report of Dr. |
| 10 | Alexander Vardy, dated November 21, 2017, and contains information that |
| 11 | Acacia has designated as Highly Confidential – Attorneys' Eyes Only. |
| 12 | <u>Exhibit 15</u> contains discussion of ViaSat's alleged trade secrets and Acacia's |
| 13 | accused products as well as technical information that Acacia has identified |
| 14 | as confidential. |
| 15 | i. <u>Exhibit 16</u> attached thereto, which is a copy of the Opening Expert Report |
| 16 | of Professor Krishna Narayanan, Ph.D., dated October 27, 2017, and |
| 17 | contains information that ViaSat has designated as Highly Confidential – |
| 18 | Attorneys' Eyes Only.  <u>Exhibit 16</u> contains discussion of ViaSat's alleged |
| 19 | trade secrets and Acacia's accused products as well as technical information |
| 20 | that ViaSat has identified as confidential. |
| 21 | j. <u>Exhibit 17</u> attached thereto, which is a copy of excerpts of the condensed |
| 22 | transcript of the August 10, 2017 deposition of Gary D. Martin, Ph.D., and |
| 23 | contains information that Acacia has designated as Highly Confidential – |
| 24 | Attorneys' Eyes Only.  <u>Exhibit 17</u> contains discussion of ViaSat's alleged |
| 25 | trade secrets and Acacia's accused products as well as technical and business |
| 26 | information that Acacia has identified as confidential. |
| 27 | k. <u>Exhibit 18</u> attached thereto, which is a copy of excerpts of the condensed |
| 28 | transcript of the August 9, 2017 deposition of Pierre A. Humblet, Ph.D., and |

contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 18 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products and their design as well as technical and business information that Acacia has identified as confidential.

l. Exhibit 19 attached thereto, which is a copy of excerpts of the condensed transcript of the October 11, 2017 deposition of Christian J. Rasmussen, Ph.D., and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 19 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical and business information that Acacia has identified as confidential.

m. Exhibit 20 attached thereto, which is a copy of excerpts of the condensed transcript of the September 28, 2017 deposition of Bhupendra Shah, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 20 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical, business, and financial information that Acacia has identified as confidential.

n. Exhibit 21 attached thereto, which is a copy of ViaSat's Amended Trade Secret Identification, dated October 25, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 21 contains discussion of ViaSat's alleged trade secrets which constitute technical information that ViaSat has identified as confidential.

o. Exhibit 22 attached thereto, which is a copy of excerpts of the condensed transcript of the September 12, 2017 deposition of Sameep Dave with attached errata sheet, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 22 contains discussion of ViaSat's alleged trade secrets as well as business and technical information that ViaSat has identified as confidential.

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Summary Judgment Regarding No Liability

Case No. 3:16-CV-00463-BEN-JMA

4

1  p. <u>Exhibit 23</u> attached thereto, which is a copy of excerpts of the condensed transcript of the September 13, 2017 deposition of Lawrence Esker, and which ViaSat has designated Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 23</u> contains discussion of ViaSat's alleged trade secrets as well as technical and business information that ViaSat has identified as confidential.

2  q. <u>Exhibit 24</u> attached thereto, which is a copy of the Expert Report of Dr. Richard W. Koralek, dated November 21, 2017, and contains information that ViaSat and Acacia have designated as Confidential Source Code – Attorneys' Eyes Only Information. <u>Exhibit 24</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential including source code from both ViaSat and Acacia.

3  r. <u>Exhibit 26</u> attached thereto, which is a copy of the Opening Report of Dr. Marwan Hassoun, dated October 27, 2017, and contains information that ViaSat has designated as Confidential Source Code – Attorneys' Eyes Only Information. <u>Exhibit 26</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat has identified as confidential including source code from both ViaSat and Acacia.

4  s. <u>Exhibit 27</u> attached thereto, which is a copy of excerpts of the condensed transcript of the August 8, 2017 deposition of Lawrence S. Pellach, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 27</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical and business information that Acacia has identified as confidential.

5  t. <u>Exhibit 28</u> attached thereto, which is a copy of an email from Jane Smith, dated August 1, 2010, entered as Deposition Exhibit No. 329, and contains information that ViaSat has designated as Highly Confidential – Attorneys'

Eyes Only.  <u>Exhibit 28</u> contains ViaSat's technical and business information related to the CORD project.

u. <u>Exhibit 29</u> attached thereto, which is a copy of an email from Ted Gammell to Bhupen Shah, dated September 23, 2009, with an attached draft of the IP Core Development and License Agreement, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 29</u> contains confidential business negotiations and business information of the parties that Acacia has identified as confidential.

v. <u>Exhibit 30</u> attached thereto, which is a copy of excerpts of the condensed transcript of the July 26, 2017 deposition of Russell Fuerst with attached errata sheet, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only.  <u>Exhibit 30</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as business and financial information that ViaSat has identified as confidential.

w. <u>Exhibit 33</u> attached thereto, which is a copy of excerpts of the condensed transcript of the December 8, 2017 deposition of Dr. Krishna Narayanan with attached errata sheet, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only.  <u>Exhibit 33</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential.

x. <u>Exhibit 34</u> attached thereto, which is a copy of an email from Bhupen Shah to Russell Fuerst, dated October 21, 2009, with an attached draft of the IP Core Development and License Agreement, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 34</u> contains confidential business negotiations and business information of the parties that Acacia has identified as confidential.

  y. <u>Exhibit 35</u> attached thereto, which is a copy of an email from Russell Fuerst to Bhupen Shah, dated October 20, 2009, with an attached draft of the IP Core Development and License Agreement, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 35</u> contains confidential business negotiations and business information of the parties that Acacia has identified as confidential.

  z. <u>Exhibit 36</u> attached thereto, which is a copy of excerpts of the condensed transcript of the July 27, 2017 deposition of Ted Gammell, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 36</u> contains discussion of ViaSat's alleged trade secrets as well as business and financial information that ViaSat has identified as confidential.

  aa. <u>Exhibit 37</u> attached thereto, which is a copy of ViaSat's Trade Secret Identification, dated October 21, 2016, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 37</u> contains discussion of ViaSat's alleged trade secrets which constitute technical information that ViaSat has identified as confidential.

  bb. <u>Exhibit 38</u> attached thereto, which is a copy of excerpts of the condensed transcript of the December 6, 2017 deposition of Marwan Hassoun, Ph.D. , and contains information that ViaSat and Acacia have designated as Confidential Source Code – Attorneys' Eyes Only Information. <u>Exhibit 38</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential including the parties' source code.

  cc. <u>Exhibit 39</u> attached thereto, which is a copy of the Supplemental Report of Professor Krishna Narayanan, Ph.D., dated November 8, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 39</u> contains discussion of ViaSat's alleged trade secrets

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Summary Judgment Regarding No Liability

Case No. 3:16-CV-00463-BEN-JMA

7

and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential.

    dd. Exhibit 40 attached thereto, which is a copy of excerpts of the condensed transcript of the December 4, 2017 deposition of Paul R. Prucnal, Ph.D. with attached errata sheet, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 40 contains discussion of Acacia's alleged trade secrets and ViaSat's accused products as well as technical information that Acacia has identified as confidential.

    ee. Exhibit 41 attached thereto, which is a copy of excerpts of the condensed transcript of the December 12, 2017 deposition of Ivan Djordjevic, Ph.D., and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 41 contains discussion of Acacia's alleged trade secrets and ViaSat's accused products as well as technical information from both parties that ViaSat has identified as confidential.

Acacia will electronically file a public version of Acacia's Memorandum with the confidential information redacted. Therefore, this request is narrowly tailored to protect only the information that is confidential.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts must ensure that their records are not used "as

sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3-4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-023 72, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury").

Good cause to file under seal exists because the information Acacia seeks to seal has been identified as confidential by Acacia, ViaSat, and third parties. Publicly filing the information would prejudice Acacia, ViaSat, and third parties by revealing technical and financial information that could be used for competitive advantage outside of this case. Therefore, there is good cause to seal this information.

## CONCLUSION

For the foregoing reasons, Acacia respectfully requests that the Court seal the portions of Acacia's Memorandum and the documents listed above. A Proposed Order will be emailed to efile_benitez@casd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated: January 26, 2018

Respectfully Submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: /s/ *Michael A. Albert*
Michael A. Albert
Hunter D. Keeton
Stuart V. C. Duncan Smith

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion for Summary Judgment Regarding No Liability

Case No. 3:16-CV-00463-BEN-JMA

9

## **CERTIFICATE OF SERVICE**

      I certify that today I served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.


Date: January 26, 2018                                        */s/ Michael A. Albert*
                                                                    Michael A. Albert