WOLF, GREENFIELD & SACKS, P.C.
  Michael A. Albert (Admitted *Pro Hac Vice*)
  Mass. B.B.O No. 558566
  malbert@wolfgreenfield.com
  Hunter D. Keeton (Admitted *Pro Hac Vice*)
  Mass. B.B.O No. 660609
  hkeeton@wolfgreenfield.com
  Stuart V. C. Duncan Smith (Admitted Pro Hac Vice)
  Mass. B.B.O No. 687976
  sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
  Victor M. Felix (SBN: 179622)
  victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,** *a Delaware corporation,*<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,** *a Delaware corporation,*<br><br>Defendant and Counter Claimant | Case No. 3:16-cv-00463-BEN-JMA<br><br>**ACACIA COMMUNICATIONS, INC.'S MOTION TO FILE UNDER SEAL DOCUMENTS ASSOCIATED WITH ITS MOTION TO STRIKE AND EXCLUDE CERTAIN OPINIONS OF VIASAT'S EXPERTS**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler<br><br>Date: March 12, 2018<br>Time: 10:30 a.m.<br>Courtroom: 5A |

Acacia Communications, Inc.'s Motion To File Under Seal Documents       Case No. 3:16-CV-00463-BEN-JMA
Associated with its Motion to Strike Certain Opinions of ViaSat's Experts

Under Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), the Stipulated Protective Order § 1 (Dkt. No. 29), and Magistrate Judge Adler's Chamber Rules at 3, defendant and counter claimant Acacia Communications, Inc. ("Acacia") submits this motion to file under seal portions of the Memorandum of Points and Authorities in Support of Acacia Communication, Inc.'s Motion to Strike and Exclude Certain Opinions of ViaSat's Experts ("Acacia's Memorandum") and certain of the exhibits attached to the Third Declaration of Stuart V. C. Duncan Smith in support of that motion.

## ARGUMENT

Certain limited portions of Acacia's Memorandum and certain of the exhibits attached to the Third Declaration of Stuart V. C. Duncan Smith in support of that motion contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Acacia seeks to seal the following documents:

a. Portions of Acacia's Memorandum, which contains information that ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential technical and business information of both ViaSat and Acacia regarding the parties' alleged trade secrets and accused products.

b. <u>Exhibit 2</u> attached thereto, which is a copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA, dated October 27, 2017, with Corrected Designation dated October 30, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only and information that is Third Party Highly Confidential. <u>Exhibit 2</u> contains confidential business and financial information from both parties regarding

      product sales, royalty and other payments, and the value of the technology and products at issue in this case. It also cites to confidential documents produced by third parties in the course of this litigation.

    c. <u>Exhibit 14</u> attached thereto, which is a copy of the Rebuttal Report of Professor Ivan Djordjevic, Ph.D., dated November 21, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 14</u> contains discussion of Acacia's alleged trade secrets and ViaSat's accused products as well as technical information that ViaSat has identified as confidential.

    d. <u>Exhibit 15</u> attached thereto, which is a copy of the Expert Report of Dr. Alexander Vardy, dated November 21, 2017, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 15</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that Acacia has identified as confidential.

    e. <u>Exhibit 16</u> attached thereto, which is a copy of the Opening Expert Report of Professor Krishna Narayanan, Ph.D., dated October 27, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 16</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat has identified as confidential.

    f. <u>Exhibit 42</u> attached thereto, which is a copy of the Rebuttal Expert Report of Stephen D. Prowse, Ph.D., CFA, dated November 21, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 42</u> contains discussion of Acacia's alleged trade secrets and ViaSat's accused products as well as technical and business information that ViaSat has identified as confidential.

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion to Strike Certain Opinions of ViaSat's Experts     Case No. 3:16-CV-00463-BEN-JMA

2

  g. <u>Exhibit 43</u> attached thereto, which is a copy of excerpts of the condensed transcript of the December 8, 2017 deposition of Dr. Krishna Narayanan, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 43</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential.

  h. <u>Exhibit 44</u> attached thereto, which is a copy of excerpts of the condensed transcript of the December 12, 2017 deposition of Ivan Djordjevic, Ph.D., and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 44</u> contains discussion of Acacia's alleged trade secrets and ViaSat's accused products as well as technical information from both parties that ViaSat has identified as confidential.

  i. <u>Exhibit 45</u> attached thereto, which is a copy of excerpts of the condensed transcript of the July 26, 2017 deposition of Russell Fuerst, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 45</u> contains discussion of ViaSat's alleged trade secrets as well as business and financial information that ViaSat has identified as confidential.

  j. <u>Exhibit 46</u> attached thereto, which is a copy of Acacia's Trade Secret Identification, dated January 21, 2016, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 46</u> contains discussion of Acacia's alleged trade secrets which constitute technical information that Acacia has identified as confidential.

  k. <u>Exhibit 47</u> attached thereto, which is a copy of excerpts of the condensed transcript of the November 30, 2017 deposition of Stephen D. Prowse, Ph.D., CFA, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 47</u> contains discussion of ViaSat's and Acacia's alleged trade secrets and ViaSat's and Acacia's accused

Acacia Communications, Inc.'s Motion to File Under Seal Documents Associated with its Motion to Strike Certain Opinions of ViaSat's Experts   Case No. 3:16-CV-00463-BEN-JMA

3

products and their design, as well as technical and business information that ViaSat has identified as confidential.

    l. <u>Exhibit 48</u> attached thereto, which is a copy of the Supplemental Report of Professor Krishna Narayanan, Ph.D., dated November 8, 2017, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 48</u> contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that ViaSat and Acacia have identified as confidential.

    m. <u>Exhibit 49</u> attached thereto, which is a copy of an Acacia presentation entitled "AC400 Project Review," and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 49</u> contains technical descriptions of Acacia's accused products and related technology as well as technical and business information that Acacia has identified as confidential.

Acacia will electronically file a public version of Acacia's Memorandum with the confidential information redacted. Therefore, this request is narrowly tailored to protect only the information that is confidential.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts must ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing."

Acacia Communications, Inc.'s Motion to File Under Seal Documents    Case No. 3:16-CV-00463-BEN-JMA
Associated with its Motion to Strike Certain Opinions of ViaSat's Experts    4

1  *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012
2  WL1899838, at *3-4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public
3  financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-023 72, 2012 WL 1940677, at
4  *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where
5  the disclosure of proprietary information could cause a party competitive injury").

6      Good cause to file under seal exists because the information Acacia seeks to seal
7  has been identified as confidential by Acacia, ViaSat, and third parties.  Publicly filing
8  the information would prejudice Acacia, ViaSat, and third parties by revealing technical
9  and financial information that could be used for competitive advantage outside of this
10 case.  Therefore, there is good cause to seal this information.

## CONCLUSION

12     For the foregoing reasons, Acacia respectfully requests that the Court seal the
13 portions of Acacia's Memorandum and the documents listed above.  A Proposed
14 Order will be emailed to efile_benitez@casd.uscourts.gov and
15 efile_adler@casd.uscourts.gov.

17 Dated:   February 1, 2018                  Respectfully Submitted,

18                                            WOLF, GREENFIELD & SACKS, P.C.

20                                            By: *s/Michael A. Albert*
                                           Michael A. Albert
21                                            Hunter D. Keeton
22                                            Stuart V. C. Duncan Smith

23                                            Attorneys for Defendant and Counter
24                                            Claimant Acacia Communications, Inc.

## **CERTIFICATE OF SERVICE**

I certify that today I caused to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.

Date:  February 1, 2018          *s/Michael A. Albert*
                                  Michael A. Albert