FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (State Bar No. 142505)
    kfitzgerald@fitzgeraldknaier.com
    David Beckwith (State Bar No. 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran (State Bar No. 254346)
    kcochran@fitzgeraldknaier.com
    402 West Broadway, Suite 1400
    San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
    Matthew S. Warren (State Bar No. 230565)
    Patrick M. Shields  (State Bar No. 204739)
    Erika H. Warren (State Bar No. 295570)
    16-463@cases.warrenlex.com
    2261 Market Street, No. 606
    San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter Defendant ViaSat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.<br>a Delaware corporation,<br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC.<br>a Delaware corporation,<br>    Defendant and Counter-Claimant. | Case No. 3:16-463-BEN-JMA<br><br>**Motion to File Under Seal Documents in Support of Motion for Summary Judgment on Patent Misappropriation**<br><br>Date:    March 5, 2018<br>Time:    10:30 a.m. PST<br>Place:    Courtroom 5A<br><br>Hon. Dist. Judge Roger T. Benitez<br>Hon. Magistrate Judge Jan M. Adler<br><br>Case Initiated:  January 21, 2016 |

Under Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), and Paragraph 1 of the Stipulated Protective Order (Dkt. No. 29), as amended (Dkt. No. 47), Plaintiff and Counter-Defendant ViaSat, Inc. ("ViaSat") respectfully requests that the Court file under seal (a) portions of the Memorandum of Points and Authorities in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, and (b) Exhibits 4 and 5 to the Declaration of Erika H. Warren in support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation.

## ARGUMENT

Certain limited portions of the Memorandum of Points and Authorities in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation and certain of the exhibits attached to the Declaration of Erika H. Warren in support of that Motion contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Specifically, ViaSat seeks to seal the following documents:

(a)     Exhibit 4, which is a copy of October 27, 2017 Expert Report of Dr. Paul Prucnal, served by Acacia in this action, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 4 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

(b)     Exhibit 5, which is a copy of excerpts of the deposition of Dr. Paul Prucnal, dated December 4, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 5 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

(c)     The Memorandum of Points and Authorities in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation contains excerpts and discussion regarding the above exhibits, including information that ViaSat and Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The Memorandum contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, Acacia's alleged trade secrets and ViaSat's accused products, as well as technical information that ViaSat and Acacia identified as confidential.

This request is narrowly tailored to protect only the information that is confidential, and ViaSat has filed concurrently a public version of  the Memorandum of Points and Authorities in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information.  *See, e.g. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened.").  Courts must ensure that their records are not used as "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3–*4 (S.D. Cal. May 24, 2012) (granting motion to seal Nike's non-public financial data).

Where the materials to be sealed include dispositive pleadings and attachments, the Ninth Circuit applies a "compelling reasons" test to rebut the presumption of public

access.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  The Court finds "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, *or release trade secrets*."  *Id.* at 1179 (emphasis added), *citing Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986).

ViaSat has compelling reasons to file under seal because the information ViaSat seeks to seal has been identified as confidential by Acacia and ViaSat, including Acacia's asserted trade secrets.  Publicly filing the information would prejudice Acacia and ViaSat by revealing technical and financial information that could be used for competitive advantage outside of this case.  Therefore, there are compelling reasons to seal this information.

Exhibits 4 and 5 have been lodged under seal concurrently.  Attached is a redacted copy of ViaSat's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, the Declaration of Erika H. Warren in support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, and Exhibits 1 through 3.

Therefore, under ViaSat's obligations under the stipulated protective order, ViaSat respectfully requests that the Court file under seal (a) portions of ViaSat's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, and (b) Exhibits 4 and 5 to the Declaration of Erika H. Warren in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, ViaSat respectfully requests that the Court seal the portions of Acacia's Memorandum of Points and Authorities and the supporting documents identified above.  A Proposed Order will be emailed to efile_benitez@cassd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated:  February 2, 2018                    Respectfully Submitted,


                                             *s/ Kenneth M. Fitzgerald*
                                             Kenneth M. Fitzgerald
                                             David Beckwith
                                             Keith M. Cochran
                                             FITZGERALD KNAIER LLP
                                             402 West Broadway, Suite 1400
                                             San Diego, California, 92101

                                             Matthew S. Warren
                                             Patrick M. Shields
                                             Erika H. Warren
                                             WARREN LEX LLP
                                             2261 Market Street, No. 606
                                             San Francisco, California, 94114

                                             *Attorneys for Plaintiff and*
                                             *Counter-Defendant ViaSat, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users.  I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated:  February 2, 2018                         s/ *Kenneth M. Fitzgerald*
                                                           Kenneth M. Fitzgerald, Esq.