FITZGERALD KNAIER LLP
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@fitzgeraldknaier.com
   Keith M. Cochran, Esq. (SBN: 254346)
   kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

WARREN LEX LLP
   Matthew S. Warren, Esq. (SBN: 230565)
   16-463@cases.warrenlex.com
   Patrick M. Shields, Esq. (SBN: 204739)
   16-463@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

Attorneys for Plaintiff and Counter Defendant
ViaSat, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ViaSat, Inc.**, *a Delaware corporation*,<br><br>                  Plaintiff<br>       and Counter Defendant,<br><br>   v.<br><br>**Acacia Communications, Inc.**, *a Delaware corporation*,<br><br>                Defendant<br>        and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ViaSat, Inc's Motion to File Under Seal: (a) Portions of ViaSat, Inc.'s Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) Exhibits to the Declaration of Kenneth M. Fitzgerald In Support Of**<br><br>Date:     March 5, 2018<br>Time:    10:30 a.m.<br>Place:   Courtroom 5A<br>           221 West Broadway<br>           San Diego, CA 92101<br>Dist. Judge: Hon. Roger T. Benitez |

|   |   |
|---|---|
| 1 | ) Hon. Magistrate Jan M. Adler |
| 2 | ) Case Initiated: January 21, 2016 |
| 3 | ) |
| 4 | ) |

## I.     Introduction

Plaintiff and Counter Defendant ViaSat, Inc. ("ViaSat") respectfully requests that the Court file under seal (a) portions of ViaSat, Inc.'s Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) exhibits 1-18 and 23-59 to the Declaration of Kenneth M. Fitzgerald in support of the Motion.

ViaSat is compelled by the terms of the Stipulated Protective Order §1 (Dkt. No. 29) to bring this motion as to all the evidence designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, ViaSat believes some of the exhibits and testimony designated by Acacia are not proprietary or confidential to warrant sealing, particularly under the standard for sealing applied to summary judgment motions. ViaSat may seek to unseal certain evidence in support of its motion, after meeting and conferring with Acacia over this issue.

## II.     Argument

"A strong presumption of access to judicial records applies fully to dispositive pleadings and their attachments." *Algarin v. Maybelline, LLC*, 2014 690410 at *2 (S.D. Cal. Feb. 21, 2014). To warrant a request to seal, "compelling reasons" to seal the documents must exist. *Id; Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use." *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 fn. 6 (9th Cir. 2010). Documents are properly filed under seal where disclosure would force a party to disclose trade secrets or other valuable confidential and proprietary business information. *See, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Bauer Bros. LLC v. Nike, Inc.,* 2012 WL1899838, at *4 (S.D. Cal. May 24, 2012 (granting request to seal non-public, confidential financial data, including customer listings, accounting methods,

1   and cost analysis).

2       ViaSat has compelling reasons to file under seal because the information
3   ViaSat seeks to seal has been identified as confidential by Acacia and ViaSat, and
4   includes the parties' confidential business, technical, and financial information,
5   including ViaSat's asserted trade secrets. Publicly filing the information would
6   prejudice ViaSat and Acacia by revealing business, technical, and financial
7   information that could be used for competitive advantage outside of this case.
8   Therefore, there are compelling reasons to seal this information.

9       Here, ViaSat seeks to seal the following documents:

10     a)   Portions of ViaSat, Inc.'s Memorandum of Points and Authorities In
11          Support Of Motion for Partial Summary Judgment (the "Motion").
12          ViaSat's Motion references confidential information derived from
13          documents that Acacia and/or ViaSat designated as "Highly
14          Confidential – Attorneys' Eyes Only" under the Stipulated Protective
15          Order. The documents contain business, technical, and financial
16          information that the parties have identified as confidential, including
17          trade secrets. In the publicly filed version of ViaSat's Motion,
18          references to the confidential information have been redacted;

19     b)   Exh. 1 to the Declaration of Kenneth M. Fitzgerald in support of the
20          Motion ("Fitzgerald Dec.") is a demonstrative exhibit, showing
21          comparisons of pages from ViaSat's Low Level Technical
22          Specifications from the Everest project, and various versions of
23          Acacia's Low Level Technical Specifications for products on which it
24          has not paid royalties. The Everest specifications contain technical
25          information that ViaSat has designated as Highly Confidential –
26          Attorneys' Eyes Only, including ViaSat's trade secrets. Acacia's Low
27          Level Technical Specifications contain technical information that
28          Acacia has designated as Highly Confidential – Attorneys' Eyes Only.

    c)     Exh. 2 to Fitzgerald Dec. is a summary of Acacia's personnel and their roles. This information was derived from the deposition transcripts of Acacia's witnesses, which were marked by Acacia under the Stipulated Protective Order as Highly Confidential – Attorneys' Eyes Only.

    d)     Exh. 3 to the Fitzgerald Dec. is a chronologically ordered summary of Acacia's products, including whether royalties have been paid on those products. The summary also includes the development dates of Acacia's products – this information was derived from the deposition transcripts of Acacia's witnesses, which were marked by Acacia under the Stipulated Protective Order as Highly Confidential – Attorneys' Eyes Only.

    e)     Exh. 4 to the Fitzgerald Dec. is a low level technical specification for a product on which Acacia has not paid a royalty. Acacia produced this specification during discovery. The specification contains technical information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order.

    f)     Exh. 5 to the Fitzgerald Dec. is a low level technical specification for a product on which Acacia has not paid a royalty. Acacia produced this specification during discovery. The specification contains technical information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order.

    g)     Exh. 6 to the Fitzgerald Dec. is a low level technical specification for a product on which Acacia has not paid a royalty. Acacia produced this specification during discovery. The specification contains technical information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order.

    h)     Exh. 7 to the Fitzgerald Dec. is a low level technical specification for the Everest Encoder. ViaSat produced this specification during

1   discovery.  The specification contains technical information that ViaSat
2   has designated as Highly Confidential – Attorneys' Eyes Only under
3   the Stipulated Protective Order, including ViaSat's trade secrets.
4   i)   Exh. 8 to the Fitzgerald Dec. is a low level technical specification for
5        the Everest Decoder.  ViaSat produced this specification during
6        discovery.  The specification contains technical information that ViaSat
7        has designated as Highly Confidential – Attorneys' Eyes Only under
8        the Stipulated Protective Order, including ViaSat's trade secrets.
9   j)   Exh. 9 to the Fitzgerald Dec. is a copy of excerpts of the October 12,
10       2017 deposition transcript of Acacia employee Mehmet Aydinlik.  The
11       deposition transcript contains business and technical information that
12       Acacia has designated as Highly Confidential – Attorneys' Eyes Only.
13  k)   Exh. 10 to the Fitzgerald Dec. is a copy of excerpts of the August 9,
14       2017 deposition transcript of Acacia employee Pierre Humblet.  The
15       deposition transcript contains business and technical information that
16       Acacia designated as Highly Confidential – Attorneys' Eyes Only.
17  l)   Exh. 11 to the Fitzgerald Dec. is a copy of excerpts of the August 10,
18       2017 deposition transcript of Acacia employee Gary Martin.  The
19       deposition transcript contains business and technical information that
20       Acacia designated as Highly Confidential – Attorneys' Eyes Only.
21  m)   Exh. 12 to the Fitzgerald Dec. is a copy of excerpts of the August 16,
22       2017 deposition transcript of Acacia employee Benny Mikkelsen.  The
23       deposition transcript contains business and technical information that
24       Acacia designated as Highly Confidential – Attorneys' Eyes Only.
25  n)   Exh. 13 to the Fitzgerald Dec. is a copy of excerpts of the August 11,
26       2017 deposition transcript of Acacia employee Peter Monsen.  The
27       deposition transcript contains business and technical information that
28       Acacia designated as Highly Confidential – Attorneys' Eyes Only.

| | | |
|---|---|---|
| 1 | o) | Exh. 14 to the Fitzgerald Dec. is a copy of excerpts of the August 8, |
| 2 | | 2017 deposition transcript of Acacia employee Lawrence Pellach.  The |
| 3 | | deposition transcript contains business and technical information that |
| 4 | | Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 5 | p) | Exh. 15 to the Fitzgerald Dec. is a copy of excerpts of the August 12, |
| 6 | | 2017 deposition transcript of Acacia employee Graeme Pendock.  The |
| 7 | | deposition transcript contains business and technical information that |
| 8 | | Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 9 | q) | Exh. 16 to the Fitzgerald Dec. is a copy of excerpts of the October 11, |
| 10 | | 2017 deposition transcript of Acacia employee Christian Rasmussen. |
| 11 | | The deposition transcript contains business and technical information |
| 12 | | that Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 13 | r) | Exh. 17 to the Fitzgerald Dec. is a copy of excerpts of the September |
| 14 | | 28, 2017 deposition transcript of Acacia employee Bhupendra Shah. |
| 15 | | The deposition transcript contains business and technical information |
| 16 | | that Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 17 | s) | Exh. 18 to the Fitzgerald Dec. is a copy of excerpts of the December |
| 18 | | 11, 2017 deposition transcript of Acacia expert Alexander Vardy.  The |
| 19 | | deposition transcript contains business and technical information that |
| 20 | | Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 21 | t) | Exh. 23 to the Fitzgerald Dec. is a copy of a June 11, 2009 email from |
| 22 | | Ted Gammell to Scott Steifel and Russell Fuerst with a NDA attached. |
| 23 | | The email and attachment were designated by ViaSat as Highly |
| 24 | | Confidential – Attorneys' Eyes Only, and contains discussion of |
| 25 | | ViaSat's confidential business information. |
| 26 | u) | Exh. 24 to the Fitzgerald Dec. is the October 27, 2017 Expert Report |
| 27 | | of Professor Krishna Narayanan, which was designated by ViaSat as |
| 28 | | Highly Confidential – Attorneys' Eyes Only.  The report contains |

1       discussion of ViaSat's trade secrets and Acacia's accused products as
2       well as business and technical information the parties have designated
3       as confidential.
4  v)   Exh. 25 to the Fitzgerald Dec. is the November 21, 2017 Expert
5       Report of Dr. Alexander Vardy, which was designated by Acacia as
6       Highly Confidential – Attorneys' Eyes Only.  The report contains
7       discussion of ViaSat's trade secrets and Acacia's accused products as
8       well as business and technical information that parties have designated
9       as confidential.
10 w)   Exh. 26 to the Fitzgerald Dec. is ViaSat's Amended Trade Secret
11      Designation, which ViaSat designated as Highly Confidential –
12      Attorneys' Eyes Only.  The document contains discussion of ViaSat's
13      trade secrets, which constitute technical information that ViaSat has
14      identified as confidential.
15 x)   Exh. 27 to the Fitzgerald Dec. is a November 30, 2012 email between
16      Pierre Humblet and Christian Rasmussen, which Acacia designated as
17      Highly Confidential – Attorneys' Eyes Only.  The email contains
18      discussion of Acacia's technical information, which Acacia has
19      identified as confidential.
20 y)   Exh. 28 to the Fitzgerald Dec. is an October 24, 2010 email between
21      Christian Rasmussen and Eric Swanson, which Acacia designated as
22      Highly Confidential – Attorneys' Eyes Only.  The email contains
23      discussion of Acacia's business and technical information, which Acacia
24      has identified as confidential.
25 z)   Exh. 29 to the Fitzgerald Dec. is a January 28, 2011 email between
26      Pierre Humblet and Christian Rasmussen, which Acacia designated as
27      Highly Confidential – Attorneys' Eyes Only.  The email contains
28      discussion of Acacia's business and technical information, which Acacia

|   |   |   |
|---|---|---|
| 1 |  | has identified as confidential. |
| 2 | aa) | Exh. 30 to the Fitzgerald Dec. is a May 9, 2012 email between Christian Rasmussen and Pierre Humblet, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 7 | bb) | Exh. 31 to the Fitzgerald Dec. is a November 8, 2010 email between Bhupen Shah and Christian Rasmussen, Eric Swanson, Benny Mikkelsen, Raj Shanmuguraj, and Mehrdad Givehchi, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 13 | cc) | Exh. 32 to the Fitzgerald Dec. is an October 5, 2012 email between Benny Mikkelsen and Eric Swanson, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 18 | dd) | Exh. 33 to the Fitzgerald Dec. is a February 18, 2014 email between Bhupen Shah and Christian Rasmussen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 23 | ee) | Exh. 34 to the Fitzgerald Dec. is an August 5, 2009 email between Bhupen Shah and Christian Rasmussen, Benny Mikkelsen, and Graeme Pendock, including an attachment, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email and attachment contain discussion of Acacia's business and technical information, which Acacia has identified as confidential, and also contain ViaSat's |

| | | |
|---|---|---|
| 1 | | confidential business and technical information. |
| 2 | ff) | Exh. 35 to the Fitzgerald Dec. is a February 21, 2013 email between |
| 3 | | Peter Monsen and Pierre Humblet, including an attachment, which |
| 4 | | Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The |
| 5 | | email and attachment contain discussion of Acacia's business and |
| 6 | | technical information, which Acacia has identified as confidential. |
| 7 | gg) | Exh. 36 to the Fitzgerald Dec. is an October 24, 2012 email from |
| 8 | | Christian Rasmussen to Mehrdad Givechi, including an attachment, |
| 9 | | which Acacia designated as Highly Confidential – Attorneys' Eyes |
| 10 | | Only.  The email and attachment contain discussion of Acacia's |
| 11 | | business and technical information, which Acacia has identified as |
| 12 | | confidential, and also contain business and technical information that |
| 13 | | ViaSat has identified as confidential. |
| 14 | hh) | Exh. 37 to the Fitzgerald Dec. is a November 9, 2007 email between |
| 15 | | Christian Rasmussen, Supriyo Dey, Fenghai Liu, and Benny Mikkelsen, |
| 16 | | which Acacia designated as Highly Confidential – Attorneys' Eyes |
| 17 | | Only.  The email contains discussion of Acacia's business and technical |
| 18 | | information, which Acacia has identified as confidential. |
| 19 | ii) | Exh. 38 to the Fitzgerald Dec. is a June 15, 2009 email between |
| 20 | | Christian Rasmussen, Russell Fuerst, and Benny Mikkelsen, which |
| 21 | | Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The |
| 22 | | email contains discussion of Acacia's business and technical |
| 23 | | information, which Acacia has identified as confidential. |
| 24 | jj) | Exh. 39 to the Fitzgerald Dec. is an April 29, 2011 email between Gary |
| 25 | | Martin, Pierre Humblet, Bhupen Shah, Benny Mikkelsen, and Christian |
| 26 | | Rasmussen, which Acacia designated as Highly Confidential – |
| 27 | | Attorneys' Eyes Only.  The email contains discussion of Acacia's |
| 28 | | business and technical information, which Acacia has identified as |

|   |   |   |
|---|---|---|
| 1 |  | confidential. |
| 2 | kk) | Exh. 40 to the Fitzgerald Dec. is a June 13, 2009 email between Eric Swanson, Christian Rasmussen, and Benny Mikkelsen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 7 | ll) | Exh. 41 to the Fitzgerald Dec. is a June 12, 2009 email between Russell Fuerst and Christian Rasmussen, along with an attachment, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email and attachment contain discussion of Acacia's business and technical information, which Acacia has identified as confidential, and discussion of ViaSat's technical information that ViaSat has identified as confidential. |
| 14 | mm) | Exh. 42 to the Fitzgerald Dec. is an August 21, 2009 email between Christian Rasmussen and Benny Mikkelsen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email contains discussion of both Acacia's and ViaSat's business and technical information, which both parties have identified as confidential. |
| 19 | nn) | Exh. 43 to the Fitzgerald Dec. is a March 17, 2010 PowerPoint Presentation, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The PowerPoint contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 24 | oo) | Exh. 44 to the Fitzgerald Dec. is a July 17, 2009 email between Russell Fuerst and Bhupen Shah, with an attachment, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email and attachment contain discussion of both ViaSat's and Acacia's business and technical information, which both parties have identified as |

1 confidential.

2 pp) Exh. 45 to the Fitzgerald Dec. is an October 14, 2009 PowerPoint
3 Presentation, which Acacia designated as Highly Confidential –
4 Attorneys' Eyes Only. The PowerPoint contains discussion of Acacia's
5 business, technical, and financial information, which Acacia has
6 identified as confidential.

7 qq) Exh. 46 to the Fitzgerald Dec. is a July 23, 2009 email between Bhupen
8 Shah, Christian Rasmussen, Graeme Pendock, and Benny Mikkelsen,
9 which Acacia designated as Highly Confidential – Attorneys' Eyes
10 Only. The email contains discussion of Acacia's business and technical
11 information, which Acacia has identified as confidential.

12 rr) Exh. 47 to the Fitzgerald Dec. are notes prepared by Acacia, which
13 Acacia designated as Highly Confidential – Attorneys' Eyes Only. The
14 notes contain discussion of Acacia's business and technical
15 information, which Acacia has identified as confidential.

16 ss) Exh. 48 to the Fitzgerald Dec. is a February 1, 2010 email between Eric
17 Swanson, John Lomedico, and Benny Mikkelsen, which Acacia
18 designated as Highly Confidential – Attorneys' Eyes Only. The email
19 contains discussion of Acacia's business and technical information,
20 which Acacia has identified as confidential.

21 tt) Exh. 49 to the Fitzgerald Dec. is a February 25, 2013 letter from Ted
22 Gammell to Bhupen Shah, which Acacia designated as Highly
23 Confidential – Attorneys' Eyes Only. The letter contains discussion of
24 ViaSat's business and technical information, which ViaSat has identified
25 as confidential.

26 uu) Exh. 50 to the Fitzgerald Dec. is a March 18, 2013 letter from Bhupen
27 Shah to Ted Gammell, which Acacia designated as Highly Confidential
28 – Attorneys' Eyes Only. The letter contains discussion of Acacia's

|   |   |   |
|---|---|---|
| 1 |  | business and technical information, which Acacia has identified as |
| 2 |  | confidential. |
| 3 | vv) | Exh. 51 to the Fitzgerald Dec. is a March 13, 2013 email between Raj Shanmugaraj, Benny Mikkelsen, Christian Rasmussen, and Bhupen Shah, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential |
| 8 | ww) | Exh. 52 to the Fitzgerald Dec. is a May 9, 2012 email between Pierre Humblet and Christian Rasmussen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 13 | xx) | Exh. 53 to the Fitzgerald Dec. is a March 14, 2012 email between Gary Martin and Christian Rasmussen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 18 | yy) | Exh. 54 to the Fitzgerald Dec. is a March 14, 2012 email between Christian Rasmussen and Pierre Humblet, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential. |
| 23 | zz) | Exh. 55 to the Fitzgerald Dec. is an update to the encoder and decoder specification for the Meru product, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The specification contains discussion of Acacia's technical information, which Acacia has identified as confidential. |
| 28 | aaa) | Exh. 56 to the Fitzgerald Dec. is a March 13, 2012 email between |

          Christian Rasmussen and Pierre Humblet, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

bbb) Exh. 57 to the Fitzgerald Dec. is a May 10, 2012 email between Pierre Humblet and Christian Rasmussen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

ccc) Exh. 58 to the Fitzgerald Dec. is spreadsheet prepared by Acacia showing ViaSat royalty payments and liabilities, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The spreadsheet contains discussion of Acacia's business and financial information, which Acacia has identified as confidential

ddd) Exh. 59 to the Fitzgerald Dec. is an October 13, 2009 email between Benny Mikkelsen, Bhupen Shah, Christian Rasmussen, Eric Swanson, John Lomedico, and Stan Reiss, which was provided by Acacia's venture capital investor Matrix Partners.  The document was designated as Highly Confidential – Attorneys' Eyes Only, and contains discussion of Acacia's and Matrix's business and financial information, which Acacia and Matrix have identified as confidential.

True and correct unredacted copies of those documents are being lodged under seal concurrently herewith.  Attached hereto is a redacted copy of ViaSat's Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and the Declaration of Kenneth M. Fitzgerald in support of the Motion, attaching exhibits 19-22.

### III.   Conclusion

Therefore, pursuant to ViaSat's obligations under the Stipulated Protective Order § 1 (Dkt. No. 29), ViaSat respectfully requests that the Court file under seal (a) portions of ViaSat, Inc.'s Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) exhibits 1-18 and 23-59 to the Declaration of Kenneth M. Fitzgerald.

Dated:   February 2, 2018                                         FITZGERALD KNAIER LLP

By: s/ *Kenneth M. Fitzgerald*
    Kenneth M. Fitzgerald, Esq.
    Keith M. Cochran, Esq.

    -and-

    WARREN LEX LLP
    Matthew S. Warren, Esq.
    Patrick M. Shields, Esq.

    Attorneys for Plaintiff and Counter Defendant ViaSat, Inc.

## CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated:   February 2, 2018                                         s/ *Kenneth M. Fitzgerald*
                                                                                    Kenneth M. Fitzgerald, Esq.