WOLF, GREENFIELD & SACKS, P.C.
   Michael A. Albert (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 558566
   malbert@wolfgreenfield.com
   Hunter D. Keeton (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 660609
   hkeeton@wolfgreenfield.com
   Stuart V. C. Duncan Smith (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 687976
   sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   Victor M. Felix (SBN: 179622)
   victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,** *a Delaware corporation,*<br><br>        Plaintiff<br>        and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,** *a Delaware corporation,*<br><br>        Defendant<br>        and Counter Claimant. | Case No. 3:16-cv-00463-BEN-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ACACIA COMMUNICATION, INC.'S *EX PARTE* APPLICATION**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler<br><br>**NO ORAL ARGUMENT MOTION UNDER SUBMISSION** |

Memorandum of Points and Authorities in Support
of Acacia Communications, Inc.'s *Ex Parte* Application
    Case No. 3:16-CV-00463-BEN-JMA

## I. INTRODUCTION

This *ex parte* application seeks an Order clarifying whether the three memoranda of points and authorities that Plaintiff and Counter Defendant ViaSat, Inc. ("ViaSat") filed on February 2, 2018, which totaled 57 pages of briefing noticed for the same motion day, require Defendant and Counter Claimant Acacia Communications, Inc. ("Acacia") to comply with the 25-page limit for its Oppositions under Civil Local Rule 7.1(h). In the alternative, should the Court permit ViaSat's filings, Acacia seeks an Order granting Acacia additional pages, totaling up to 57, for its three Oppositions, so as to match the total pages ViaSat used to brief its three motions.

## II. FACTUAL BACKGROUND

Apart from motions *in limine*, the filing deadline for pretrial motions was February 2, 2018. (D.I. 68 at 2). On that day, ViaSat filed three motions: (1) a Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, (2) a Motion to Exclude Expert Testimony, and (3) a Motion for Partial Summary Judgment. (D.I. 89, 95, 98). ViaSat set all three of these motions for the same hearing day, March 5, 2018. (D.I. 89 at 1, D.I. 95 at 1, D.I. 98 at 1). ViaSat's Memoranda of Points and Authorities supporting these three motions were 7 pages (D.I. 89-1), 25 pages (D.I. 95-1), and 25 pages (D.I. 98-1) respectively. They thus **totaled 57 pages**, all set for the same hearing day.

ViaSat did not seek leave of court under Local Rule 7.1(h) for additional pages beyond the 25 page limit before filing these memoranda. Thus Acacia is left with having **25** pages total to oppose all three motions—less than half the length ViaSat submitted in support of its motions—as Acacia's memoranda "in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party." CivLR 7.1(h).

## III. ARGUMENT

### A. Acacia Needs Clarification of Whether Its Oppositions Need To Comply With the Local Rules.

Civil Local Rule 7.1(h) provides that briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of 25 pages in length without leave of the judge who will hear the motion. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (holding that the district court has discretion to disregard briefs filed in circumvention of page limits); *see also King County v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001) (striking over length briefing in violation of Local Civil Rule 7 and finding that arguments contained in those excess pages will not be considered), *aff'd*, 299 F.3d 1077, 1082 (9th Cir. 2002) ("[T]he district court acted properly in granting King County's motions to strike.").

Courts in this district have similarly limited parties to 25 pages of opening or opposing briefing per motion hearing day. *See Elliott v. QF Circa 37, LLC*, No. 16-288, 2017 WL 5138291, at *2 (S.D. Cal. Nov. 3, 2017) (striking 66-page opposition as the "submission thus violates the plain language of Civil Local Rule 7.1(h)."); *Traylor Bros. v. San Diego Unified Port Dist.*, No. 08-1019, 2012 WL 1019966, at *3 (S.D. Cal. Mar. 26, 2012) (denying motion to submit 60-page summary judgment motion as exceeding 25-page limit by "35 pages is excessive."). Motions to exceed the page limit "must be granted before a document that exceeds the page limit is filed." *S.E.C. v. Schooler*, No. 12-2164, 2014 WL 1660651, at *1 n.1 (S.D. Cal. Apr. 25, 2014). Just last week, this Court struck a motion filed prior to grant of leave to submit excess pages. *See Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 17-358, Order Denying Motion for Leave to File Excess Pages, Notice of Document Discrepancies, D.I. 88-89 (S.D. Cal. Feb. 1, 2018) (Benitez, J.).

ViaSat noticed its Motions for the same motion day (March 5, 2018), but supports them with three Memoranda totaling 57 pages (not counting title pages, tables of contents or authorities, or certificates of service). (D.I. 89-1, 95-1, D.I. 98-1).

ViaSat's Memoranda thus exceeded the maximum page limit permitted by Local Rule 7.1(h). Acacia respectfully requests clarification as to whether its Oppositions to these 57 pages need to comply with the 25-page limit of the Local Rules.

### B. Good Cause Exists for an Order Extending the Total Page Limit for Acacia's Oppositions.

The Federal Rules empower the Court to grant relief from imposed deadlines where good cause exists. Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."); see also *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citing with approval, 4B Charles Alan Write & Arthur R. Miller, *Federal Practice and Procedure* § 1615 (3d ed. 2004)), that requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith or prejudice to the adverse party.")

Here, good cause exists for the Court to grant an *ex parte* application for relief from the present deadlines. ViaSat's filing of 57 pages of briefing all noticed for the same motion day presents Acacia with an untenable situation. Absent relief from Local Rule 7.1(h), which limits Acacia's Oppositions to three motions to a collective 25 pages, Acacia will have **less than half** the total pages to oppose the motions than ViaSat did to support them. In short, absent an extension to file more than 25 total pages of Oppositions, Acacia will suffer irreparable harm because it will not have sufficient pages to respond to the **32** extra pages of arguments in ViaSat's Memoranda.

### C. The Requested Relief Will Not Prejudice ViaSat.

The *ex parte* relief requested will not prejudice ViaSat. The Civil Local Rules are set for a reason, thus clarifying whether ViaSat's actions comply with the Rules should not come as a surprise. At minimum, clarifying whether the same rules apply to Acacia in its Oppositions is not prejudicial, as the Civil Local Rules set the page limit.

Finally, granting Acacia's alternative request for additional pages to the Oppositions so that they have a total equal length to ViaSat's Memoranda will not prejudice ViaSat.

### D. Acacia Anticipates that the Requested Additional 32 Pages (To Match ViaSat's Total Pages) Will Suffice.

Acacia believes an additional 32 pages to the total page limit requirement (to match exactly ViaSat's total pages in its opening Memoranda) will suffice to allow the parties space to concisely but fully brief the relevant issues and address ViaSat's arguments.

## IV. CONCLUSION

For the above reasons, Acacia respectfully requests that the Court grant Acacia *ex parte* relief for an Order clarifying whether Acacia's Oppositions must comply with 25-page limit of Civil Local Rule 7.1(h).

Alternatively, Acacia respectfully requests the Court grant Acacia *ex parte* relief for an Order extending Acacia's total Opposition page limit for all three Motions to 57 pages, i.e., the same length as ViaSat's Memoranda.

Date: February 6, 2018

Respectfully Submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: *s/Michael A. Albert*
Michael A. Albert
Hunter D. Keeton
Stuart V. C. Duncan Smith

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

## CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that, to the extent they are not registered CM/ECF Users, I am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.

Date: February 6, 2018

*s/Michael A. Albert*
Michael A. Albert