FITZGERALD KNAIER LLP
   Kenneth M. Fitzgerald (State Bar No. 142505)
   kfitzgerald@fitzgeraldknaier.com
   David Beckwith (State Bar No. 125130)
   dbeckwith@fitzgeraldknaier.com
   Keith M. Cochran (State Bar No. 254346)
   kcochran@fitzgeraldknaier.com
   402 West Broadway, Suite 1400
   San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
   Matthew S. Warren (State Bar No. 230565)
   Patrick M. Shields (State Bar No. 204739)
   Erika H. Warren (State Bar No. 295570)
   16-463@cases.warrenlex.com
   2261 Market Street, No. 606
   San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter-Defendant ViaSat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC. a Delaware corporation, <br>    Plaintiff and Counter-Defendant, <br> v. <br> ACACIA COMMUNICATIONS, INC. a Delaware corporation, <br>    Defendant and Counter-Claimant. | Case No. 3:16-463-BEN-JMA <br><br> **Motion to File Under Seal Documents in Support of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages** <br><br> Date: February 20, 2018 <br> Time: 10:30 a.m. PST <br> Place: Courtroom 5A <br><br> Hon. Dist. Judge Roger T. Benitez <br> Hon. Magistrate Judge Jan M. Adler <br><br> Case Initiated: January 21, 2016 |

|   | |
|---|---|
| 1 | Under Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF |
| 2 | Administrative Policies and Procedures 2(j), and Paragraph 1 of the Stipulated Protective |
| 3 | Order (Dkt. No. 29), as amended (Dkt. No. 47), Plaintiff and Counter-Defendant ViaSat, |
| 4 | Inc. ("ViaSat") respectfully requests that the Court file under seal: (a) portions of |
| 5 | ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding |
| 6 | Damages; and (b) Exhibits 1, 3–34, and 36–44 to the Declaration of Patrick M. Shields in |
| 7 | Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages. |

## ARGUMENT

Certain limited portions of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages and certain of the exhibits attached to the Declaration of Patrick M. Shields in support of that Opposition all contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Specifically, ViaSat seeks to seal the following documents:

(a) Exhibit 1, which is a copy of the Non-Disclosure Agreement between ViaSat and Acacia, dated June 10, 2009, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 1 is a contract that contains confidential information related to the parties' business relationship and business practices.

(b) Exhibit 3, which is a copy of excerpts of the Rebuttal Expert Report of Dr. Ivan Djordjevic Prepared for ViaSat, Inc., served by ViaSat in this action on November 21, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 3 contains discussion of Acacia's alleged trade secrets, as well as technical information that Acacia identified as confidential.

(c) Exhibit 4, which is a copy of the Opening Expert Report of Dr. Krishna Narayanan Prepared for ViaSat, Inc., served by ViaSat in this action on October 27, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes

Only. Exhibit 4 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

(d) Exhibit 5, which is a copy of excerpts from the deposition transcript of Gary Martin, dated August 10, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 6 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as business and technical information that Acacia identified as confidential.

(e) Exhibit 6, which is a copy of excerpts from the deposition transcript of Lawrence Pellach, dated August 8, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 6 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as business and technical information that Acacia identified as confidential.

(f) Exhibit 7, which is a copy of a document entitled "Cord, Aurora, Gemini and Polo Payments," served by ViaSat as part of discovery in this action on October 25, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 7 contains financial information that ViaSat identified as confidential.

(g) Exhibit 8, which is a copy of excerpts from the deposition transcript of Bhupendra Shah, dated September 28, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 8 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as business and technical information that ViaSat identified as confidential.

(h) Exhibit 9, which is a copy of Exhibit 503 from the deposition of Bhupendra Shah, dated September 28, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 9 contains financial information that Acacia identified as confidential.

(i) Exhibit 10, which is a copy of excerpts of the deposition of Dr. Alexander Vardy, dated December 11, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 10 contains discussion of ViaSat's trade

secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

    (j)    Exhibit 11, which is a copy of Plaintiff and Counter Defendant ViaSat, Inc.'s Amended Trade Secret Identification, served by ViaSat in this action on October 25, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 11 contains complete descriptions of ViaSat's asserted trade secrets.

    (k)    Exhibit 12, which is a copy of the deposition of November 21, 2017 Expert Report of Dr. Alexander Vardy, served by Acacia in this action, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 12 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

    (l)    Exhibit 13, which is a copy of ViaSat's Supplemental Responses and Objections to Acacia's First and Second Set of Interrogatories, dated July 24, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 13 contains discussion of ViaSat's trade secrets that ViaSat identified as confidential.

    (m)    Exhibit 14, which is a copy of ViaSat's Second Set of Supplemental Responses to Acacia's Interrogatory Nos. 23 and 24, dated September 6, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 14 contains discussion of ViaSat's trade secrets that ViaSat identified as confidential.

    (n)    Exhibit 15, which is a copy of the Expert Report of Stephen D. Prowse, Ph.D, CFA, dated October 27, 2017, and served by ViaSat in this action, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 15 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical and financial information that ViaSat and Acacia identified as confidential.

    (o)    Exhibit 16, which is a copy of the Supplemental Expert Report of Dr. Krishna Narayanan, served by ViaSat in this action on November 8, 2017, contains information

that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 16 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.

(p)     Exhibit 17, which is a redacted copy of the Opening Report of Dr. Marwan Hassoun Prepared for ViaSat, Inc., served by ViaSat in this action on October 27, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 17 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, as well as technical information that ViaSat identified as confidential.  Exhibit 17 has been redacted to remove excerpts of ViaSat and Acacia source code, which both parties identified as Confidential – Source Code, under the parties' Stipulated Protective Order (Dkt. No. 29), and which are not necessary to resolve Acacia's Motion for Partial Summary Judgment Regarding Damages; however, the remaining unredacted portions are still designated as Highly Confidential – Attorneys' Eyes Only.

(q)     Exhibit 18, which is a copy of excerpts from the deposition transcript of Pierre Humblet, dated August 9, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 18 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as discussion of business and technical information that Acacia identified as confidential.

(r)     Exhibit 19, which is a copy of Exhibit 166 from the deposition of Pierre Humblet, dated August 9, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 19 is correspondence that contains discussion of business and technical information that Acacia identified as confidential.

(s)     Exhibit 20, which is a copy of excerpts from the deposition transcript of Peter Monsen, dated August 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 20 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as business and technical information that Acacia identified as confidential.

(t)　Exhibit 21, which is a copy of Exhibit 248 from the deposition of Peter Monsen, dated August 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 21 is correspondence that contains discussion of Acacia's accused products as well as business and technical information that Acacia identified as confidential.

(u)　Exhibit 22, which is a copy of excerpts from the deposition transcript of Christian Rasmussen, dated October 11, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 22 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as business and technical information that ViaSat identified as confidential.

(v)　Exhibit 23, which is a copy of Exhibit 159 from the deposition of Pierre Humblet, dated August 9, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 23 is a low level design specification for the Everest Encoder; it contains ViaSat trade secrets and other technical information that ViaSat and Acacia identified as confidential.

(w)　 Exhibit 24, which is a copy of Exhibit 160 from the deposition of Pierre Humblet, dated August 9, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 24 is a low level design specification for the Everest Decoder; it contains ViaSat trade secrets and other technical information that ViaSat and Acacia identified as confidential.

(x)　Exhibit 25, which is a copy of Exhibit 161 from the deposition of Pierre Humblet, dated August 9, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 25 contains discussion of technical specifications that Acacia identified as confidential.

(y)　Exhibit 26, which is a demonstrative exhibit with comparisons of pages from ViaSat's low level technical specifications from the Everest project, and various versions of Acacia's low level technical specifications for the accused products Sky and Denali.  The Everest specifications contain technical information that ViaSat has designated as

Highly Confidential – Attorneys' Eyes Only, including ViaSat's trade secrets. Acacia's low level technical specifications contain technical information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only.

(z) Exhibit 27, which is a redacted copy of the November 21, 2017 Expert Report of Dr. Richard W. Koralek, served by Acacia in this action, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 27 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical information that ViaSat and Acacia identified as confidential. Exhibit 27 has been redacted to remove excerpts of ViaSat and Acacia source code, which both parties identified as Confidential – Source Code, under the parties' Stipulated Protective Order (Dkt. No. 29), and which are not necessary to resolve Acacia's Motion for Partial Summary Judgment Regarding Damages; however, the remaining unredacted portions are still designated as Highly Confidential – Attorneys' Eyes Only.

(aa) Exhibit 28, which is a copy of Exhibit 520 from the deposition of Christian Rasmussen, dated October 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 28 is a document containing business and technical information that Acacia identified as confidential.

(bb) Exhibit 29, which is a copy of Exhibit 521 from the deposition of Christian Rasmussen, dated October 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 29 is correspondence that contains discussion of Acacia's accused products as well as business and technical information that Acacia identified as confidential.

(cc) Exhibit 30, which is a copy of Exhibit 573 from the deposition of Christian Rasmussen, dated October 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 30 is correspondence that contains discussion of Acacia's business and technical information that Acacia identified as confidential.

(dd) Exhibit 31, which is a copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin, dated November 21, 2017, and served by Acacia in this action, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 31 contains discussion of ViaSat's trade secrets and Acacia's accused products, as well as technical and financial information that ViaSat and Acacia identified as confidential.

(ee) Exhibit 32, which is a copy of excerpts from the deposition transcript of Sameep Dave, dated September 12, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 32 contains discussion of business and technical information that ViaSat identified as confidential.

(ff) Exhibit 33, which is a copy of excerpts from the deposition transcript of Brent K. Bersin, dated December 13, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 33 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, Acacia's alleged trade secrets and ViaSat's accused products, as well as technical and financial information that ViaSat and Acacia identified as confidential.

(gg) Exhibit 34, which is a copy of Exhibit 750 from the deposition of Brent K. Bersin, dated December 13, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 34 contains discussion of ViaSat's financial information that ViaSat identified as confidential.

(hh) Exhibit 36, which is a copy of the Preliminary Affirmative Expert Report Regarding Damages of Brent K. Bersin, dated October 27, 2017, and served by Acacia in this action, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 36 contains discussion of Acacia's alleged trade secrets and ViaSat's accused products, as well as technical and financial information that ViaSat and Acacia identified as confidential.

(ii) Exhibit 37, which is a copy of Exhibit 157 from the deposition of Pierre Humblet, dated August 9, 2017, contains information that Acacia designated as Highly

Confidential – Attorneys' Eyes Only.  Exhibit 37 contains discussion of ViaSat's and Acacia's accused products, as well as technical information that ViaSat and Acacia identified as confidential.

(jj) Exhibit 38, which is a copy of Acacia's Responses to ViaSat's Interrogatories (Set Two), dated September 22, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 38 contains discussion of Acacia's alleged trade secrets and ViaSat's accused products, as well as technical information that Acacia identified as confidential.

(kk) Exhibit 39, which is a copy of Exhibit 749 from the deposition of Brent K. Bersin, dated December 13, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 39 contains discussion of ViaSat's financial information that ViaSat identified as confidential.

(ll) Exhibit 40, which is a copy of Exhibit 563 from the deposition of Christian Rasmussen, dated October 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 40 contains information that Acacia identified as confidential.

(mm) Exhibit 41, which is a copy of the Encoder Specification for the Denali product, dated January 9, 2015, produced by Acacia in this case, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 41 is a low level design specification and contains discussion of technical information that Acacia identified as confidential.

(nn) Exhibit 42, which is a copy of Exhibit 236 from the deposition of Peter Monsen, dated August 11, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 42 is a low level design specification and contains discussion of technical information that Acacia identified as confidential.

(oo) Exhibit 43, which is a copy of Exhibit 212 from the deposition of Gary Martin, dated August 10, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 43 is a low level design specification for

the Everest Encoder which contains ViaSat trade secrets and other technical information that ViaSat and Acacia identified as confidential.

(pp)  Exhibit 44, which is a copy of Exhibit 213 from the deposition of Gary Martin, dated August 10, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 44 is a low level design specification and contains discussion of technical information that Acacia identified as confidential.

(qq)  ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages contains excerpts and discussion regarding the above exhibits, including information that ViaSat and Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The Opposition contains discussion of ViaSat's alleged trade secrets and Acacia's accused products, Acacia's alleged trade secrets and ViaSat's accused products, as well as business and technical information that ViaSat and Acacia identified as confidential.

This request is narrowly tailored to protect only the information that is confidential, and ViaSat has filed concurrently a public version of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened.").  Courts must ensure that their records are not used as "sources of business information that might harm a litigant's

competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3–*4 (S.D. Cal. May 24, 2012) (granting motion to seal Nike's non-public financial data).

Where the materials to be sealed include dispositive pleadings and attachments, the Ninth Circuit applies a "compelling reasons" test to rebut the presumption of public access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court finds "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, *or release trade secrets*." *Id.* at 1179 (emphasis added), *citing Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir. 1986).

ViaSat has compelling reasons to file under seal because the information ViaSat seeks to seal has been identified as confidential by Acacia and ViaSat, including Acacia's asserted trade secrets. Publicly filing the information would prejudice Acacia and ViaSat by revealing technical and financial information that could be used for competitive advantage outside of this case. Therefore, there are compelling reasons to seal this information.

Exhibits 1, 3–34, and 36–44 have been lodged under seal concurrently. Attached is a redacted copy of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages, the Declaration of Patrick M. Shields in support of the Opposition, and Exhibits 2 and 35.

Therefore, under ViaSat's obligations under the stipulated protective order, ViaSat respectfully requests that the Court file under seal: (a) portions of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages; and (b) Exhibits 1, 3–34, and 36–44 to the Declaration of Patrick M. Shields in Support of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages.

## CONCLUSION

For the foregoing reasons, ViaSat respectfully requests that the Court seal the portions of ViaSat's Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages and the supporting documents identified above. A Proposed Order will be emailed to efile_benitez@casd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated: February 6, 2018

Respectfully Submitted,

/s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald
David Beckwith
Keith M. Cochran
FITZGERALD KNAIER LLP
402 West Broadway, Suite 1400
San Diego, California, 92101

Matthew S. Warren
Patrick M. Shields
Erika H. Warren
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114

*Attorneys for Plaintiff and Counter-Defendant ViaSat, Inc.*

# CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that, to the extent they are not registered CM/ECF Users, I am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated:  February 6, 2018                    s/ *Kenneth M. Fitzgerald*
                                            Kenneth M. Fitzgerald, Esq.