1  FITZGERALD KNAIER LLP
2     Kenneth M. Fitzgerald, Esq. (SBN: 142505)
      kfitzgerald@fitzgeraldknaier.com
3     David M. Beckwith, Esq. (SBN: 125130)
      dbeckwith@fitzgeraldknaier.com
4     Keith M. Cochran, Esq. (SBN: 254346)
5     kcochran@fitzgeraldknaier.com
6  402 West Broadway, Suite 1400
   San Diego, California 92101
7  Tel: (619) 241-4810
   Fax: (619) 955-5318
8

9
   WARREN LEX LLP
10    Matthew S. Warren, Esq. (SBN: 230565)
      16-463@cases.warrenlex.com
11    Patrick M. Shields, Esq. (SBN: 204739)
12    16-463@cases.warrenlex.com
   2261 Market Street, No. 606
13 San Francisco, California 94114
14 Tel: (415) 895-2940
   Fax: (415) 895-2964
15

16 Attorneys for Plaintiff and Counter Defendant
   ViaSat, Inc.
17

18                  **UNITED STATES DISTRICT COURT**

19                  **SOUTHERN DISTRICT OF CALIFORNIA**

20 | **ViaSat, Inc.**, | ) Case No.: 3:16-cv-00463-BEN-JMA |
   | *a Delaware corporation*, | ) |
21 | | ) **Plaintiff ViaSat, Inc.'s Motion to File** |
22 | | ) **Under Seal: (a) Portions of ViaSat,** |
   | | ) **Inc.'s Opposition to Acacia** |
23 | Plaintiff and Counter Defendant, | ) **Communications, Inc.'s Motion for** |
24 | | ) **Summary Judgment Regarding No** |
   | v. | ) **Liability, and (b) Exhibits to the** |
25 | | ) **Declaration of Kenneth M. Fitzgerald** |
26 | **Acacia Communications, Inc.**, | ) |
   | *a Delaware corporation*, | ) Date:   February 26, 2018 |
27 | | ) Time:   10:30 a.m. |
28 | Defendant and Counter Claimant, | ) Place:  Courtroom 5A |
   | | )         221 West Broadway |

*ViaSat v. Acacia,* 3:16-00463-BEN-JMA
ViaSat's Motion to File Under Seal

|   |   |
|---|---|
|   | ) San Diego, CA 92101 |
|   | ) Dist. Judge: Hon. Roger T. Benitez |
|   | ) Hon. Magistrate Jan M. Adler |
|   | ) |
|   | ) Case Initiated: January 21, 2016 |
|   | ) |
|   | ) |
|   | ) |

## I. Introduction

Plaintiff and Counter Defendant ViaSat, Inc. ("ViaSat") respectfully requests that the Court file under seal (a) portions of ViaSat, Inc.'s Opposition to Acacia Communications, Inc.'s Motion for Summary Judgment Regarding No Liability, and (b) exhibits 5-39 to the Declaration of Kenneth M. Fitzgerald in support of the Opposition.

ViaSat is compelled by the terms of the Stipulated Protective Order §1 (Dkt. No. 29) to bring this motion as to all the evidence designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, ViaSat believes some of the exhibits and testimony designated by Acacia are not proprietary or confidential to warrant sealing, particularly under the standard for sealing applied to summary judgment motions. ViaSat may seek to unseal certain evidence in support of its opposition, after meeting and conferring with Acacia over this issue.

## II. Argument

"A strong presumption of access to judicial records applies fully to dispositive pleadings and their attachments." *Algarin v. Maybelline, LLC*, 2014 690410 at \*2 (S.D. Cal. Feb. 21, 2014). To warrant a request to seal, "compelling reasons" to seal the documents must exist. *Id.; Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 fn. 6 (9th Cir. 2010). Documents are properly filed under seal where disclosure would force a party to disclose trade secrets or other valuable confidential and proprietary business information. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL1899838, at \*4 (S.D. Cal. May 24, 2012 (granting request to seal non-public, confidential financial data, including customer listings, accounting methods,

1  and cost analysis).

2  ViaSat has compelling reasons to file under seal because the information
3  ViaSat seeks to seal has been identified as confidential by Acacia and ViaSat, and
4  includes the parties' confidential business, technical, and financial information,
5  including ViaSat's asserted trade secrets.  Publicly filing the information would
6  prejudice ViaSat and Acacia by revealing business, technical, and financial
7  information that could be used for competitive advantage outside of this case.
8  Therefore, there are compelling reasons to seal this information.

9  Here, ViaSat seeks to seal the following documents:

10  a)  Portions of ViaSat, Inc.'s Opposition to Acacia Communications, Inc.'s
11     Motion for Summary Judgment Regarding No Liability (the
12     "Opposition").  ViaSat's Opposition references confidential
13     information derived from documents that Acacia and/or ViaSat
14     designated as "Highly Confidential – Attorneys' Eyes Only" under the
15     Stipulated Protective Order.  The documents contain business,
16     technical, and financial information that the parties have identified as
17     confidential, including trade secrets.  In the publicly filed version of
18     ViaSat's Opposition, references to the confidential information have
19     been redacted;

20  b)  Exh. 5 to the Declaration of Kenneth M. Fitzgerald in support of the
21     Opposition ("Fitzgerald Dec.") is a copy of excerpts of the August 10,
22     2017 deposition transcript of Acacia employee Gary Martin.  The
23     deposition transcript contains business and technical information that
24     Acacia designated as Highly Confidential – Attorneys' Eyes Only.

25  c)  Exh. 6 to the Fitzgerald Dec. is a copy of excerpts of the August 9,
26     2017 deposition transcript of Acacia employee Pierre Humblet.  The
27     deposition transcript contains business and technical information that
28     Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    d)    Exh. 7 to the Fitzgerald Dec. is a copy of excerpts of the August 11, 2017 deposition transcript of Acacia employee Peter Monsen.  The deposition transcript contains business and technical information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    e)    Exh. 8 to the Fitzgerald Dec. is a copy of excerpts of the October 11, 2017 deposition transcript of Acacia employee Christian Rasmussen.  The deposition transcript contains business and technical information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    f)    Exh. 9 to the Fitzgerald Dec. is a copy of excerpts of the August 16, 2017 deposition transcript of Acacia employee Benny Mikkelsen.  The deposition transcript contains business and technical information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    g)    Exh. 10 to the Fitzgerald Dec. is a copy of excerpts of the August 8, 2017 deposition transcript of Acacia employee Lawrence Pellach.  The deposition transcript contains business and technical information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    h)    Exh. 11 to the Fitzgerald Dec. is a copy of excerpts of the September 28, 2017 deposition transcript of Acacia employee Bhupendra Shah.  The deposition transcript contains business and technical information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

    i)    Exh. 12 to the Fitzgerald Dec. is a copy of excerpts of the July 26, 2017 deposition transcript of ViaSat's Vice President and General Manager of ViaSat-Cleveland.  The deposition transcript contains business and technical information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.

    j)    Exh. 13 to the Fitzgerald Dec. is a copy of excerpts of the December 15, 2017 deposition transcript of Acacia expert Dr. Richard Koralek.  The deposition transcript contains business and technical information

|   |   |   |
|---|---|---|
| 1 |    | that Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 2 | k) | Exh. 14 to the Fitzgerald Dec. is a copy of excerpts of the December |
| 3 |    | 11, 2017 deposition transcript of Acacia expert Alexander Vardy. The |
| 4 |    | deposition transcript contains business and technical information that |
| 5 |    | Acacia designated as Highly Confidential – Attorneys' Eyes Only. |
| 6 | l) | Exh. 15 to the Fitzgerald Dec. is a copy of excerpts of the December 8, |
| 7 |    | 2017 deposition transcript of ViaSat expert Dr. Krishna Narayanan. |
| 8 |    | The deposition transcript contains business and technical information |
| 9 |    | that ViaSat designated as Highly Confidential – Attorneys' Eyes Only. |
| 10 | m) | Exh. 16 to the Fitzgerald Dec. is a copy of excerpts of the December 6, |
| 11 |    | 2017 deposition transcript of ViaSat expert Dr. Marwan Hassoun. The |
| 12 |    | deposition transcript contains business and technical information that |
| 13 |    | ViaSat designated as Highly Confidential – Attorneys' Eyes Only. |
| 14 | n) | Exh. 17 to the Fitzgerald Dec. is the October 27, 2017 Expert Report |
| 15 |    | of Professor Krishna Narayanan, which was designated by ViaSat as |
| 16 |    | Highly Confidential – Attorneys' Eyes Only. The report contains |
| 17 |    | discussion of ViaSat's trade secrets and Acacia's accused products as |
| 18 |    | well as business and technical information the parties have designated |
| 19 |    | as confidential. |
| 20 | o) | Exh. 18 to the Fitzgerald Dec. is the November 21, 2017 Expert |
| 21 |    | Report of Dr. Alexander Vardy, which was designated by Acacia as |
| 22 |    | Highly Confidential – Attorneys' Eyes Only. The report contains |
| 23 |    | discussion of ViaSat's trade secrets and Acacia's accused products as |
| 24 |    | well as business and technical information that the parties have |
| 25 |    | designated as confidential. |
| 26 | p) | Exh. 19 to the Fitzgerald Dec. is the October 27, 2017 Expert Report |
| 27 |    | of Dr. Marwan Hassoun, which was designated by ViaSat as Highly |
| 28 |    | Confidential – Attorneys' Eyes Only. The report contains discussion |

     of ViaSat's trade secrets and Acacia's accused products as well as business and technical information that the parties have designated as confidential.

q) Exh. 20 to the Fitzgerald Dec. is the October 27, 2017 Expert Report of Dr. Stephen Prowse, which was designated by ViaSat as Highly Confidential – Attorneys' Eyes Only. The report contains discussion of ViaSat's trade secrets, business, technical, and financial information, which ViaSat has designated as confidential. The report also contains discussion of Acacia's business and financial information, which Acacia has designated as confidential.

r) Exh. 21 to the Fitzgerald Dec. is ViaSat's Amended Trade Secret Designation, which ViaSat designated as Highly Confidential – Attorneys' Eyes Only. The document contains discussion of ViaSat's trade secrets, which constitute technical information that ViaSat has identified as confidential.

s) Exh. 22 to the Fitzgerald Dec. is Acacia's Supplemental Responses to ViaSat's Requests for Admission, which ViaSat designated as Highly Confidential – Attorneys' Eyes Only. The document contains discussion of ViaSat's trade secrets, which constitute technical information that ViaSat has identified as confidential.

t) Exh. 23 to the Fitzgerald Dec. is a low level technical specification for the Everest Encoder. ViaSat produced this specification during discovery. The specification contains technical information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order, including ViaSat's trade secrets.

u) Exh. 24 to the Fitzgerald Dec. is a low level technical specification for a product on which Acacia has not paid a royalty. Acacia produced this specification during discovery. The specification contains technical

information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order.

v) Exh. 25 to the Fitzgerald Dec. is a low level technical specification for a product on which Acacia has not paid a royalty. Acacia produced this specification during discovery. The specification contains technical information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order.

w) Exh. 26 to the Fitzgerald Dec. is a June 15, 2009 email between Christian Rasmussen, Russell Fuerst, and Benny Mikkelsen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

x) Exh. 27 to the Fitzgerald Dec. is a June 12, 2009 email between Russell Fuerst and Christian Rasmussen, along with an attachment, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email and attachment contain discussion of Acacia's business and technical information, which Acacia has identified as confidential, and discussion of ViaSat's technical information that ViaSat has identified as confidential.

y) Exh. 28 to the Fitzgerald Dec. is a March 17, 2010 PowerPoint Presentation, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The PowerPoint contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

z) Exh. 29 to the Fitzgerald Dec. is a February 25, 2013 letter from Ted Gammell to Bhupen Shah, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The letter contains discussion of ViaSat's business and technical information, which ViaSat has identified

| | | |
|---|---|---|
| 1 | | as confidential. |
| 2 | aa) | Exh. 30 to the Fitzgerald Dec. is a March 18, 2013 letter from Bhupen |
| 3 | | Shah to Ted Gammell, which Acacia designated as Highly Confidential |
| 4 | | – Attorneys' Eyes Only.  The letter contains discussion of Acacia's |
| 5 | | business and technical information, which Acacia has identified as |
| 6 | | confidential. |
| 7 | bb) | Exh. 31 to the Fitzgerald Dec. is a March 13, 2013 email between Raj |
| 8 | | Shanmugaraj, Benny Mikkelsen, Christian Rasmussen, and Bhupen |
| 9 | | Shah, which Acacia designated as Highly Confidential – Attorneys' |
| 10 | | Eyes Only.  The email contains discussion of Acacia's business and |
| 11 | | technical information, which Acacia has identified as confidential. |
| 12 | cc) | Exh. 32 to the Fitzgerald Dec. is an update to the encoder and decoder |
| 13 | | specification for the Meru product, which Acacia designated as Highly |
| 14 | | Confidential – Attorneys' Eyes Only.  The specification contains |
| 15 | | discussion of Acacia's technical information, which Acacia has |
| 16 | | identified as confidential. |
| 17 | dd) | Exh. 33 to the Fitzgerald Dec. is a November 27, 2012 email between |
| 18 | | Christian Rasmussen and Benny Mikkelsen, Bhupen Sha, John |
| 19 | | LoMedico, Mehrdad Givechi, Raj Shanmugaraj, and Feng-hai Liu, |
| 20 | | along with an attachment, which Acacia designated as Highly |
| 21 | | Confidential – Attorneys' Eyes only.  The email contains discussion of |
| 22 | | Acacia's business and technical information, which Acacia has |
| 23 | | identified as confidential. |
| 24 | ee) | Exh. 34 to the Fitzgerald Dec. is a June 11, 2012 email between Gary |
| 25 | | Martin and Pierre Humblet, which Acacia designated as Highly |
| 26 | | Confidential – Attorneys' Eyes Only.  The email contains discussion of |
| 27 | | Acacia's business and technical information, which Acacia has |
| 28 | | identified as confidential. |

1  ff)  Exh. 35 to the Fitzgerald Dec. is an October 24, 2012 email between Jon Stahl, Larry Pellach, Kevin Hinchey, Gary Martin, and Peter Monsen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

gg)  Exh. 36 to the Fitzgerald Dec. is a July 8, 2009 email between Benny Mikkelsen, Bhupen Shah, Eric Swanson, Christian Rasmussen, and Stan Reiss, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

hh)  Exh. 37 to the Fitzgerald Dec. is a March 20, 2014 email between Bhupen Shah, John LoMedico, Benny Mikkelsen, Feng-hai Liu, and Christian Rasmussen, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

ii)  Exh. 38 to the Fitzgerald Dec. is a June 10, 2010 email between Benny Mikkelsen, Eric Swanson, and Raj Shanmugaraj, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

jj)  Exh. 39 to the Fitzgerald Dec. is a November 27, 2012 email between Raj Shanmugaraj, Benny Mikkelsen, Christian Rasmussen, Bhupen Shah, and Mehrdad Givehchi, which Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The email contains discussion of Acacia's business and technical information, which Acacia has identified as confidential.

1   True and correct unredacted copies of those documents are being lodged
2  under seal concurrently herewith.  Attached hereto is a redacted copy of ViaSat,
3  Inc.'s Opposition to Acacia Communications, Inc.'s Motion for Summary Judgment
4  Regarding No Liability, and the Declaration of Kenneth M. Fitzgerald in support of
5  the Opposition, attaching exhibits 1-4.

### III.   Conclusion

7   Therefore, pursuant to ViaSat's obligations under the Stipulated Protective
8  Order § 1 (Dkt. No. 29), ViaSat respectfully requests that the Court file under seal
9  (a) portions of ViaSat, Inc.'s Opposition to Acacia Communications, Inc.'s Motion
10 for Summary Judgment Regarding No Liability, and (b) exhibits 5-39 to the
11 Declaration of Kenneth M. Fitzgerald.

13 Dated:   February 12, 2018                           FITZGERALD KNAIER LLP

By: s/ *Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald, Esq.
Keith M. Cochran, Esq.

-and-

WARREN LEX LLP
Matthew S. Warren, Esq.
Patrick M. Shields, Esq.

Attorneys for Plaintiff and Counter
Defendant ViaSat, Inc.

## **CERTIFICATE OF SERVICE**

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated:   February 12, 2018

s/ *Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald, Esq.