FITZGERALD KNAIER LLP
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@fitzgeraldknaier.com
   David M. Beckwith, Esq. (SBN: 125130)
   dbeckwith@fitzgeraldknaier.com
   Keith M. Cochran, Esq. (SBN: 254346)
   kchochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

WARREN LEX LLP
   Matthew S. Warren, Esq. (SBN: 230565)
   16-463@cases.warrenlex.com
   Patrick M. Shields, Esq. (SBN: 204739)
   16-463@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

Attorneys for Plaintiff and Counter Defendant
ViaSat, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.**, *a Delaware corporation*, <br><br> Plaintiff and Counter Defendant, <br><br> v. <br><br> **Acacia Communications, Inc.**, *a Delaware corporation*, <br><br> Defendant and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **Declaration of Kenneth M. Fitzgerald In Support Of ViaSat, Inc.'s Opposition to Defendant Acacia Communications, Inc.'s Motion for Summary Judgment Regarding No Liability** <br><br> Date: February 26, 2018 <br> Time: 10:30 a.m. <br> Place: Courtroom 5A <br><br> Dist. Judge: Hon. Roger T. Benitez |

*ViaSat v. Acacia,* 3:16-00463-BEN-JMA
Fitzgerald Dec. ISO ViaSat's Opposition to Acacia's MSJ Re No Liability

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

) Hon. Magistrate Jan M. Adler
) Case Initiated: January 21, 2016

I, Kenneth M. Fitzgerald, declare as follows:

1. I am an attorney at Fitzgerald Knaier LLP, counsel for plaintiff and counter defendant ViaSat, Inc. I am licensed to practice law in the State of California and admitted to this Court. I have personal knowledge of the facts set forth in this declaration, to which I could and would testify competently if called upon to do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of Deposition Exhibit 501, the License Agreement at issue in this action.

3. Attached hereto as Exhibits 2-4 are true and correct copies of correspondence between ViaSat's Associate General Counsel Erik Bliss and Acacia's Vice President Bhupen Shah and General Counsel Janene Asgeirsson.

4. Attached hereto as Exhibits 5 through 16 are true and correct excerpts from the deposition transcripts of the following witnesses, with the relevant testimony marked in brackets:

- 5–Gary Martin, Ph.D. (30(b)(6) designee of Acacia)
- 6– Pierre Humblet, Ph.D.
- 7– Peter Monsen
- 8– Christian Rasmussen, Ph.D.
- 9– Benny Mikkelsen, Ph.D.
- 10– Lawrence Pellach
- 11– Bhupen Shah (30(b)(6) designee of Acacia)
- 12– Russell Fuerst, Ph.D.
- 13– Richard Koralek, Ph.D.
- 14– Alexander Vardy, Ph.D.
- 15– Krishna Narayanan, Ph.D.
- 16– Marwan Hassoun, Ph.D.

5. Attached hereto as Exhibit 17 is a true and correct copy of the opening expert report of ViaSat's retained technical expert Krishna Narayanan, Ph.D.

6.      Attached hereto as Exhibit 18 is a true and correct copy of the opening expert report of Acacia's retained technical expert Alexander Vardy, Ph.D.

7.      Attached hereto as Exhibit 19 is a true and correct copy of the opening expert report of ViaSat's retained source code expert Marwan Hassoun, Ph.D.

8.      Attached hereto as Exhibit 20 is a true and correct copy of the Expert Report of ViaSat's retained expert Stephen Prowse, Ph.D.

9.      Attached hereto as Exhibit 21 is a true and correct copy of ViaSat's Amended Trade Secret Identification, which we served on Acacia's counsel in this case.

10.     Attached hereto as Exhibit 22 is a true and correct copy of Acacia Communications, Inc.'s Supplemental Responses to ViaSat, Inc.'s Requests for Admission (Set One).

11.     Attached hereto as Exhibit 23 is a true and correct copy of Deposition Exhibit 212 (bates-numbered VIASAT032870), which was produced by ViaSat in this litigation.

12.     Attached as Exhibits 24 through 39 are true and correct highlighted copies of documents produced in discovery by counsel for Acacia.  The documents all bear the Bates numbers used by Acacia to designate its documents, beginning with the prefix "ACI,", and all were marked by Acacia as "Highly Confidential – Attorneys' Eyes Only" under the terms of the Stipulated Protective Order in this action.  Many of these documents were marked and used as deposition exhibits in the depositions of Acacia's witnesses.  Where the exhibits were used as deposition exhibits, the deposition exhibit numbers are reflected in the numbered exhibit stamp on the first page of each exhibit, and indicated in the Index of Exhibits accompanying this opposition.  We have highlighted certain language from these exhibits where that language is relevant to the assertions in our opposition.

6.      Attached hereto as Exhibit 18 is a true and correct copy of the opening expert report of Acacia's retained technical expert Alexander Vardy, Ph.D.

7.      Attached hereto as Exhibit 19 is a true and correct copy of the opening expert report of ViaSat's retained source code expert Marwan Hassoun, Ph.D.

8.      Attached hereto as Exhibit 20 is a true and correct copy of the Expert Report of ViaSat's retained expert Stephen Prowse, Ph.D.

9.      Attached hereto as Exhibit 21 is a true and correct copy of ViaSat's Amended Trade Secret Identification, which we served on Acacia's counsel in this case.

10.     Attached hereto as Exhibit 22 is a true and correct copy of Acacia Communications, Inc.'s Supplemental Responses to ViaSat, Inc.'s Requests for Admission (Set One).

11.     Attached hereto as Exhibit 23 is a true and correct copy of Deposition Exhibit 212 (bates-numbered VIASAT032870), which was produced by ViaSat in this litigation.

12.     Attached as Exhibits 24 through 39 are true and correct highlighted copies of documents produced in discovery by counsel for Acacia.  The documents all bear the Bates numbers used by Acacia to designate its documents, beginning with the prefix "ACI,", and all were marked by Acacia as "Highly Confidential – Attorneys' Eyes Only" under the terms of the Stipulated Protective Order in this action.  Many of these documents were marked and used as deposition exhibits in the depositions of Acacia's witnesses.  Where the exhibits were used as deposition exhibits, the deposition exhibit numbers are reflected in the numbered exhibit stamp on the first page of each exhibit, and indicated in the Index of Exhibits accompanying this opposition.  We have highlighted certain language from these exhibits where that language is relevant to the assertions in our opposition.

1    I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.  Executed this 12th day of February
3  2018 in San Diego, California.

s/ *Kenneth M. Fitzgerald*

Kenneth M. Fitzgerald

## CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that, to the extent they are not registered CM/ECF Users, I am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated:   February 12, 2018                    s/ *Kenneth M. Fitzgerald*
                                              Kenneth M. Fitzgerald, Esq.