WOLF, GREENFIELD & SACKS, P.C.
   Michael A. Albert (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 558566
   malbert@wolfgreenfield.com
   Hunter D. Keeton (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 660609
   hkeeton@wolfgreenfield.com
   Stuart V. C. Duncan Smith (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 687976
   sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   Victor M. Felix (SBN: 179622)
   victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,**<br>*a Delaware corporation,*<br><br>      Plaintiff<br>      and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,**<br>*a Delaware corporation,*<br><br>      Defendant<br>      and Counter Claimant. | Case No. 3:16-cv-00463-BEN-JMA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler<br><br>No Oral Argument<br>Application Under Submission |

1    Defendant Acacia Communications, Inc. ("Acacia") hereby opposes Plaintiff
2 ViaSat, Inc.'s ("ViaSat") request for leave to file a surreply to Acacia's Motion for
3 Partial Summary Judgment. ViaSat's request should be denied.
4    The Federal Rules of Civil Procedure do not authorize the filing of a surreply,
5 and neither do the Local Rules. Although district courts have discretion as to whether
6 to permit or preclude the filing of a surreply (*Johnson v. Wennes*, No. 08-1798, 2009 WL
7 1161620, at *2 (S.D. Cal. Apr. 28, 2009)), courts have generally viewed motions for
8 leave to file a surreply with disfavor, allowing them "only where a valid reason for such
9 additional briefing exists, such as where the movant raises new arguments in its reply
10 brief." *Hill v. England*, No. 05-869, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)
11 (citation omitted) (motion for leave to file surreply denied because new arguments
12 were not raised by the reply brief); *JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 803 n.14
13 (9th Cir. 2008) (affirming denial of motion for leave to file surreply because new
14 evidence was not considered in the reply); *Flournoy v. Sacramento Cty. Sheriff Dep't*, No.
15 11-2844, 2017 WL 4237868, at *15 (E.D. Cal. Sept. 25, 2017) (striking surreply as
16 lacking good cause, such as responding to new arguments raised in reply brief).
17    Here, ViaSat's proposed surreply focuses on an issue – the reconsideration
18 decision of the court in *Digital Envoy II* – that ViaSat could (and should) have cited to
19 this Court and discussed in its Opposition, when it cited *Digital Envoy I*.
20    ViaSat's proposed surreply would merely compound the error sown by its
21 Opposition. While the Opposition ignored *Digital Envoy II* altogether, one might
22 charitably conclude that ViaSat had merely neglected to locate that decision. But now
23 that ViaSat has seen that holding, its attempt, in the surreply, to brush it aside as
24 irrelevant is inexplicable.
25    It would be unfair to Acacia for ViaSat to be allowed to raise the issues in its
26 surreply without Acacia having the same opportunity to reply that it would have had if
27 ViaSat had made these arguments in its Opposition. This prejudice is material because
28 ViaSat's arguments are legally incorrect and misleading on a dispositive issue.

1  In its reconsideration ruling in *Digital Envoy II*, **that court addressed, head-on, the precise issue that divides the parties here**: Is it contrary to law for a court to enforce a contractual limitation on liability clause that purports to limit liability for trade secret misappropriation claims? *Digital Envoy II* at 5-6. The court's answer was no: There is **no** legal obstacle to enforcing such a limitation clause. (Indeed, in that case, it was a fully **exculpatory** clause, not merely a generously-set cap, as here.)

ViaSat's sole effort to distinguish that case on the merits in its proposed surreply – which it buries in footnote 1 – is unavailing. ViaSat points out that, in *Digital Envoy II*, there was language about "willful misconduct" not present here. But that fact only helps Acacia. The "willful" language in *Digital Envoy I* and *II* is what gave rise to the need for the Court to assess whether or not the exculpatory contractual language applied, by its own terms, to the trade secrets claim in that case. That issue is not in dispute here – it is undisputed that, by expressly covering "tort" claims – Section 13 **does** purport, on its face, to limit liability for trade secret claims. ViaSat's argument is that there is some kind of legal prohibition on a clause that does that. *Digital Envoy II* holds expressly the opposite.

Given the amount of paper already before the Court, Acacia will not at this time address the remainder of ViaSat's new arguments or other rhetoric in its surreply.

In sum, ViaSat's request for leave to file a surreply should be denied, or in the alternative Acacia should be given leave to respond.

Date: February 16, 2018                    Respectfully Submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: *s/ Michael A. Albert*
Michael A. Albert
Hunter D. Keeton
Stuart V. C. Duncan Smith

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

Defendant's Opposition to Plaintiff's Ex Parte Application for Leave
To File a Surreply to Defendant's Motion for Partial Summary Judgment

Case No. 3:16-CV-00463-BEN-JMA

2

# CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that, to the extent they are not registered CM/ECF Users, I am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.

Date: February 16, 2018  *s/ Michael A. Albert*
Michael A. Albert

Defendant's Opposition to Plaintiff's Ex Parte Application for Leave To File a Surreply to Defendant's Motion for Partial Summary Judgment

Case No. 3:16-CV-00463-BEN-JMA

3