WOLF, GREENFIELD & SACKS, P.C.
   Michael A. Albert (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 558566
   malbert@wolfgreenfield.com
   Hunter D. Keeton (Admitted *Pro Hac Vice*)
   Mass. B.B.O No. 660609
   hkeeton@wolfgreenfield.com
   Stuart V. C. Duncan Smith (Admitted Pro Hac Vice)
   Mass. B.B.O No. 687976
   sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000   Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   Victor M. Felix (SBN: 179622)
   victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229   Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,** <br> *a Delaware corporation,* <br><br>         Plaintiff <br>         and Counter Defendant, <br><br> v. <br><br> **Acacia Communications, Inc.,** <br> *a Delaware corporation,* <br><br>         Defendant <br>         and Counter Claimant | Case No. 3:16-cv-00463-BEN-JMA <br><br> **ACACIA COMMUNICATIONS, INC.'S MOTION TO FILE UNDER SEAL DOCUMENTS ASSOCIATED WITH ITS FEBRUARY 16, 2018 FILINGS** <br><br> Judge: Hon. Roger T. Benitez <br> Mag. Judge: Hon. Jan M. Adler <br><br> Date: February 26, 2018 and March 5, 2018 <br> Time: 10:30 a.m. <br> Courtroom: 5A |

Under Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), the Stipulated Protective Order § 1 (D.I. 29), and Magistrate Judge Adler's Chamber Rules at 3, Defendant and Counter Claimant Acacia Communications, Inc. ("Acacia") submits this motion to file under seal portions of four memoranda it is filing today, and certain of exhibits attached to Declarations of Stuart V. C. Duncan Smith in connection with the memoranda.

## ARGUMENT

Certain limited portions of memoranda and certain of the exhibits attached to the Declarations of Stuart V. C. Duncan Smith in connection with those memoranda contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (D.I. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Acacia seeks to seal the following documents:

a. Portions of Acacia Communications, Inc.'s Opposition to ViaSat, Inc.'s Motion to Exclude Expert Testimony, which contains information that ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential technical and business information of both ViaSat and Acacia regarding the parties' alleged trade secrets, accused products, and business dealings.

b. Portions of Acacia Communications, Inc.'s Opposition to ViaSat, Inc.'s Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation. These portions contain confidential technical information of both ViaSat and Acacia regarding the parties' alleged trade secrets and accused products.

c. Portions of Acacia Communications, Inc.'s Opposition to ViaSat, Inc.'s Motion for Partial Summary Judgment, which contains information that

ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential technical and business information of both ViaSat and Acacia regarding the parties' alleged trade secrets, accused products, and business dealings.

d. Portions of Acacia Communications, Inc.'s Reply in Support of its Motion for Summary Judgment Regarding No Liability, which contains information that ViaSat and Acacia have designated as Highly Confidential – Attorneys' Eyes Only. These portions contain confidential technical and business information of both ViaSat and Acacia regarding the parties' alleged trade secrets, accused products, and business dealings.

e. Exhibit 90 attached thereto, which is a copy of excerpts of the condensed transcript of the December 11, 2017 deposition of Dr. Alexander Vardy, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 90 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical information that Acacia has identified as confidential.

f. Exhibit 91 attached thereto, which is a copy of excerpts of the transcript of the December 15, 2017 deposition of Dr. Richard L. Koralek, and contains information that Acacia has designated as Confidential Source Code – Attorneys' Eyes Only Information. Exhibit 91 contains discussion of ViaSat's alleged trade secrets and Acacia's accused products as well as technical and source code information that Acacia has identified as confidential.

g. Exhibit 92 attached thereto, which is a copy of excerpts of the condensed transcript of the July 25, 2017 deposition of William Thesling with attached errata sheet, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 92 contains

|   |   | discussion of ViaSat's alleged trade secrets as well as technical information from both parties that ViaSat has identified as confidential. |
|---|---|---|

h. Exhibit 93 attached thereto, which is a copy of excerpts of the condensed transcript of the December 6, 2017 deposition of Dr. Marwan Hassoun, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 93 contains discussion of ViaSat's alleged trade secrets as well as technical information from both parties that ViaSat has identified as confidential.

i. Exhibit 94 attached thereto, which is copy of excerpts of the condensed transcript of the December 13, 2017 deposition of Brent Bersin, and contains information that Acacia has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 94 contains discussion of both parties' accused products as well as the parties' business and financial information that Acacia has identified as confidential.

j. Exhibit 96 attached thereto, which is copy of a letter dated October 12, 2017 from Erika Warren to Stuart Duncan Smith regarding document productions, and contains ViaSat's confidential information. Exhibit 96 contains information regarding ViaSat's business practices and ViaSat's accused products.

k. Exhibit 97 attached thereto, which is a copy of excerpts of the condensed transcript of the November 30, 2017 deposition of Stephen D. Prowse, and contains information that ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 97 contains discussion of both ViaSat's accused products as well as the ViaSat's business and financial information that ViaSat has identified as confidential.

l. Exhibit 102 attached thereto, which is a copy of Acacia Communications, Inc.'s Responses to ViaSat, Inc.'s Interrogatories (Set Two), dated September 22, 2017, and contains information that Acacia has designated

|   |   |   |
|---|---|---|
| 1 | | as Highly Confidential – Attorneys' Eyes Only. Exhibit 102 contains |
| 2 | | discussion of Acacia's alleged trade secrets and business practices which |
| 3 | | constitute technical and business information that Acacia has identified as |
| 4 | | confidential. |
| 5 | m. | Exhibit 103 attached thereto, which is a copy of Acacia Communications, |
| 6 | | Inc.'s Trade Secret Identification, dated December 13, 2016, and contains |
| 7 | | information that Acacia has designated as Highly Confidential – |
| 8 | | Attorneys' Eyes Only. Exhibit 103 contains discussion of Acacia's |
| 9 | | alleged trade secrets which constitute technical information that Acacia |
| 10 | | has identified as confidential. |
| 11 | n. | Exhibit 104 attached thereto, which is a copy of excerpts from the |
| 12 | | condensed transcript of the September 13, 2017 deposition of Lawrence |
| 13 | | Esker with attached errata sheet, and contains information that ViaSat |
| 14 | | has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit |
| 15 | | 104 contains discussion of Acacia's alleged trade secrets as well as |
| 16 | | technical information from both parties that ViaSat has identified as |
| 17 | | confidential. |
| 18 | o. | Exhibit 105 attached thereto, which is a copy of excerpts from the |
| 19 | | condensed transcript of the July 25, 2017 deposition of William Thesling |
| 20 | | with attached errata sheet, and contains information that ViaSat has |
| 21 | | designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 105 |
| 22 | | contains discussion of Acacia's alleged trade secrets as well as technical |
| 23 | | information from both parties that ViaSat has identified as confidential. |
| 24 | p. | Exhibit 106 attached thereto, which is a copy of excerpts from the |
| 25 | | condensed transcript of the June 30, 2017 deposition of Matthew Nimon |
| 26 | | with attached errata sheet, and contains information that ViaSat has |
| 27 | | designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 106 |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 | | contains discussion of Acacia's alleged trade secrets as well as technical |
| 2 | | information from both parties that ViaSat has identified as confidential. |
| 3 | q. | Exhibit 112 attached thereto, which is a copy of Exhibit C to IP Core |
| 4 | | Development & License Agreement No. TG1102009 from ViaSat, Inc., |
| 5 | | entered as Deposition Exhibit No. 30, and contains information that |
| 6 | | ViaSat has designated as Highly Confidential – Attorneys' Eyes Only. |
| 7 | | Exhibit 112 contains discussion of ViaSat and Acacia's technical |
| 8 | | information and Acacia's alleged trade secrets that ViaSat has identified |
| 9 | | as confidential. |
| 10 | r. | Exhibit 113 attached thereto, which is a copy of an email from Bhupen |
| 11 | | Shah to Ted Gammell, dated from February 23, 2012 through May 3, |
| 12 | | 2012, and contains information that ViaSat has designated as Highly |
| 13 | | Confidential – Attorneys' Eyes Only. Exhibit 113 contains discussion of |
| 14 | | ViaSat's business practices as well as Acacia's alleged which constitute |
| 15 | | business and technical information that ViaSat has identified as |
| 16 | | confidential. |
| 17 | s. | Exhibit 114 attached thereto, which is a demonstrative exhibit showing |
| 18 | | comparisons between patents in ViaSat's patent family, Acacia's Trade |
| 19 | | Secrets, and an exhibit to a License Agreement between ViaSat and |
| 20 | | Acacia. Exhibit 114 contains information that Acacia has designated as |
| 21 | | Highly Confidential – Attorneys' Eyes Only and contains discussion and |
| 22 | | analysis of Acacia's alleged trade secrets. |
| 23 | t. | Exhibit 115 attached thereto, which is a copy of excerpts from the |
| 24 | | condensed transcript of the August 16, 2017 deposition of Dr. Benny |
| 25 | | Mikkelsen, and contains information that Acacia has designated as Highly |
| 26 | | Confidential – Attorneys' Eyes Only. Exhibit 115 contains discussion of |
| 27 | | ViaSat's alleged trade secrets and Acacia's accused products as well as the |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 |   | parties' technical and business information that Acacia has identified as |
| 2 |   | confidential. |
| 3 | u. | Exhibit 116 attached thereto, which is a copy of excerpts from |
| 4 |   | condensed transcript of the August 10, 2017 deposition of Dr. Gary D. |
| 5 |   | Martin, and contains information that Acacia has designated as Highly |
| 6 |   | Confidential – Attorneys' Eyes Only. Exhibit 116 contains discussion of |
| 7 |   | ViaSat's alleged trade secrets and Acacia's accused products as well as the |
| 8 |   | parties' technical and business information that Acacia has identified as |
| 9 |   | confidential. |
| 10 | v. | Exhibit 117 attached thereto, which is a copy of an email from Russell |
| 11 |   | Fuerst to Phil Mar, dated October 21, 2016 and marked as Deposition |
| 12 |   | Exhibit 662, and contains information that ViaSat has designated as |
| 13 |   | Highly Confidential – Attorneys' Eyes Only. Exhibit 117 contains |
| 14 |   | discussion of technical and business information that ViaSat has |
| 15 |   | identified as confidential. |
| 16 | w. | Exhibit 118 attached thereto, which is a copy of excerpts from the |
| 17 |   | condensed transcript of the October 13, 2017 deposition of Prakash |
| 18 |   | Chitre with attached errata sheet, and contains information that ViaSat |
| 19 |   | has designated as Highly Confidential – Attorneys' Eyes Only. Exhibit |
| 20 |   | 118 contains discussion of ViaSat's business and financial information |
| 21 |   | that ViaSat has identified as confidential. |
| 22 | x. | Exhibit 119 attached thereto, which is a copy of the Expert Report of Dr. |
| 23 |   | Paul R. Pruncal, dated October 27, 2017, and contains information that |
| 24 |   | Acacia has designated as Highly Confidential – Attorneys' Eyes Only. |
| 25 |   | Exhibit 119 contains discussion of Acacia's alleged trade secrets and |
| 26 |   | ViaSat's accused products as well as technical information that Acacia has |
| 27 |   | identified as confidential. |
| 28 |   |   |

|   |   |   |
|---|---|---|
| 1 | y. | Exhibit 120 attached thereto, which is a copy of an email from Jane |
| 2 |    | Smith to Lee Ann Roling-Bauder, et al., dated July 26, 2011 and marked |
| 3 |    | as Deposition Exhibit 121, and contains information that ViaSat has |
| 4 |    | designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 120 |
| 5 |    | contains discussion of information regarding ViaSat's business practices |
| 6 |    | that ViaSat has identified as confidential. |
| 7 | z. | Exhibit 121 attached thereto, which is a copy of an email from Fan Mo |
| 8 |    | to Andy Lincoln and Bill Thesling, dated March 17, 2010, and contains |
| 9 |    | information that ViaSat has designated as Highly Confidential – |
| 10 |    | Attorneys' Eyes Only.  Exhibit 121 contains discussion of information |
| 11 |    | regarding ViaSat's technical and business practices that ViaSat has |
| 12 |    | identified as confidential. |
| 13 | aa. | Exhibit 122 attached thereto, which is a copy of excerpts from the |
| 14 |    | condensed transcript of the September 14, 2017 deposition of Fan Mo |
| 15 |    | with attached errata sheet, and contains information that ViaSat has |
| 16 |    | designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 122 |
| 17 |    | contains discussion of ViaSat's business and technical information that |
| 18 |    | ViaSat has identified as confidential. |
| 19 | bb. | Exhibit 123 attached thereto, which is a copy of an email from Eric |
| 20 |    | Swanson to Raj Shanmugaraj, et al., dated March 18, 2010, and contains |
| 21 |    | information that Acacia has designated as Highly Confidential – |
| 22 |    | Attorneys' Eyes Only.  Exhibit 123 contains discussion of information |
| 23 |    | regarding ViaSat's technical and business practices that Acacia has |
| 24 |    | identified as confidential. |
| 25 | cc. | Exhibit 124 attached thereto, which is a copy of an email from Bhupen |
| 26 |    | Shah to Benny Mikkelsen, et al., dated March 18, 2010, and contains |
| 27 |    | information that Acacia has designated as Highly Confidential – |
| 28 |    | Attorneys' Eyes Only.  Exhibit 124 contains discussion of the parties' |

| | | |
|---|---|---|
| 1 | | business information and the IP Core Development and License |
| 2 | | Agreement that Acacia has identified as confidential. |
| 3 | dd. | Exhibit 125 attached thereto, which is a copy of an email from Ted |
| 4 | | Gammell to Prakash Chitre and Russell Fuerst dated April 14, 2010 with |
| 5 | | a copy of the ACACIA No-Compete Summary attached, and contains |
| 6 | | information that ViaSat has designated as Highly Confidential – |
| 7 | | Attorneys' Eyes Only. Exhibit 125 contains discussion of the parties' |
| 8 | | business information and the IP Core Development and License |
| 9 | | Agreement that ViaSat has identified as confidential. |
| 10 | ee. | Exhibit 126 attached thereto, which is a copy of excerpts from the |
| 11 | | condensed transcript of the September 28, 2017 deposition of Bhupendra |
| 12 | | Shah, and contains information that Acacia has designated as Highly |
| 13 | | Confidential – Attorneys' Eyes Only. Exhibit 126 contains discussion of |
| 14 | | ViaSat's alleged trade secrets and Acacia's accused products as well as the |
| 15 | | parties' technical and business information that Acacia has identified as |
| 16 | | confidential. |
| 17 | ff. | Exhibit 127 attached thereto, which is a copy of excerpts from the |
| 18 | | condensed transcript of the October 11, 2017 deposition of Dr. Christian |
| 19 | | J. Rasmussen, and contains information that Acacia has designated as |
| 20 | | Highly Confidential – Attorneys' Eyes Only. Exhibit 127 contains |
| 21 | | discussion of ViaSat's alleged trade secrets and Acacia's accused products |
| 22 | | as well as the parties' technical and business information that Acacia has |
| 23 | | identified as confidential. |
| 24 | gg. | Exhibit 128 attached thereto, which is a copy of an email from Raj |
| 25 | | Shanmugaraj to Bhupen Shah, Christian Rasmussen, and Benny |
| 26 | | Mikkelsen dated November 12, 2013, and contains information that |
| 27 | | Acacia has designated as Highly Confidential – Attorneys' Eyes Only. |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 |   | Exhibit 128 contains discussion of Acacia's business and technical |
| 2 |   | information that Acacia has identified as confidential. |
| 3 | hh. | Exhibit 129 attached thereto, which is a copy of an email from Raj |
| 4 |   | Shanmugaraj to Bhupen Shah, Christian Rasmussen, and Benny |
| 5 |   | Mikkelsen dated February 26, 2014, and contains information that Acacia |
| 6 |   | has designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit |
| 7 |   | 129 contains discussion of Acacia's business and technical information |
| 8 |   | that Acacia has identified as confidential. |
| 9 | ii. | Exhibit 130 attached thereto, which is a copy of excerpts from the |
| 10 |   | condensed transcript of the December 12, 2017 deposition of Dr. Ivan |
| 11 |   | Djordjevic, and contains information that ViaSat has designated as |
| 12 |   | Highly Confidential – Attorneys' Eyes Only.  Exhibit 130 contains |
| 13 |   | discussion of Acacia's alleged trade secrets and ViaSat's accused products |
| 14 |   | as well as technical information from both parties that ViaSat has |
| 15 |   | identified as confidential. |
| 16 | jj. | Exhibit 131 attached thereto, which is a copy of an email from Sameep |
| 17 |   | Dave to Bhupen Shah, et al., dated February 23, 2010 and marked as |
| 18 |   | Deposition Exhibit 344, and contains information that ViaSat has |
| 19 |   | designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 131 |
| 20 |   | contains discussion of Acacia's alleged trade secrets and the parties' |
| 21 |   | technical information that ViaSat has identified as confidential. |
| 22 | kk. | Exhibit 132 attached thereto, which is a copy of ViaSat's "Functional |
| 23 |   | Specifications for Demodulator / DSP ASCI IP Core for Polo," marked |
| 24 |   | as Deposition Exhibit 345, and contains information that ViaSat has |
| 25 |   | designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 132 |
| 26 |   | contains discussion of Acacia's alleged trade secrets and the parties' |
| 27 |   | technical information that ViaSat has identified as confidential. |
| 28 |   |   |

| | | |
|---|---|---|
| 1 | ll. | Exhibit 133 attached thereto, which is a copy of excerpts from the |
| 2 | | condensed transcript of the August 8, 2017 deposition of Lawrence S. |
| 3 | | Pellach, and contains information that Acacia has designated as Highly |
| 4 | | Confidential – Attorneys' Eyes Only. Exhibit 133 contains discussion of |
| 5 | | ViaSat's alleged trade secrets and business practices as well as the parties' |
| 6 | | technical and business information that Acacia has identified as |
| 7 | | confidential. |
| 8 | mm. | Exhibit 134 attached thereto, which is a copy of excerpts from the |
| 9 | | condensed transcript of the July 26, 2017 deposition of Russell Fuerst, |
| 10 | | and contains information that ViaSat has designated as Highly |
| 11 | | Confidential – Attorneys' Eyes Only. Exhibit 134 contains discussion of |
| 12 | | the parties' business information that ViaSat has identified as |
| 13 | | confidential. |
| 14 | nn. | Exhibit 135 attached thereto, which is a copy of an email from Ted |
| 15 | | Gammell to Scott Stiefel dated August 18, 2010 and marked as |
| 16 | | Deposition Exhibit 123, and contains information that ViaSat has |
| 17 | | designated as Highly Confidential – Attorneys' Eyes Only. Exhibit 135 |
| 18 | | contains discussion of the parties' business information and the IP Core |
| 19 | | Development and License Agreement that ViaSat has identified as |
| 20 | | confidential. |
| 21 | oo. | Exhibit 136 attached thereto, which is a copy of excerpts from the |
| 22 | | condensed transcript of the September 12, 2017 deposition of Sameep |
| 23 | | Dave, and contains information that ViaSat has designated as Highly |
| 24 | | Confidential – Attorneys' Eyes Only. Exhibit 136 contains discussion of |
| 25 | | ViaSat's alleged trade secrets as well as technical and business |
| 26 | | information that ViaSat has identified as confidential. |
| 27 | pp. | Exhibit 137 attached thereto, which is a copy of Exhibit B to the IP Core |
| 28 | | Development and License Agreement No. TG1102009 entered as |

|   |   |   |
|---|---|---|
| 1 | | Deposition Exhibit No. 343, and contains information that ViaSat has |
| 2 | | designated as Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 137</u> |
| 3 | | contains discussion of the parties' technical and business information that |
| 4 | | ViaSat has identified as confidential. |
| 5 | qq. | <u>Exhibit 138</u> attached thereto, which is a copy of excerpts from the |
| 6 | | condensed transcript of the December 6, 2017 deposition of Marwan |
| 7 | | Hassoun, Ph.D., and contains information that ViaSat has designated as |
| 8 | | Highly Confidential – Attorneys' Eyes Only. <u>Exhibit 138</u> contains |
| 9 | | discussion of ViaSat's alleged trade secrets as well as technical |
| 10 | | information from both parties that ViaSat has identified as confidential. |

Acacia will electronically file public versions of Acacia's memoranda with confidential information redacted. Therefore, this request is narrowly tailored to protect only the information that is confidential.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts must ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3-4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-023 72, 2012 WL 1940677, at

*3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury").

Good cause to file under seal exists because the information Acacia seeks to seal has been identified as confidential by Acacia, ViaSat, and third parties. Publicly filing the information would prejudice Acacia, ViaSat, and third parties by revealing technical and financial information that could be used for competitive advantage outside of this case. Therefore, there is good cause to seal this information.

## **CONCLUSION**

For the foregoing reasons, Acacia respectfully requests that the Court seal the portions of Acacia's Memorandum and the documents listed above. A Proposed Order will be emailed to efile_benitez@casd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated: February 16, 2018

Respectfully Submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: *s/Michael A. Albert*
Michael A. Albert
Hunter D. Keeton
Stuart V. C. Duncan Smith

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

# **CERTIFICATE OF SERVICE**

I certify that today I served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., per the agreement of counsel.

Date: February 16, 2018         *s/Michael A. Albert*
                                Michael A. Albert