FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (State Bar No. 142505)
    kfitzgerald@fitzgeraldknaier.com
    David Beckwith (State Bar No. 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran (State Bar No. 254346)
    kcochran@fitzgeraldknaier.com
    402 West Broadway, Suite 1400
    San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
    Matthew S. Warren (State Bar No. 230565)
    Patrick M. Shields  (State Bar No. 204739)
    Erika H. Warren (State Bar No. 295570)
    16-463@cases.warrenlex.com
    2261 Market Street, No. 606
    San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter-Defendant ViaSat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.<br>a Delaware corporation,<br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC.<br>a Delaware corporation,<br>    Defendant and Counter-Claimant.<br>_____ ) | Case No. 3:16-463-BEN-JMA<br><br>**ViaSat's *Ex Parte* Application For Leave to Correct Errors in its Motions for Summary Judgment and to Exclude Expert Testimony**<br><br>**No Oral Argument**<br>**Application Under Submission**<br><br>Hon. Dist. Judge Roger T. Benitez<br>Hon. Magistrate Judge Jan M. Adler<br>Case Initiated:  January 21, 2016 |

# TABLE OF CONTENTS

INTRODUCTION…………………………………………………………………1

BACKGROUND…………………………………………………………………...1

DISCUSSION……………………………………………………………………...2

I.   Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation……………………………………………..…………… 2

   A.   Erroneous Quotation Marks at 4:5-6………..…………………………....2

   B.   Erroneous Citation at 4:7-10……………………………….…………....3

   C.   Erroneous Citation at 4:22-23……………………...…………………....4

II.   Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony………………………………………...………………..… 5

CONCLUSION……………………………………………………………………… 6

**INTRODUCTION**

This *ex parte* application seeks an Order allowing ViaSat to file corrected versions of two memoranda of points and authorities, both filed on February 2, 2018.  In its papers opposing these memoranda, Acacia pointed out citation errors in ViaSat's papers.  ViaSat regrets having submitted briefs containing such errors, and wishes the Court to consider only papers that properly cite applicable case law.  ViaSat therefore seeks leave to file corrected versions of the two memoranda, which repair the errors without changing their substance.

**BACKGROUND**

On February 2, 2018, ViaSat filed its Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, Docket No. 89-1, and its Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony, Docket No. 95-1.  On Friday, February 16, 2018, Acacia filed its oppositions, in which it identified several citation errors contained within ViaSat's motions.  Docket Nos. 119 and 120.  We immediately investigated Acacia's statements, and confirmed that both memoranda indeed contained inadvertent errors caused by mistakes of ViaSat's counsel.  *See* Declaration of Matthew S. Warren attached as Exhibit A ("Warren Decl.") ¶ 3.  ViaSat and its counsel apologize to the Court and to Acacia for these errors.

The Court should consider only properly cited papers, and so ViaSat seeks leave to correct these errors by filing corrected versions of its briefs.  None of these changes alter the substance of ViaSat's arguments or introduce new authorities.  ViaSat thus respectfully requests that the Court allow ViaSat to file corrected versions of these two briefs.  ViaSat will not object if Acacia wishes to amend its previously filed opposition papers to respond to ViaSat's corrections.

# DISCUSSION

## I. Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation

### A. Erroneous Quotation Marks at 4:5-6

ViaSat erroneously included quotation marks at page 4, lines 5 through 6, of its Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation. Docket No. 89-1. ViaSat proposes to correct this error by removing the quotation marks and adding "see" to the citation, as shown in redline in Exhibit B at 4:7-9. With these changes, this portion of ViaSat's Memorandum for Summary Judgment should read:

> The preliminary question of equitable ownership is not a federal question. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1580 (Fed. Cir. 1991) . . . .

As corrected, this language appears in ViaSat's proposed corrected motion at 4:7-9. Because ViaSat previously filed two versions of this motion, a public redacted version and an unredacted version filed under seal, ViaSat has similarly provided two versions of the proposed corrected version: a public redacted version as Exhibit C, and an unredacted version filed under seal as Exhibit F. Without the quotation marks, the citation is correct. *Arachnid* states, at page 1580:

> Arachnid also relies on *Papazian v. American Steel & Wire Co. of New Jersey*, 155 F.Supp. 111, 115 USPQ 333 (N.D. Ohio 1957), in which the court indicates that once a plaintiff's claim of equitable ownership has been adjudged valid by a court having jurisdiction over *that* question, the same court could then proceed to consider a "claim for infringement" asserted by the adjudged equitable title holder. *Id.* at 118, 115 USPQ at 337. Arachnid misconstrues the import of the holding in *Papazian*, which was that where a plaintiff has been adjudged the equitable title holder of a patent, a federal district court has *jurisdiction* to consider claims for *equitable relief* stemming from the alleged infringement:
>
> > An owner of the equitable title may seek redress against an infringer in a court of equity. If he has been fraudulently induced to part with his title, he may sue in equity for rescission of the transfer and if successful *may obtain full redress for infringement by way of injunction, accounting, declaration of trust, or other forms of equitable relief.* Where, upon the face of the pleadings, or the

exhibits attached thereto, it is apparent that plaintiff's equitable interest arises under the patent laws, a District Court has jurisdiction in equity under Section 1338 of Title 28 U.S.C. to hear and determine a claim for infringement.

*Id.* at 117, 115 USPQ at 336 (emphasis added).  In other words, a federal district court has jurisdiction to determine a "claim for infringement," asserted by an adjudged equitable title holder, as a prerequisite to awarding *equitable* relief for that infringement.

*Arachnid*, 939 F.2d at 1580 (emphasis in original).  *Arachnid* thus distinguishes between a plaintiff which "has been adjudged the equitable title holder of a patent," who can seek equitable relief against an infringer in federal district court, and a plaintiff which has not been "adjudged the equitable title holder," who cannot.  *Id.*  In short, page 1580 of *Arachnid* supports the proposition that the preliminary question of equitable ownership is not a federal question.  ViaSat accordingly proposes to remove its erroneous quotation marks, without which this citation is accurate.

### B.  Erroneous Citation at 4:7-10

On page 4, lines 7-10, of its summary judgment memorandum, ViaSat attributed a quotation to the wrong court.  ViaSat used a quote from *Gellman v. Telular Corp.*, No. 07-282, 2010 WL 5173213 (E.D. Tex. Dec. 14, 2010), that immediately cited *Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009)—but ViaSat attributed the quote to the *Roche* opinion cited in *Gellman* rather than to *Gellman* itself.  ViaSat proposes to resolve this error by correcting the citation to show that *Gellman* cited *Roche*, as shown in redline in Exhibit B at 4:9-13:

. . . . *see also Gellman v. Telular Corp.*, No. 07-282, 2010 WL 5173213, at *4 (E.D. Tex. Dec. 14, 2010), *aff'd*, 449 F. App'x 941 (Fed. Cir. 2011) (citing *Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011)) ("The question of ownership of patent rights is typically a question resolved by state courts under state law.")

As corrected, this language appears in ViaSat's proposed corrected memorandum at 4:9-13, and correctly cites the *Gellman* opinion, which states:

The question of ownership of patent rights is typically a question resolved by state courts under state law, but the question of whether contractual language effects a present assignment of future rights or an agreement to assign rights in the future is resolved by Federal Circuit law. *Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009), *cert. granted*, ⸺ S.Ct. ⸺ (Nov. 1, 2010).

ViaSat accordingly proposes to correct the citation to refer to *Gellman*, with the appropriate explanatory phrase.

### C.   Erroneous Citation at 4:22-23

On page 4, lines 22-23, of its summary judgment memorandum, ViaSat attributed a second quotation to the wrong court. ViaSat used a quote from *Papazian v. Am. Steel & Wire Co. of N.J.*, 155 F. Supp. 111, 117 (N.D. Ohio 1957), but attributed it to *Arachnid*, 939 F.2d at 1580. The language ViaSat quoted from *Papazian* is quoted in part—but not in full—by *Arachnid*, 939 F.2d at 1580. As a result, ViaSat erred by indicating that *Arachnid* quoted the full excerpt from *Papazian*. ViaSat proposes to correct this error by removing the reference to *Arachnid*, as shown in redline in Exhibit B at 4:25-26. As corrected, this portion of ViaSat's Memorandum for Summary Judgment should read:

> Where, as here, "there is no diversity jurisdiction and plaintiff's equitable title to the patent must be established solely by the application of equitable principles, the case is not one arising under the patent laws, and the District Court is without jurisdiction of the claim for infringement until and unless plaintiff's claim of equitable ownership is first adjudged valid by a court having jurisdiction of that question." *Papazian v. Am. Steel & Wire Co. of N.J.*, 155 F. Supp. 111, 117 (N.D. Ohio 1957).

The corrected language appears in ViaSat's proposed corrected memorandum at 4:19-25. Page 117 of *Papazian* states, in part:

> While the authorities are not in full harmony, the better reasoned cases hold that where there is no diversity jurisdiction and plaintiff's equitable title to the patent must be established solely by the application of equitable principles, the case is not one arising under the patent laws, and the District Court is without jurisdiction of the claim for infringement until and unless plaintiff's claim of equitable ownership is first adjudged valid by a court having jurisdiction of that question.

While the *Arachnid* court paraphrased the *Papazian* holding, it quoted only a portion: "adjudged valid by a court having jurisdiction over *that* question."  *Arachnid*, 939 F.2d at 1580 (emphasis in original).  ViaSat accordingly proposes to correct the citation by removing the citation to *Arachnid*, as well as the explanatory phrase.

## II. Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony

In Footnote 2 to its Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony, Docket No. 95-1 ("ViaSat's *Daubert* Memorandum"), ViaSat erroneously included quotation marks.  ViaSat proposes to correct this error by removing the quotation marks, as shown in redline in Exhibit D at 9 n.2.  With the erroneous quotation marks removed, this portion of ViaSat's *Daubert* Memorandum should read:

> Both experts' interpretation of fact witness testimony in support of their contract construction is also inadmissible.  *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1348–59 (Fed. Cir. 2007) (excluding an expert's opinion that is merely a layperson's interpretation of evidence disguised as expert opinion).

As corrected, this language appears in ViaSat's proposed corrected memorandum at 9 n.2. Because ViaSat previously filed two versions of this motion, a public redacted version and an unredacted version filed under seal, ViaSat has similarly provided two versions of the proposed corrected version:  a public redacted version as Exhibit E,  and an unredacted version filed under seal as Exhibit G.  Without the quotation marks, the citation is correct.  Page 1349 of *PharmaStem* explains the reasoning of the underlying trial court:

> In that respect, according to the court, "her opinion of infringement is no more than a lay-person's interpretation of the defendants' marketing materials."  The court therefore ruled that her testimony should have been excluded and that "permitting PharmaStem to couch its presentation of this evidence in the form of an expert opinion was an error."

*PharmaStem*, 491 F.3d at 1349.  The Federal Circuit agreed with this reasoning:

> In short, we agree with the trial court that the defendants' materials did not constitute sufficient proof of infringement of the '681 patent and that those materials did not

become proof of infringement when Dr. Hendrix read those materials back to the jury from the witness stand.

*PharmaStem*, 491 F.3d at 1355.  The Federal Circuit thus excluded expert opinion where it was merely a layperson's interpretation of evidence.  ViaSat accordingly proposes to remove its erroneous quotation marks, without which this citation is accurate.

**CONCLUSION**

For the foregoing reasons, ViaSat respectfully requests that the Court allow it to file corrected versions of its Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, Docket No. 89-1, and ViaSat's Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony, Docket No. 95-1.  If Acacia seeks to amend its previously filed opposition papers to respond to ViaSat's corrections, ViaSat respectfully requests that the Court allow Acacia to do so as well.

Dated:  February 19, 2018                    Respectfully Submitted,


                                             *s/ Kenneth M. Fitzgerald*
                                             ————————————————————
                                             Kenneth M. Fitzgerald
                                             David Beckwith
                                             Keith M. Cochran
                                             FITZGERALD KNAIER LLP
                                             402 West Broadway, Suite 1400
                                             San Diego, California, 92101

                                             Matthew S. Warren
                                             Patrick M. Shields
                                             Erika H. Warren
                                             WARREN LEX LLP
                                             2261 Market Street, No. 606
                                             San Francisco, California, 94114

                                             *Attorneys for Plaintiff and*
                                             *Counter-Defendant ViaSat, Inc.*