# Exhibit B

FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (State Bar No. 142505)
    kfitzgerald@fitzgeraldknaier.com
    David Beckwith (State Bar No. 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran (State Bar No. 254346)
    kcochran@fitzgeraldknaier.com
    402 West Broadway, Suite 1400
    San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
    Matthew S. Warren (State Bar No. 230565)
    Patrick M. Shields (State Bar No. 204739)
    Erika H. Warren (State Bar No. 295570)
    16-463@cases.warrenlex.com
    2261 Market Street, No. 606
    San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter-Defendant ViaSat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC. a Delaware corporation, <br>    Plaintiff and Counter-Defendant, <br> v. <br> ACACIA COMMUNICATIONS, INC. a Delaware corporation, <br>    Defendant and Counter-Claimant. | Case No. 3:16-463-BEN-JMA <br><br> **ViaSat's Corrected Memorandum in Support of Summary Judgment on Acacia's Counterclaim for Patent Misappropriation** [REDACTED] <br><br> Date:   March 5, 2018 <br> Time:   10:30 a.m. PST <br> Place:  Courtroom 5A <br><br> Hon. Dist. Judge Roger T. Benitez <br> Hon. Magistrate Judge Jan M. Adler <br> Case Initiated: January 21, 2016 |

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………………1

BACKGROUND……………………………………………………………………………...1

      A.      The Undisputed Facts Regarding ViaSat's Patents…………………………...1

      B.      The Broader Dispute Between ViaSat and Acacia……………………………1

      C.      The Narrow Issues Presented by Acacia's Counterclaim for Patent Misappropriation…………...............................................................................2

ARGUMENT………………………………………………………………………………....3

I.      BECAUSE ACACIA CANNOT PREVAIL ON ANY CLAIM UNDER TITLE 35, VIASAT IS ENTITLED TO SUMMARY JUDGMENT ON PATENT MISAPPROPRIATION……………………………………………...……………3

      A.      Acacia Cannot Prevail on a Claim For "Patent Misappropriation" Or "Equitable Ownership" Under Title 35………………………………...3

      B.      Acacia Presents No Facts to Support A Claim of Patent Ownership………...5

      C.      This Court Should Remand This Action to State Court………………...7

# TABLE OF AUTHORITIES

**Cases**

*Arachnid, Inc. v. Merit Indus., Inc.*,
 939 F.2d 1574 (Fed. Cir. 1991)...................................................................3, 4

*Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
 583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011)................................4

*Gellman v. Telular Corp.*,
 No. 07-282, 2010 WL 5173213 (E.D. Tex. Dec. 14, 2010),
 *aff'd*, 449 F. App'x 941 (Fed. Cir. 2011)........................................................ 4

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
 475 F.3d 1256 (Fed. Cir. 2007)...................................................................... 5, 6

*Lucent Techs., Inc. v. Gateway, Inc.*,
 543 F.3d 710, 721-722 (Fed. Cir. 2008)........................................................ 6

*Papazian v. Am. Steel & Wire Co. of N. J.*,
 155 F. Supp. 111 (N.D. Ohio 1957).................................................................4

*Pfaff v. Wells Elecs., Inc.*,
 525 U.S. 55 (1998).......................................................................................... 6

*Phillips v. AWH Corp.*,
 415 F.3d 1303 (Fed. Cir.2005)........................................................................6

*Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*,
 482 F. Supp. 2d 537 (M.D. Pa. 2007) ............................................................5

*SanDisk Corp. v. Kingston Tech. Co.*,
 695 F.3d 1348, 1363 (Fed. Cir. 2012) ........................................................... 6

*Teets v. Chromalloy Gas Turbine Corp.*,
 83 F.3d 403 (Fed. Cir. 1996).......................................................................... 5

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
 135 S. Ct. 831, 849 (2015) ............................................................................ 6

**Statutes**

28 U.S. Code § 1338.................................................................................................. 7

28 U.S. Code § 1447(c).............................................................................................. 7

# INTRODUCTION

This motion presents a single, simple, and dispositive question that could resolve all other motions before this Court: Can Acacia continue with its claim seeking to force ViaSat to convey a loosely-defined set of patents that Acacia contends contain its intellectual property? The answer to this question is "no," because Acacia has failed to tender the evidence necessary to support its sole federal claim. Because the answer to this question is "no," the Court should dismiss Acacia's sole federal cause of action and remand this action to the California state court whence it came, and where it belongs.

# BACKGROUND

### A. The Undisputed Facts Regarding ViaSat's Patents

The parties do not dispute the key facts regarding ViaSat's patents—nor could they, as they are matters of public record at the U.S. Patent and Trademark Office. The parties agree that on January 22, 2011, ViaSat filed a provisional patent application no. 61/435,278 (Ex. 1[1]); and on August 8, 2011, ViaSat filed a second provisional patent application no. 61/521,263. Ex. 2. The parties further agree that ViaSat subsequently filed and obtained numerous patents claiming priority to those applications. Docket No. 3, p. 9 at ¶ 18. Finally, the parties agree that ViaSat retains all legal ownership of the disputed patent family, and has not assigned any rights to Acacia. Docket No. 3, p. 10 at ¶¶ 22, 26, 28.

### B. The Broader Dispute Between ViaSat and Acacia

This case involves many disagreements between ViaSat and Acacia, most of which the Court need not consider to resolve this motion. At bottom, ViaSat alleges that Acacia is using both ViaSat's trade secrets and its Licensed Materials to create new (unauthorized) products which utilize ViaSat's soft decision forward error correction ("SDFEC") technology, in order to be fully interoperable with Acacia's first generation,

---

[1] All cited exhibits are attached to the Declaration of Erika H. Warren, filed concurrently.

royalty-bearing product incorporating ViaSat's SDFEC.  ViaSat claims that Acacia's conduct constitutes willful trade secret misappropriation, as well as breach of contract.

Acacia countersued, claiming that ViaSat improperly used certain information, which Acacia alleges is "Foreground Information" under the governing contract, in various ways, including in ViaSat's own products.  ViaSat contests these allegations for several reasons, including, for example, that this information is not "Foreground Information" under the contract to begin with: "Foreground Information" is limited in several material ways, including to information "first developed or first created by VIASAT or its personnel in the performance of its services relating to Digital Signal Processing under this Agreement," thus excluding any and all information that ViaSat possessed before the parties signed their agreement. Ex. 3 ¶ 1(j).  Although ViaSat is confident that it will prevail on this broader dispute, it includes questions of fact and must go to the jury.

### C. The Narrow Issues Presented by Acacia's Counterclaim for Patent Misappropriation

To resolve this motion, the Court need consider only one much narrower and simpler question: assuming that Acacia's asserted trade secrets are protectable as "Foreground Information," and further assuming that Acacia's asserted trade secrets appear in the specification of ViaSat's patents, can Acacia prevail on a "patent misappropriation" claim or any other claim under 35 U.S.C. § 1?  Acacia's expert Dr. Paul R. Prucnal admits he examined only the '278 and '263 provisional applications; that is, he did not opine on, or even review, any actual patents or even patent applications.  Ex. 4, Exhibit C (list of materials considered).  Nor did Dr. Prucnal consider or analyze any patent claims.  No other Acacia witness has considered or opined on these issues either.  Dr. Prucnal opines only that one or both of the '278 and '263 provisional applications ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Ex. 4 ¶¶ 16, 22, 26, 29, 35, 72, 75, 100, 102, 123, 145, 170.   Because Title 35 does not provide for a claim of "patent misappropriation" or other equitable transfer of property, and because Acacia has

CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PATENT MISAPPROPRIATION
– 2 –
3:16-463-BEN-JMA

presented no evidence in support of any claim of ownership actually arising under the patent laws, the Court can easily dispense with Count I.

## ARGUMENT

**I. BECAUSE ACACIA CANNOT PREVAIL ON ANY CLAIM UNDER TITLE 35, VIASAT IS ENTITLED TO SUMMARY JUDGMENT ON PATENT MISAPPROPRIATION**

Count I of Acacia's counterclaims starts with the assertion that the "ViaSat Patent Family contains Foreground Information," and jumps immediately to the conclusion that, as a result, "Acacia thereby has an equitable interest in the ViaSat Patent Family"[2] under 35 U.S.C. §1 *et seq*. In the two years since Acacia filed its counterclaims, however, it has done nothing to support this leap of logic. Instead, Acacia's Count I is entirely based on two unsupported assumptions: first, that the presence of Foreground Information in a patent *specification* is sufficient to confer a federal right to replevin of that patent, and second, that each member of the vaguely defined "ViaSat Patent Family" actually *claims* Foreground Information. The first assumption is incorrect as a matter of law, and Acacia has submitted no evidence to support the second.

**A. Acacia Cannot Prevail on a Claim For "Patent Misappropriation" Or "Equitable Ownership" Under Title 35**

Title 35, Acacia's sole source of authority for this claim, does not create a federal cause of action for equitable ownership of patents. Where, as here, a claim to patent rights is based on contract, the claimant must seek a remedy under state law. *Arachnid,*

---

[2] Acacia defines the "ViaSat Patent Family" as including "without limitation the '278 application; the '263 application; U.S. Patent Nos. 8,559,828, 8,639,126, 8,687,974, 8,682,180, 8,693,897, 8,705,664, 8,705,977, 8,744,279, 8,886,051, 8,891,980, and 9,100,125; U.S. Patent Application Serial No. 14/742,812; PCT Application Nos. PCT/US12/22231 and PCT/US12/22234; and any other U.S. or foreign patent applications, U.S. or foreign issued patents, and PCT applications that claims priority in whole or in part to any of these." Docket No. 3, p. 9 at ¶ 18.

*Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1580 (Fed. Cir. 1991). In other words, Acacia's cause of action for "patent misappropriation" under Title 35 does not exist.

Acacia admits that ViaSat owns the legal title to the "ViaSat Patent Family," and has not assigned those rights to Acacia. Docket No. 3, p. 10 at ¶¶ 22, 26, 28. Acacia's theory is that it owns an "equitable interest" in the "ViaSat Patent Family" based on the terms of the License Agreement. *Id.* p. 11-12 at ¶¶ 39-41. But the law does not allow Acacia to litigate this question under Title 35. The "preliminary question of equitable ownership is not a federal question." *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1580 (Fed. Cir. 1991); *see also Gellman v. Telular Corp.*, No. 07-282, 2010 WL 5173213, at *4 (E.D. Tex. Dec. 14, 2010), *aff'd*, 449 F. App'x 941 (Fed. Cir. 2011) (citing *Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011)) ("The question of ownership of patent rights is typically a question resolved by state courts under state law."); *Id.* at *5 ("Therefore, even assuming an enforceable contract exists, Plaintiff would lack standing under this agreement absent evidence that Seivert complied with that promise and assigned the patent in suit because, at most, the unsigned agreement would provide Plaintiff equitable rather than legal title.")

Acacia cannot rely upon the patent laws to obtain the solely equitable relief it seeks: transfer of property. Where, as here, "there is no diversity jurisdiction and plaintiff's equitable title to the patent must be established solely by the application of equitable principles, the case is not one arising under the patent laws, and the District Court is without jurisdiction of the claim for infringement until and unless plaintiff's claim of equitable ownership is first adjudged valid by a court having jurisdiction of that question." *Papazian v. Am. Steel & Wire Co. of N. J.*, 155 F. Supp. 111, 117 (N.D. Ohio 1957). In this action, of course, Acacia is not asserting claims of infringement, but only seeks a judgment requiring replevin of the "ViaSat Patent Family," as well as damages for their allegedly wrongful disclosure. But

those are state-law claims, not Federal, and thus cannot proceed under Count I. Two years after removing this action, Acacia has not offered any evidence or theory to support Count I as a continuing Federal claim, and the Court should therefore grant ViaSat summary judgment.

**B.     Acacia Presents No Facts to Support A Claim of Patent Ownership**

Even if Acacia had articulated a claim for ownership of patents under the patent laws— which it has not—Acacia has failed to present any evidence in support of such a claim. Acacia offers only one witness, Dr. Paul Prucnal, who addressed or even considered whether the "ViaSat Patent Family" contains any Acacia intellectual property. And Dr. Prucnal's analysis is quite constrained. He did not look at any actual patents in the "ViaSat Patent Family," but considered only the '278 and '263 provisional applications. *See* Ex. 4 at Exhibit C (list of materials considered). He also did not consider any patent claims. And he carefully did *not* say that ViaSat's patents actually claim any intellectual property of Acacia. Instead, he opines only that one or both of the '278 and '263 provisional applications ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Exhibit 4 ¶¶ 16, 22, 26, 29, 35, 72, 75, 100, 102, 123, 145, 170. Confronted at his deposition with Acacia's complaint, Dr. Prucnal confirmed that he was *not* opining that "ViaSat impermissibly used Acacia's trade secrets by filing the patent family." Ex. 5 at 244:12-17. To the contrary, Dr. Prucnal explained: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 244:17-18.

This limited evidence of Acacia's alleged ownership fails as a matter of law. "It is a bedrock tenet of patent law that 'an invention presumptively belongs to its creator.'" *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007) (quoting *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 406 (Fed. Cir. 1996)). To overcome this presumption, a party disputing ownership must establish ownership over *patent claims*, not merely statements in the specification. "An inventor may assert ownership only over those designs encompassed within the claims section of the patent." *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 482 F. Supp. 2d 537, 544 (M.D. Pa. 2007)

(citing *Pfaff v. Wells Elecs., Inc.,* 525 U.S. 55, 63 (1998); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005)).  As a result, courts considering ownership disputes look in detail to the *claims* of each disputed patent, considering each claim separately because "each claim must be considered as defining a separate invention." *Israel Bio-Eng'g Project*, 475 F.3d at 1263; *see, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 721-722 (Fed. Cir. 2008) (comparing scope of joint research agreement against four patent claims and concluding that it covered only two of them); *Israel Bio-Eng'g Project*, 475 F.3d at 1265-68 (comparing scope of assignment agreement to three patent claims and concluding that it covered only one of them).

    This rule flows inevitably from an even-more-bedrock principle of patent law: "Whatever the scope of the inventor's right under the patent before the introduction of claims, the law has limited that right to the claims as written in the patent." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 849 (2015)  Patent specifications can and often do contain matter unrelated to the claims.  This "unclaimed subject matter," however, is *not part of the invention*, but instead is dedicated to the public.  *See, e.g.*, *SanDisk Corp. v. Kingston Tech. Co.,* 695 F.3d 1348, 1363 (Fed. Cir. 2012) ("[W]hen a patent drafter discloses but declines to claim subject matter, . . . this action dedicates that unclaimed subject matter to the public.").  The only portions of a patent that *anyone* can own are those covered by the claims.

    Acacia ignores all this black letter law, and thus ViaSat is entitled to summary judgment.  Acacia's *only* evidence to support its purported patent misappropriation claim is Dr. Prucnal's testimony that ViaSat ███████████████████████████████████████████.  *See* Exhibit 4 ¶¶ 16, 22, 26, 29, 35, 72, 75, 100, 102, 123, 145, 170.  Acacia has no evidence showing that these alleged trade secrets made their way into any actual patents and, critically, no evidence that any of these alleged trade secrets appear in any actual patent *claim*.  The information disclosed in ViaSat's provisional application and specifications cannot be the subject of an ownership action.  Without evidence that ViaSat's issued patent claims contain Acacia's trade secrets,

Acacia cannot assert ownership over any patents in the "ViaSat Patent Family." As a result, the Court should grant ViaSat summary judgment on Count I of Acacia's counterclaims.

### C. This Court Should Remand This Action to State Court

On January 21, 2016, ViaSat filed this action in San Diego Superior Court. Docket No. 1, Ex. 1. On February 19, 2016, Acacia removed this action to this Court. Docket No. 1. Acknowledging that no diversity jurisdiction exists between two companies incorporated in Delaware, Acacia based its removal solely on "federal question jurisdiction, pursuant to 28 U.S. Code § 1338," based in turn solely on Count I for "Patent Misappropriation." *Id.* at 1. À Without Count I, Acacia has no basis to assert federal subject-matter jurisdiction, and without subject-matter jurisdiction, the Court should remand this matter to the Court in which ViaSat filed it: San Diego Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Dated: February 19~~2~~, 2018         Respectfully Submitted,

_____

Kenneth M. Fitzgerald
David Beckwith
Keith M. Cochran
FITZGERALD KNAIER LLP
402 West Broadway, Suite 1400
San Diego, California, 92101

Matthew S. Warren
Patrick M. Shields
Erika H. Warren
WARREN LEX LLP
2261 Market Street, can No. 606
San Francisco, California, 94114

*Attorneys for Plaintiff and
Counter-Defendant ViaSat, Inc.*