FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    kfitzgerald@fitzgeraldknaier.com
    David M. Beckwith, Esq. (SBN: 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran, Esq. (SBN: 254346)
    kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

WARREN LEX LLP
    Matthew S. Warren, Esq. (SBN: 230565)
    16-463@cases.warrenlex.com
    Patrick M. Shields, Esq. (SBN: 204739)
    16-463@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

Attorneys for Plaintiff and Counter Defendant
ViaSat, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ViaSat, Inc.**, *a Delaware corporation*, <br><br> Plaintiff and Counter Defendant, <br><br> v. <br><br> **Acacia Communications, Inc.**, *a Delaware corporation*, <br><br> Defendant and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **ViaSat, Inc's Motion to File Under Seal: (a) Portions of ViaSat, Inc.'s Reply Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) Exhibits to the Reply Declaration of Kenneth M. Fitzgerald In Support Of** <br><br> Date: March 5, 2018 <br> Time: 10:30 a.m. <br> Place: Courtroom 5A <br>       221 West Broadway |

)     San Diego, CA 92101
)     Dist. Judge: Hon. Roger T. Benitez
)     Hon. Magistrate Jan M. Adler
)
)     Case Initiated: January 21, 2016
)
)
)

## I. Introduction

Plaintiff and Counter Defendant ViaSat, Inc. ("ViaSat") respectfully requests that the Court file under seal (a) portions of ViaSat, Inc.'s Reply Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) exhibits 60-63 to the Reply Declaration of Kenneth M. Fitzgerald in support of the Motion.

ViaSat is compelled by the terms of the Stipulated Protective Order §1 (Dkt. No. 29) to bring this motion as to all the evidence designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, ViaSat believes some of the exhibits and testimony designated by Acacia are not proprietary or confidential to warrant sealing, particularly under the standard for sealing applied to summary judgment motions. ViaSat may seek to unseal certain evidence in support of its motion, after meeting and conferring with Acacia over this issue.

## II. Argument

"A strong presumption of access to judicial records applies fully to dispositive pleadings and their attachments." *Algarin v. Maybelline, LLC*, 2014 690410 at *2 (S.D. Cal. Feb. 21, 2014). To warrant a request to seal, "compelling reasons" to seal the documents must exist. *Id; Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use." *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 fn. 6 (9th Cir. 2010). Documents are properly filed under seal where disclosure would force a party to disclose trade secrets or other valuable confidential and proprietary business information. *See, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Bauer Bros. LLC v. Nike, Inc.,* 2012 WL1899838, at *4 (S.D. Cal. May 24, 2012 (granting request to seal non-public, confidential financial data, including customer listings, accounting methods,

and cost analysis).

      ViaSat has compelling reasons to file under seal because the information ViaSat seeks to seal has been identified as confidential by Acacia and/or ViaSat, and includes the parties' confidential business, technical, and financial information, including ViaSat's asserted trade secrets. Publicly filing the information would prejudice ViaSat and Acacia by revealing business, technical, and financial information that could be used for competitive advantage outside of this case. Therefore, there are compelling reasons to seal this information.

      Here, ViaSat seeks to seal the following documents:

    a)    Portions of ViaSat, Inc.'s Reply Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment (the "Reply"). ViaSat's Reply references confidential information derived from documents that Acacia and/or ViaSat designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. The documents contain business, technical, and financial information that the parties have identified as confidential, including trade secrets. In the publicly filed version of ViaSat's Reply, references to the confidential information have been redacted;

    b)    Exh. 60 to the Reply Declaration of Kenneth M. Fitzgerald in support of the Motion ("Fitzgerald Reply Dec.") is a September 29, 2009 email between Bhupen Shah and Russell Fuerst, along with an attachment, which Acacia designated as Highly Confidential – Attorneys' Eyes Only. The email and attachment contain discussion of Acacia's business information, which Acacia has identified as confidential, and discussion of ViaSat's technical information that ViaSat has identified as confidential.

    c)    Exh. 61 to the Fitzgerald Reply Dec. is a copy of excerpts of the September 28, 2017 deposition transcript of Acacia employee

|   |   |   |
|---|---|---|
| 1 |   | Bhupendra Shah.  The deposition transcript contains business and |
| 2 |   | technical information that Acacia designated as Highly Confidential – |
| 3 |   | Attorneys' Eyes Only. |
| 4 | d) | Exh. 62 to the Fitzgerald Reply Dec. is a copy of excerpts of the |
| 5 |   | August 16, 2017 deposition transcript of Acacia employee Benny |
| 6 |   | Mikkelsen.  The deposition transcript contains business and technical |
| 7 |   | information that Acacia designated as Highly Confidential – Attorneys' |
| 8 |   | Eyes Only. |
| 9 | e) | Exh. 63 to the Fitzgerald Reply Dec. is a June 11, 2012 email between |
| 10 |   | Gary Martin and Pierre Humblet, which Acacia designated as Highly |
| 11 |   | Confidential – Attorneys' Eyes Only.  The email contains discussion of |
| 12 |   | Acacia's business and technical information, which Acacia has |
| 13 |   | identified as confidential. |

True and correct unredacted copies of those documents are being lodged under seal concurrently herewith.  Attached hereto is a redacted copy of ViaSat's Reply Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and the Reply Declaration of Kenneth M. Fitzgerald in support of the Motion.

### III. Conclusion

Therefore, pursuant to ViaSat's obligations under the Stipulated Protective Order § 1 (Dkt. No. 29), ViaSat respectfully requests that the Court file under seal (a) portions of ViaSat, Inc.'s Reply Memorandum of Points and Authorities In Support Of Motion for Partial Summary Judgment, and (b) exhibits 60-63 to the Reply Declaration of Kenneth M. Fitzgerald.

| | | |
|---|---|---|
| Dated: February 26, 2018 | | FITZGERALD KNAIER LLP |

By: s/ *Kenneth M. Fitzgerald*
 Kenneth M. Fitzgerald, Esq.
 David M. Beckwith, Esq.
 Keith M. Cochran, Esq.

-and-

WARREN LEX LLP
Matthew S. Warren, Esq.
Patrick M. Shields, Esq.

Attorneys for Plaintiff and Counter Defendant ViaSat, Inc.

## **CERTIFICATE OF SERVICE**

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Dated: February 26, 2018

          s/ *Kenneth M. Fitzgerald*
          Kenneth M. Fitzgerald, Esq.