FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (State Bar No. 142505)
    kfitzgerald@fitzgeraldknaier.com
    David Beckwith (State Bar No. 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran (State Bar No. 254346)
    kcochran@fitzgeraldknaier.com
    402 West Broadway, Suite 1400
    San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
    Matthew S. Warren (State Bar No. 230565)
    Patrick M. Shields  (State Bar No. 204739)
    Erika H. Warren (State Bar No. 295570)
    16-463@cases.warrenlex.com
    2261 Market Street, No. 606
    San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter-Defendant ViaSat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.<br>a Delaware corporation,<br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC.<br>a Delaware corporation,<br>    Defendant and Counter-Claimant. | Case No. 3:16-463-BEN-JMA<br><br>**Motion to File Under Seal:**<br>**(a) Unredacted Reply Memorandum in**<br>**Support of ViaSat's Motion to Exclude**<br>**Expert Testimony, and (b) Exhibits to**<br>**the Reply Declaration of Patrick M.**<br>**Shields**<br><br>Hon. Dist. Judge Roger T. Benitez<br>Hon. Magistrate Judge Jan M. Adler<br><br>Case Initiated:  January 21, 2016 |

Under Federal Rule of Civil Procedure 26(c), Local Rule 79.2(c), ECF Administrative Policies and Procedures 2(j), and Paragraph 1 of the Stipulated Protective Order (Dkt. No. 29), as amended (Dkt. No. 47), Plaintiff and Counter-Defendant ViaSat, Inc. ("ViaSat") respectfully requests that the Court file under seal: (a) portions of the Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony; (b) Exhibits 18–23 to the Reply Declaration of Patrick M. Shields in Support of ViaSat's Motion to Exclude Expert Testimony.

## ARGUMENT

Certain limited portions of the Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony and the exhibits attached to the Reply Declaration of Patrick M. Shields in support of that Memorandum contain confidential information that one or both of the parties have designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (Dkt. No. 29), disclosure of which would harm the competitive standing of the parties and could be used to the parties' competitive disadvantage outside of this case.

Specifically, ViaSat seeks to seal the following documents:

(a) Exhibit 18, which is a copy of excerpts from the deposition transcript of Benny Mikkelson, dated August 16, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

(b) Exhibit 19, which is a copy of excerpts from the deposition transcript of Gary D. Martin, dated August 10, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

(c) Exhibit 20, which is a copy of excerpts from the deposition transcript of Bhupendra Shah, dated September 28, 2017, contains information that Acacia designated as Highly Confidential – Attorneys' Eyes Only.

(d) Exhibit 21, which is a copy of excerpts from the deposition transcript of Christian J. Rasmussen, dated October 11, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.

(e)     Exhibit 22, which is a copy of excerpts from the deposition transcript of William Thesling, dated July 25, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 22 contains discussion of ViaSat's trade secrets.

(f)     Exhibit 23, which is a copy of excerpts of the deposition of Richard L. Koralek, dated December 15, 2017, contains information that ViaSat designated as Highly Confidential – Attorneys' Eyes Only.  Exhibit 23 contains testimony discussing ViaSat's alleged trade secrets and Acacia's accused products, as well as technical information that ViaSat and Acacia identified as confidential.

(g)     ViaSat's Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony contains excerpts and discussion regarding the above exhibits, including information that ViaSat and Acacia designated as Highly Confidential – Attorneys' Eyes Only.  The Reply Memorandum contains discussion of ViaSat's trade secrets and Acacia's accused products, Acacia's alleged trade secrets and ViaSat's accused products, as well as technical and financial information that ViaSat and Acacia identified as confidential.

This request is narrowly tailored to protect only the information that is confidential, and ViaSat has filed concurrently a public version of the Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony.

While the public generally enjoys the right of access to court records, the public's right to access to court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information.  *See, e.g. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its

documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened."). Courts must ensure that their records are not used as "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09500, 2012 WL1899838, at *3–*4 (S.D. Cal. May 24, 2012) (granting motion to seal Nike's non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-023 72, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury").

Good cause to file under seal exists because the information ViaSat seeks to seal has been identified as confidential by Acacia and ViaSat. Publicly filing the information would prejudice Acacia and ViaSat by revealing technical and financial information that could be used for competitive advantage outside of this case. Therefore, there is good cause to seal this information.

Therefore, under ViaSat's obligations under the stipulated protective order, ViaSat respectfully requests that the Court file under seal (a) portions of the Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony and (b) Exhibits 18–23 to the Reply Declaration of Patrick M. Shields.

## CONCLUSION

For the foregoing reasons, ViaSat respectfully requests that the Court seal portions of the Reply Memorandum in Support of ViaSat's Motion to Exclude Expert Testimony and the supporting documents identified above. A Proposed Order will be emailed to efile_benitez@casd.uscourts.gov and efile_adler@casd.uscourts.gov.

Dated: February 26, 2018

Respectfully Submitted,

Matthew S. Warren
Patrick M. Shields
Erika H. Warren

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114

Kenneth M. Fitzgerald
David Beckwith
Keith M. Cochran
FITZGERALD KNAIER LLP
402 West Broadway, Suite 1400
San Diego, California, 92101

*Attorneys for Plaintiff and*
*Counter-Defendant ViaSat, Inc.*