FILED

18 JUN 14 AM 9:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                 DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware Corporation, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ACACIA COMMUNICATIONS, INC., a Delaware corporation, <br><br> Defendant and Counter-Claimant. | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL** <br><br> **[Doc. Nos. 73, 81, 84, 87, 90, 92, 96, 101, 104, 107, 117, 123, 133, 136, 139, 142, 146, 149, 154, 164]** |

Before the Court is Plaintiff ViaSat, Inc. ("ViaSat") and Defendant Acacia Communications, Inc.'s ("Acacia") numerous Motions to Seal. Specifically, there are twenty Motions seeking to seal 8,774 pages of the public record. The Court addresses all of the Motions to Seal in this Order.

## I.    The Right of Access to Judicial Records

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598. However, the Supreme Court also stated, "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court

has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.; Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate [] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A party must satisfy the compelling reasons standard even if the motion, or its attachments, was previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). Moreover "[s]imply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. A party's failure

2

1   to meet the burden of articulating specific facts showing a "compelling reason" means

2   that the "default posture of public access prevails." *Id.* at 1182.

3         In turn, the court must "conscientiously balance [] the competing interests" of the

4   public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at

5   1135. After considering these interests, if the court decides to seal certain judicial

6   records, it must "base its decision on a compelling reason and articulate the factual basis

7   for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434

8   (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)).

9         In ruling on motions to seal, this Court has recognized that "compelling reasons

10   sufficient to outweigh the public's interest in disclosure and justify sealing court records

11   exist when such court files might . . . become a vehicle for improper purposes, such as the

12   use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. A "trade secret

13   may consist of any formula, pattern, device or compilation of information which is used

14   in one's business, and which gives him an opportunity to obtain an advantage over

15   competitors who do not know or use it." Restatement of Torts § 757 cmt. b.

16         Similarly, other "sources of business information that might harm a litigant's

17   competitive standing" may also constitute a compelling reason to seal, *see Nixon*, 435

18   U.S. at 598, as a company's confidential profit, cost, and pricing information if publicly

19   disclosed could put the company at a competitive disadvantage, *see Apple, Inc. v.*

20   *Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if

21   Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it

22   could give the suppliers an advantage in contract negotiations, which they could use to

23   extract price increases for components.").

24   ///

25   ///

26   ///

27   ///

28   ///

1   **II.     Discussion**

2         **A.     Plaintiff's Motions to Seal**

3         ViaSat has filed twelve Motions to Seal.  The Motions are unopposed and Plaintiff

4   asserts that all documents sought to be sealed in each Motion have been designated as

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

6   pursuant to the Stipulated Protective Order (Doc. No. 29), meaning that disclosure would

7   harm the competitive standing of the parties.  The Court will review each motion in turn.

8               1.     Motion to File Under Seal, 2/2/18 – (Doc. No. 87.)

9                      ***Motion for Summary Judgment***

10        Plaintiff seeks to file under seal portions of its Motion for Summary Judgment

11  ("Motion") on Acacia's Counterclaim for Patent Misappropriation and Exhibits 4 and 5

12  to the Declaration of Erika H. Warren in support of their motion.[1]  The Court finds that

13  Plaintiff has narrowly tailored its request to seal to only those portions of the Motion and

14  Exhibits that contain technical information that, if disclosed, would place the designating

15  party at a competitive disadvantage.

16        Therefore, the Court **GRANTS** Plaintiffs Motion to Seal and hereby **ORDERS** the

17  Motion and Exhibits 4-5 to the Declaration of Erika H. Warren in support of the motion

18  be filed under seal.[2]

19              2.     Motion to File Under Seal, 2/2/18 – (Doc. No. 92.)

20                     ***Motion to Exclude Expert Testimony***

21        Plaintiff seeks to file under seal portions of its Motion to Exclude Expert

22  Testimony ("Motion"), Exhibits 2-8 and 10-17 to the Declaration of Patrick M. Shields,

23  and the Declaration of Dr. Russell Fuerst in support of their motion.[3]  The Court finds

24  

25  

26  [1] Plaintiff simultaneously filed a redacted version of the Motion for Summary Judgment
    with the motion to seal.  (Doc. No. 89.)

27  [2] *See* Doc. Nos. 88; 88-1 to 88-2.

28  [3] Plaintiff simultaneously filed a redacted version of the Motion to Exclude Expert
    Testimony with the motion to seal.  (Doc. No. 95.)

1    that Plaintiff has narrowly tailored its request to seal to only those portions of the Motion,

2    Declarations, and Exhibits that contain business and technical information that, if

3    disclosed, would place the designating party at a competitive disadvantage.

4         Therefore, the Court **GRANTS** Plaintiffs Motion to Seal and hereby **ORDERS** the

5    Motion, Exhibits 2-8, 10-17 to the Declaration of Patrick M. Shields, and the Declaration

6    of Dr. Russell Fuerst be filed under seal.[4]

7            3.    <u>Motion to File Under Seal, 2/2/18 – (Doc. No. 96.)</u>

8                  ***Motion for Partial Summary Judgment***

9         Plaintiff seeks to file under seal portions of its Motion for Partial Summary

10    Judgment ("Motion") and Exhibits 1-18, 23-59 to the Declaration of Kenneth M.

11    Fitzgerald in support of their motion.[5]  The Court finds that Plaintiff has narrowly

12    tailored its request to seal the Motion and Exhibits 1-18, 23, and 27-59 to only those

13    portions that contain business and technical information that, if disclosed, would place

14    the designating party at a competitive disadvantage.

15         However, after reviewing Exhibits 24[6] and 25[7], the Court is not persuaded the

16    information warrants sealing both reports entirely under the compelling reasons standard.

17    Namely, Plaintiff does not provide a "particularized showing" that "specific prejudice or

18    harm will result" if excerpts from the reports are publicly disclosed. *See Foltz*, 331 F.3d

19    at 1130.  Plaintiff asserts the reports contain sensitive information about ViaSat's trade

20    secrets, Acacia's accused products and other business and technical information.

21    Nevertheless, Plaintiff's explanation for sealing the reports is generalized in nature and

22    does not account for why multiple pages of an academic, professional and presumably

23    historical product or service background should be redacted.  Requests to seal must be

---

[4] *See* Doc. Nos. 94; 94-2 to 94-8; 94-10 to 94-17.

[5] Plaintiff simultaneously filed a redacted version of the Motion for Partial Summary Judgment with the motion to seal.  (Doc. No. 98.)

[6] Exhibit 24 is an expert report of *Professor Krishna Narayanan* dated October 27, 2017.

[7] Exhibit 25 is an expert report of *Dr. Alexander Vardy* dated November 21, 2017.

1    narrowly tailored, Plaintiffs request is not. Portions of each exhibit are sealable, but not
2    the entire reports.

3          Therefore, the Court **GRANTS** in part, and **DENIES** in part Plaintiffs Motion to
4    Seal. The Court hereby **ORDERS** the Motion and Exhibits 1-18, 23, 27-59 to the
5    Declaration of Kenneth M. Fitzgerald in support of the motion filed under seal.[8] The
6    Court further **DENIES** Plaintiff's request to Seal Exhibits 24 and 25.

7               4.   <u>Motion to File Under Seal, 2/6/18 – (Doc. No. 101.)</u>
8                    ***Opposition to Acacia's Motion for Partial Summary Judgment***

9          Plaintiff seeks to file under seal portions of its Opposition to Defendant's Motion
10   for Partial Summary Judgment Regarding Damages ("Opposition") and Exhibits 1, 3-34,
11   and 36-44 to the Declaration of Patrick M. Shields in support of their Opposition.[9] The
12   Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of
13   the Opposition and Exhibits 1, 5-11, 13-14, 16-30, 32-34, 37-39, and 41-44 that contain
14   business and technical information that, if disclosed, would place the designating party at
15   a competitive disadvantage.

16         The Plaintiff has not persuaded the Court the information contained in Exhibits 3-
17   4, 12, 15, 31, 36, and 40 warrant sealing the reports entirely. Exhibit 3 is a copy of the
18   Rebuttal Expert Report of Dr. Ivan Djordjevic; Exhibit 4 is a copy of the Opening Expert
19   Report of Dr. Krishna Narayanan; Exhibit 12 is a copy of the Expert Report of Dr.
20   Alexander Vardy; Exhibit 15 is a copy of the Expert Report of Stephen D. Prowse, Ph.D.,
21   CFA; Exhibit 31 is a copy of the Rebuttal Expert Report regarding Damages of Brent K.
22   Bersin; Exhibit 36 is a copy of the Preliminary Affirmative Expert Report Regarding
23   Damages of Brent K. Bersin. Plaintiffs seek to seal the full reports because they

24

25

26

27   [8] <u>See</u> Doc. Nos. 97; 97-1 to 97-18; 97-23; 97-27 to 97-59.
28   [9] Plaintiff simultaneously filed a redacted version of the Opposition with the motion to
     seal. (Doc. No. 103.)

1    allegedly contain sensitive information about ViaSat's trade secrets, Acacia's accused

2    products and other business and technical information.

3        As with its previous Motions to Seal, Plaintiff has failed to make the necessary

4    showing to justify sealing the exhibits entirely. Plaintiff's explanation is generalized and

5    insufficient. No "particularized showing" of "specific prejudice or harm" would result if

6    public disclosure was made. (*Id.*) Finally, Plaintiff fails to explain why multiple pages of

7    an academic, professional and presumably historical product or service background

8    should be redacted. Without more, the request to seal cannot be granted.

9        Exhibit 40 is a copy of Exhibit 563 from the deposition of Christian Rasmussen.

10   The Motion to Seal states Exhibit 40 contains information that Acacia identified as

11   confidential. No additional reason is given to justify sealing the Exhibit. Conclusory or

12   blanket assertions to seal a document are not enough to satisfy the compelling reasons

13   standard. Moreover, because the Court is precluded from hypothesizing or assuming that

14   a compelling reason exists, Plaintiff will not be permitted to redact this information as

15   submitted.

16        Therefore, the Court **GRANTS** in part and **DENIES** in part Plaintiffs Motion to

17   Seal. The Court hereby **ORDERS** the Opposition and Exhibits 1, 5-11, 13-14, 16-30, 32-

18   34, 37-39, and 41-44 to the Declaration in support be filed under seal.[10] The Court

19   further **DENIES** Plaintiff's request to Seal Exhibits 3-4, 12, 15, 31, 36, and 40.

20            5.    <u>Motion to File Under Seal, 2/12/18 – (Doc. No. 104.)</u>

21           ***Opposition to Acacia's Motion for Preliminary Injunction***

22        Plaintiff seeks to file under seal portions of its Opposition to Defendant's Motion

23   for Summary Judgment Regarding No Liability ("Opposition") and Exhibits 5-39 to the

24

25

26

_____

27

28   [10] <u>*See*</u> Doc. Nos. 102; 102-1; 102-5 to 102-11; 102-13 to 102-14; 102-16 to 102-30; 102-32 to 102-34; 102-37 to 102-39; and 102-41 to 102-44.

1    Declaration of Kenneth M. Fitzgerald in support their Opposition.[11]  The Court finds that

2    Plaintiff has narrowly tailored its request to seal to only those portions of the Opposition

3    and Exhibits 5-16 and 21-39 that contain business, financial and technical information

4    that, if disclosed, would place the designating party at a competitive disadvantage.

5          The Court is not convinced the information contained in Exhibits 17-20 warrants

6    sealing the reports entirely.  Exhibit 17 is a copy of the Expert Report of Professor

7    Krishna Narayanan; Exhibit 18 is a copy of the Expert Report of Dr. Alexander Vardy;

8    Exhibit 19 is a copy of the Expert Report of Dr. Marwan Hassoun; Exhibit 20 is a copy of

9    the Expert Report of Stephen D. Prowse, Ph.D., CFA.

10          Again, Plaintiff has not made the necessary showing to justify sealing the exhibits

11    entirely.  Plaintiff's explanation is generalized with no "particularized showing" of

12    "specific prejudice or harm."  Finally, Plaintiff fails to explain why multiple pages of

13    non-confidential information should be sealed.  Without more, the request to seal cannot

14    be granted.  Portions of each report are sealable, but not each report in its entirety.

15          Therefore, the Court **GRANTS** in part and **DENIES** in part Plaintiffs Motion to

16    Seal.  The Court hereby **ORDERS** the Opposition and Exhibits 5-16 and 21-39 to the

17    Declaration in support be filed under seal.[12]  The Court further **DENIES** Plaintiff's

18    request to seal Exhibits 17-20.

19          6.    Motion to File Under Seal, 2/19/18 – (Doc. No. 123.)

20                    ***ViaSat's Motion for Summary Judgment***

21          Plaintiff seeks to file under seal its Corrected Memorandum in Support of ViaSat's

22    Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation

23    ("Corrected Memorandum 1"); its Corrected Memorandum of Points and Authorities in

24    Support of ViaSat's Motion to Exclude Expert Testimony ("Corrected Memorandum 2");

25

26

27    [11] Plaintiff simultaneously filed a redacted version of the Opposition with the motion to
seal.  (Doc. No. 106.)

28    [12] *See* Doc Nos. 105; 105-5 to 105-16; 105-21 to 105-39.

1  and Exhibit F and G to ViaSat's *Ex Parte* Application for Leave to Correct Errors in its

2  Motions for Summary Judgment and to Exclude Expert Testimony.[13]  The Court has

3  reviewed the Corrected Memoranda and Exhibits and deems them narrowly tailored to

4  seal only those portions that contain business, financial and technical information that, if

5  disclosed, would place the designating party at a competitive disadvantage.

6        Therefore, the Court **GRANTS** Plaintiffs Motion to Seal and hereby **ORDERS**

7  Corrected Memoranda 1 and 2, and Exhibits F and G filed under seal.  Notably, the

8  information sought to be sealed in this Motion was previously granted in Docket

9  Numbers 87 and 92.

10          7.    Motion to File Under Seal, 2/26/18 – (Doc. Nos. 133.)

11          ***Reply in Support of Motion for Partial Summary Judgment***

12        Plaintiff seeks to file under seal portions of its Reply Memorandum of Points and

13  Authorities in Support of Motion for Partial Summary Judgment ("Reply") and Exhibits

14  60-63 to the Reply Declaration of Kenneth M. Fitzgerald in support of the Motion.[14]  The

15  Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of

16  the Reply and Exhibits 60-63 that contain business, financial and technical information

17  that, if disclosed, would place the designating party at a competitive disadvantage.

18        Therefore, the Court **GRANTS** Plaintiffs Motion to Seal.  The Court hereby

19  **ORDERS** the Reply and Exhibits 60-63 to the Declaration in support be filed under

20  seal.[15]

21  ///

22  ///

23  ///

24

25

26  [13] Plaintiff simultaneously filed redacted versions of Corrected Memorandum 1, 2, Exhibits F, and G with the motion to seal.  (Doc. Nos.  124-25.)

27  [14] Plaintiff simultaneously filed a redacted version of the Reply in Support of Partial Summary Judgment with the motion to seal.  (Doc. No. 135.)

28  [15] *See* Doc. Nos. 134; 134-60 to 134-63.

1        8.      Motion to File Under Seal, 2/26/18 – (Doc. No. 136.)

2                ***Opposition to Acacia's Motion to Strike***

3        Plaintiff seeks to file under seal portions of its Opposition to Acacia's Motion to

4    Strike and Exclude Certain Opinions of ViaSat's Experts ("Opposition") and Exhibits 1-3

5    and 5-6 to the Declaration of Matthew S. Warren in Support of their Opposition.   The

6    Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of

7    the Opposition and Exhibits 1-3, and 6 that contain business, financial and technical

8    information that, if disclosed, would place the designating party at a competitive

9    disadvantage.

10       Plaintiff has not swayed the Court that the information contained in Exhibit 5

11   warrants sealing.   The exhibit is a copy of an email exchange between multiple named

12   parties that Acacia claims contain information designated as "HIGHLY

13   CONFIDENTIAL—ATTORNEYS EYES ONLY."   The exchange does not appear to

14   include product business, financial, or technical specifications that would justify sealing

15   it.   No other justification for sealing the Exhibit is provided.   Merely stating that an item

16   is "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" is insufficient.   Without

17   more, the request to seal cannot be granted.

18       Therefore, the Court **GRANTS** in part and **DENIES** in part Plaintiffs Motion to

19   Seal.   The Court hereby **ORDERS** the Opposition and Exhibits 1-3 and 6 to the

20   Declaration in support filed under seal.[16]   The Court further **DENIES** Plaintiff's request

21   to seal Exhibit 5.

22       9.      Motion to File Under Seal, 2/26/18 – (Doc. No. 139.)

23                ***Reply in Support of ViaSat's Motion to Exclude***

24       Plaintiff seeks to file under seal portions of its Reply Memorandum in Support of

25   ViaSat's Motion to Exclude Expert Testimony ("Reply") and Exhibits 18-23 to the Reply

26

27   ————————————

28   [16] *See* Doc. Nos. 137; 137-1 to 137-3; 137-6.

1  Declaration of Patrick M. Shields in Support of their Motion to Exclude Expert

2  Testimony.[17]  The Court finds that Plaintiff has narrowly tailored its request to seal to

3  only those portions of the Reply and Exhibits that contain business, financial and

4  technical information that, if disclosed, would place the designating party at a

5  competitive disadvantage.

6       Therefore, the Court **GRANTS** Plaintiffs Motion to Seal.  The Court hereby

7  **ORDERS** the Reply and Exhibits 18-23 to the Declaration in support filed under seal.[18]

8             10.   Motion to File Under Seal, 2/26/18 – (Doc. No. 142.)

9                  ***Memorandum in Support of Motion for Summary Judgment***

10       Plaintiff seeks to file under seal portions of the Reply Memorandum in Support of

11  their Motion for Summary Judgment on Acacia's Counterclaim for Patent

12  Misappropriation ("Reply").[19]  The Court finds that Plaintiff has narrowly tailored its

13  request to seal to only those portions of the Reply that contain business, financial and

14  technical information that, if disclosed, would place the designating party at a

15  competitive disadvantage.

16       Therefore, the Court **GRANTS** Plaintiffs Motion to Seal.  The Court hereby

17  **ORDERS** the Reply filed under seal.[20]

18             11.   Motion to File Under Seal, 3/5/18 – (Doc. No. 149.)

19                 ***Opposition to Acacia's Motion for Summary Judgment***

20       Plaintiff seeks to file under seal portions of its Opposition to Acacia's Motion for

21  Summary Judgment Regarding No Liability that ViaSat Lacks Trade Secret Rights

22  ("Opposition"); Exhibit 1 to the Declaration of Russel Fuerst ("Exh. 1-RF"); Exhibit 1 to

25  [17] Plaintiff simultaneously filed a redacted version of the Reply with the Motion to Seal. (Doc. No. 141.)

26  [18] *See* Doc. Nos. 140; 140-18 to 140-23.

27  [19] Plaintiff simultaneously filed a redacted version of the Reply with the motion to seal. (Doc. No. 144.)

28  [20] *See* Doc. Nos. 143.

the Declaration of Chandrasekar Raj ("Exh. 1-CR"); and Exhibits 3-20 to the Declaration of David M. Beckwith.[21]  The Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of the Opposition, Exh. 1-RF, Exh. 1-CR, and Exhibits 3-20 that contain business, financial and technical trade secret information that, if disclosed, would place the designating party at a competitive disadvantage.

Therefore, the Court **GRANTS** Plaintiffs Motion to Seal.  The Court hereby **ORDERS** the Opposition, Exh. 1-RF, Exh. 1-CR, and Exhibits 3-20 to the Declaration of David Beckwith in support filed under seal.[22]

12.   Motion to File Under Seal, 5/7/18 – (Doc. No. 164.)

***Memorandum of Contentions of Fact and Law***

Plaintiff seeks to file under seal portions of its Memorandum of Contentions of Fact and Law ("Memorandum") and Exhibit A to the memorandum.[23]  The Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of the Memorandum and Exhibit A that contain business, financial and technical information that, if disclosed, would place the designating party at a competitive disadvantage.

Therefore, the Court **GRANTS** the Plaintiffs Motion.  The Court hereby **ORDERS** the Memorandum and Exhibit A to the Memorandum filed under seal.[24]

**B.   Defendants' Motions to Seal**

Defendant Acacia has filed eight Motions to Seal.  The Motions are unopposed and Defendant asserts that all the documents sought to be sealed in each Motion have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

---

[21] Plaintiff simultaneously filed a redacted version of the Opposition with the motion to seal.  (Doc. No. 151.)
[22] *See* Doc. Nos. 150; 150-1 to 150-20.
[23] Plaintiff simultaneously filed a redacted version of the Memorandum with the motion to seal.  (Doc. No. 166.)
[24] *See* Doc. Nos. 165; 165-1.

1    EYES ONLY" pursuant to the Stipulated Protective Order (Doc. No. 29). The Court will
2    review each motion in turn.

3              1.      Motion to File Under Seal, 1/17/18 – (Doc. No. 73.)
4                      ***Motion for Partial Summary Judgment***

5         Defendant seeks to file under seal portions of its Motion for Partial Summary
6    Judgment Regarding Damages ("Partial MSJ") and Exhibits 2-3, 5-11 to the Declaration
7    of Stuart V. C. Duncan Smith in support of their Motion.[25] The Court finds that
8    Defendant has narrowly tailored its request to seal to only the portions of the Partial MSJ
9    and Exhibits 3, 5-7, 9-11 that contain business, financial and technical information that, if
10   disclosed, would place the designating party at a competitive disadvantage.

11        However, Defendant has not demonstrated a compelling reason to overcome the
12   presumption of public access to judicial records to justify sealing Exhibits 2 and 8.
13   Exhibit 2 is a copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA, and Exhibit
14   8 is a copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin. To
15   begin with, Defendant's explanation is generalized with no "particularized showing" of
16   "specific prejudice or harm" that would arise from disclosure. Moreover, Defendant fails
17   to explain why multiple pages of non-confidential information should be sealed. Without
18   more, a request to seal cannot be granted.

19        Therefore, the Court **GRANTS** in part and **DENIES** in part Defendants Motion to
20   Seal. The Court hereby **ORDERS** the Partial MSJ and Exhibits 3, 5-7, 9-11 to the
21   Declaration in support filed under seal.[26] The Court further **DENIES** Defendants request
22   to Seal Exhibits 2 and 8.

23   ///
24   ///
25
26
     _____

27   [25] Defendant simultaneously filed a redacted version of the Partial MSJ with the motion to
28   seal. (Doc. No. 75.)
     [26] *See* Doc. Nos. 74; 74-3; 74-5 to 74-7; 74-9 to 74-11.

1          2.    <u>Motion to File Under Seal, 1/26/18 – (Doc. No. 81.)</u>

2                     ***Motion for Summary Judgment***

3          Defendant seeks to file under seal portions of its Motion for Summary Judgment

4    Regarding No Liability ("Motion") and Exhibits 2, 5-6, 8, 13-24, 26-30, and 33-41 to the

5    Declaration of Stuart V. C. Duncan Smith in support of their Motion.[27]  The Court finds

6    Defendant has narrowly tailored its request to seal to only the portions of the Motion and

7    Exhibits 5, 13, 17-23, 27-30, and 33-41 that contain business, financial and technical

8    trade secret information that, if disclosed, would place the designating party at a

9    competitive disadvantage.

10          The Court is not persuaded the information contained in Exhibits 2, 8, 14, 15, 16,

11   24, 26 warrant sealing.  Exhibit 2 is a copy of the Expert Report of Stephen D. Prowse,

12   Pd.D., CFA; Exhibit 8 is a copy of the Rebuttal Expert Report Regarding Damages of

13   Brent K. Bersin; Exhibit 14 is a copy of the Rebuttal Report of Professor Ivan Djordjevic,

14   Ph.D.; Exhibit 15 is a copy of the Expert Report of Dr. Alexander Vardy; Exhibit 16 is a

15   copy of the Opening Expert Report of Professor Krishna Narayanan, Ph.D.; Exhibit 24 is

16   a copy of the Expert Report of Dr. Richard W. Koralek; and Exhibit 26 is a copy of the

17   Opening Report of Dr. Marwan Hassoun.

18          Defendant seeks to seal all of the expert reports alleging that each contains

19   sensitive information that ViaSat has designated as "HIGHLY CONFIDENTIAL—

20   ATTORNEYS' EYES ONLY" as well as information that is Third Party Highly

21   Confidential.  This includes documents produced by third parties in the course of

22   litigation, confidential business and financial information regarding product sales, royalty

23   payments, and an assessment on the value of the technology and products at issue in this

24   case.  Defendants explanation is insufficient to justify sealing each report in its entirety.

25   Moreover, their explanation is merely a generalized response with no "particularized

26   _____

27

28   [27] Defendant simultaneously filed a redacted version of the MSJ with the motion to seal.
     (Doc. No. 83.)

1   showing" of "specific prejudice or harm." Lastly, Defendant fails to explain why
2   multiple pages of non-confidential information should be sealed. Without more, the
3   request to seal cannot be granted.

4         Therefore, the Court **GRANTS** in part and **DENIES** in part Defendants Motion to
5   Seal. The Court hereby **ORDERS** the Motion and Exhibits 5, 13, 17-23, 27-30, 33-41 to
6   the Declaration in support filed under seal.[28] The Court further **DENIES** Defendants
7   request to Seal Exhibits 2, 8, 14-16, 24, and 26.

8              3.    Motion to File Under Seal, 2/1/18 – (Doc. No. 84.)
9              ***Motion to Strike and Exclude Certain Opinions***

10        Defendant seeks to file under seal portions of its Motion to Strike and Exclude
11  Certain Opinions ("Motion") and Exhibits 2, 14-16, and 42-49 to the Third Declaration of
12  Stuart V. C. Duncan Smith in Support of their Motion.[29] The Court finds that Defendant
13  has narrowly tailored its request to Seal to only those portions of the Motion and Exhibits
14  16, and 43-48 that contain business and technical information that, if disclosed would
15  place the designating party at a competitive disadvantage.

16        The Court is not persuaded the information contained in Exhibits 2, 14, 15, 42 and
17  49 warrants sealing. Exhibit 2 is a copy of the Expert Report of Stephen D. Prowse,
18  Ph.D., CFA; Exhibit 14 is a copy of the Rebuttal Report of Professor Ivan Djordjevic,
19  Ph.D.; Exhibit 15 is a copy of the Expert Report of Dr. Alexander Vardy; Exhibit 42 is a
20  copy of the Rebuttal Expert Report of Stephen D. Prowse, Ph.D., CFA.

21        Defendant contends sealing the exhibits is necessary because each report contains
22  sensitive information ViaSat has deemed "HIGHLY CONFIDENTIAL—ATTORNEYS'
23  EYES ONLY" as well as information that is Third Party Highly Confidential. This
24  includes confidential technical, business and financial information on product sales,

25
26
_____

27  [28] *See* Doc. Nos. 82; 82-5; 82-13; 82-17 to 82-23; 82-27 to 82-30; 82-33 to 82-41.
28  [29] Defendant simultaneously filed a redacted version of the Motion with the motion to
    seal. (Doc. No. 86.)

royalty payments, assessments on the value of the technology at issue, Acacia's alleged trade secrets, and ViaSat's accused products. However, as discussed *supra*, Defendant's reasoning is generalized with no "particularized showing" of "specific prejudice or harm." Moreover, Defendant fails to explain why multiple pages of non-confidential information should be sealed. Without more, the request to seal cannot be granted.

Exhibit 49 is a copy of an Acacia Presentation entitled "AC400 Project Review." It contains technical descriptions of Acacia's accused products and related technology and business information. Some of the information in the presentation is sealable, such as Acacia's software development status and causes for delays in development and production. But, presumably, such information would be shared with third parties. Moreover, Acacia only makes a blanket assertion the presentation contains information that Acacia has identified as confidential. Such conclusory assertions, unsupported by a declaration or affidavit, fail to satisfy the compelling reasons standard. *See Cohen*, 2016 WL 3036302, at *5.

Therefore, the Court **GRANTS** in part and **DENIES** in part Defendants Motion to Seal. The Court hereby **ORDERS** the Motion and Exhibit 16 and 43-48 to the Declaration in support filed under seal.[30] The Court further **DENIES** Defendant's request to Seal Exhibits 2, 14-15, 42, and 49.

4.  Motion to File Under Seal, 2/2/18 – (Doc. No. 90.)

*Motion for Summary Judgment*

Defendant seeks to file under seal portions of its Motion for Summary Judgment ("Motion") in Support of Acacia's Motion for Summary Judgment that ViaSat Lacks Trade Secret Rights and Exhibits 3, 10, 14-16, 21, 26, 50-63, 66, 70-79, 82-86, and 88 to the Fourth Declaration of Stuart V. C. Duncan Smith in Support of their Motion.[31] The

---

[30] *See* Doc. Nos. 85; 85-16; 85-43 to 85-48.

[31] Defendant simultaneously filed a redacted version of the Motion with the motion to seal. (Doc. No. 93.)

Court finds that Defendant has narrowly tailored its request to seal to only those portions of the Motion and Exhibits 3, 10, 16, 21, 26, 50-63, 66, 70-79, 82-86, and 88 that contain business, financial and technical information that, if disclosed, would place the designating party at a competitive disadvantage.

The Court is not persuaded the information contained in Exhibits 14 and 15 warrants entirely sealing both reports.  Exhibit 14 is a copy of the Rebuttal Report of Professor Ivan Djordjevic, Ph.D.; Exhibit 15 is a copy of the Expert Report of Dr. Alexander Vardy.  Defendant alleges both exhibits contain sensitive information that ViaSat designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." This includes discussions of Acacia's alleged trade secrets, ViaSat's accused products and technical information both parties have identified as confidential.  However, as discussed *supra*, this explanation is insufficient to justify sealing each report entirely. Portions of the exhibits are sealable, but not the entire reports.

Therefore, the Court **GRANTS** in part and **DENIES** in part Defendants Motion to Seal.  The Court hereby **ORDERS** the Motion and Exhibits 3, 10, 16, 21, 26, 50-63, 66, 70-79, 82-86, and 88 to the Declaration in support filed under seal.[32]  The Court further **DENIES** Defendants request to Seal Exhibits 14 and 15.

5.   <u>Motion to File Under Seal, 2/13/18 – (Doc. No. 107.)</u>

***Reply in Support of Motion for Partial Summary Judgment***

Defendant seeks to file under seal portions of its Reply ("Reply") in Support of Acacia's Motion for Summary Judgment Regarding Damages.[33]  The Court finds that Defendant has narrowly tailored its request to seal to only those portions of the Reply that contain business, financial and technical trade secret information that, if disclosed, would place the designating party at a competitive disadvantage.

---

[32] *See* Doc. Nos. 91; 91-1 to 91-18; 91-23; 91-27 to 91-59.

[33] Defendant simultaneously filed a redacted version of the Reply with the motion to seal. (Doc. No. 109.)

1   The Court **GRANTS** the Defendants Motion to Seal. The Court hereby **ORDERS**

2   the Reply filed under seal.[34]

3             6.    <u>Motion to File Under Seal, 2/16/18 – (Doc. No. 117.)</u>

4                 ***Notice of Supplemental Evidence in Support of Motion to Compel***

5          Defendant seeks to file under seal portions of Acacia's (a) Opposition to ViaSat's

6   Motion to Exclude Expert Testimony; (b) Opposition to ViaSat's Motion for Summary

7   Judgment on Acacia's Counterclaim for Patent Misappropriation; (c) Opposition to

8   ViaSat's Motion for Partial Summary Judgment; (d) Reply in Support of Acacia's Motion

9   for Summary Judgment regarding No Liability (collectively "Memoranda"), and Exhibits

10   90-94, 96-97, 102-106, 112-138 to Declarations of Stuart V.C. Duncan Smith in

11   connection with the memoranda.[35] The Court finds that Defendant has narrowly tailored

12   its request to seal to only those portions of the aforementioned memoranda and Exhibits

13   90-94, 96-97, 102-106, 112-118, and 120-138 that contain business, financial and

14   technical trade secret information that, if disclosed, would place the designating party at a

15   competitive disadvantage.

16          The Court does not find Defendant has presented sufficient information to justify

17   sealing Exhibit 119. Exhibit 119 is a copy of the Expert Report of Dr. Paul R. Pruncal.

18   Defendant submitted Exhibit 119 in its entirety and seeks to seal it alleging it contains

19   sensitive information Acacia has designated "HIGHLY CONFIDENTIAL—

20   ATTORNEYS' EYES ONLY." This includes discussion of Acacia's alleged trade

21   secrets, ViaSat's accused products and technical information Acacia has identified as

22   confidential. Again, Defendant has failed to make the necessary showing to justify

23   sealing Exhibit 119 entirely. Defendant's explanation is generalized with no

24   "particularized showing" of "specific prejudice or harm." Furthermore, Defendant fails

25

26

---

27   [34] *See* Doc. No. 108.

28   [35] Defendant simultaneously filed redacted versions of the Memoranda with the motion to seal. (Doc. No. 119.)

1    to explain why multiple pages of non-confidential information should be sealed.  Without

2    more, the request to seal cannot be granted.

3         Therefore, the Court **GRANTS** in part and **DENIES** in part the Defendants Motion

4    to Seal.  The Court hereby **ORDERS** the Memoranda and Exhibits 90-94, 96-97, 102-

5    106, 112-118, and 120-138 to the Declaration in support filed under seal.[36]  The Court

6    further **DENIES** Defendant's request to seal Exhibit 119.

7              7.    Motion to File Under Seal, 3/5/18 – (Doc. No. 146.)

8                   ***Reply in Support of Motion to Strike and Exclude***

9         Defendant seeks to file under seal portions of its Reply ("Reply") in Support of

10   Acacia's Motion Strike and Exclude Certain Opinions of ViaSat's Experts and Exhibit

11   139 to the Ninth Declaration of Stuart V. C. Duncan Smith in Support of that motion.[37]

12   The Court finds that Defendant has narrowly tailored its request to seal to only those

13   portions of the Reply and Exhibit 139 that contain business, financial and technical trade

14   secret information that, if disclosed, would place the designating party at a competitive

15   disadvantage.

16        Therefore, the Court **GRANTS** Defendants Motion to Seal.  The Court hereby

17   **ORDERS** the Reply and Exhibit 139 to the Declaration in support filed under seal.[38]

18             8.    Motion to File Under Seal, 3/12/18 – (Doc. No. 154.)

19                  ***Reply in Support of Motion for Summary Judgment***

20        Defendant seeks to file under seal portions of its Reply ("Reply") in Support of

21   their Motion for Summary Judgment that ViaSat Lacks Trade Secret Rights.[39]  The Court

22

23

_____

24   [36] *See* Doc. Nos. 118; 118-90 to 118-94; 118-96 to 118-97; 118-102 to 118-106; 118-112
25   to 118-118; 118-120 to 118-138.
26   [37] Defendant simultaneously filed a redacted version of the Reply with the motion to seal.
     (Doc. No. 148.)
27   [38] *See* Doc. No. 147; 147-139.
28   [39] Defendant simultaneously filed a redacted version of the Reply with the motion to seal.
     (Doc. No. 156.)

finds that Defendant has narrowly tailored its request to seal portions to only those portions of Reply that contain business, financial and technical information that, if disclosed, would place the designating party at a competitive disadvantage.

Therefore, the Court **GRANTS** Defendants Motion to Seal.  The Court hereby **ORDERS** the Reply filed under seal.[40]

## III.   Conclusion

In sum, the Court finds that a majority of the parties' various motions to seal have been narrowly tailored such that they do not unnecessarily impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims.  As such and in light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** the motions to seal as described above and as identified by the **following table** in its entirety.  Furthermore, any and all documents the Court declined to seal shall be filed in the public record accordingly.

| Doc. No. | Movant | Document(s) to be Sealed |
|---|---|---|
| 73 | Acacia | Documents lodged at *Docket Number 74* as Memorandum of Points and Authorities in Support of Acacia's Motion for Partial Summary Judgment Regarding Damages and exhibit 3, 5-7 and 9-11 to the Declaration of Stuart V. C. Duncan Smith in Support of that motion. |
| 81 | Acacia | Documents lodged at *Docket Number 82* as Memorandum of Points and Authorities in Support of Acacia's Motion for Summary Judgment Regarding No Liability and exhibit 5, 13, 17-23, 27-30, and 33-41 to the Declaration of Stuart V.C. Duncan Smith in support of that motion. |
| 84 | Acacia | Documents lodged at *Docket Number 85* as Memorandum of Points and Authorities in Support of Acacia's Motion to Strike and Exclude Certain Opinions of ViaSat's Experts and exhibit 16, 43-48 to the Third Declaration of Stuart V. C. Duncan Smith in support of that motion. |
| 87 | ViaSat | Documents lodged at *Docket Number 88* as Memorandum of Points and Authorities in Support of ViaSat's Motion for |

---

[40] *See* Doc. No. 155.

| | | Summary Judgment on Acacia's Counterclaim for Patent Misappropriation and exhibit 4 and 5 to the Declaration of Erika H. Warren in support of that motion. |
|---|---|---|
| 90 | Acacia | Documents lodged at *Docket Number 91* as Memorandum of Points and Authorities in Support of Acacia's Motion for Summary Judgment that ViaSat Lacks Trade Secret Rights and exhibit 3, 10, 16, 21, 26, 50-63, 66, 70-79, 82-86, and 88 to the Fourth Declaration of Stuart V. C. Duncan Smith in support of that motion. |
| 92 | ViaSat | Documents lodged at *Docket Number 94* as Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony, exhibits 2-8, 10-17 to the Declaration of Patrick M. Shields in Support of motion, and the Declaration of Dr. Russell Fuerst. |
| 96 | ViaSat | Documents lodged at *Docket Number 97* as Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment and exhibit 1-18, 23, and 27-59 to the Declaration of Kenneth M. Fitzgerald in support of that motion. |
| 101 | ViaSat | Documents lodged at *Docket Number 102* as Opposition to Acacia's Motion for Partial Summary Judgment Regarding Damages and exhibit 1, 5-11, 13-14, 16-30, 32-34, 37-39, and 41-44 to the Declaration of Patrick M. Shields in support of the Opposition. |
| 104 | ViaSat | Documents lodged at *Docket Number 105* as Opposition to Acacia's Motion for Summary Judgment Regarding No Liability and exhibit 5-16 and 21-39 to the Declaration of Kenneth M. Fitzgerald in support of the Opposition. |
| 107 | Acacia | Documents lodged at *Docket Number 108* as Reply in Support of Acacia's Motion for Summary Judgment Regarding Damages. |
| 117 | Acacia | Documents lodged at *Docket Number 118* as Opposition to ViaSat's Motion to Exclude Expert Testimony, Opposition to ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation; Opposition to ViaSat's Motion for Partial Summary Judgment; Reply in Support of its Motion for Summary Judgment Regarding No Liability; and exhibits 90-94, 96-97, 102-106, 112-118, and 120-138 to Declarations of Stuart V. C. Duncan Smith in connection with the four aforementioned memoranda. |
| 123 | ViaSat | Documents lodged at *Docket Numbers 124 and 125* as Corrected Memorandum in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation; |

| | | |
|---|---|---|
| | | Corrected Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony; and Exhibits F and G as Ex Parte Applications for Leave to Correct Errors in the aforementioned memorandums. |
| 133 | ViaSat | Documents lodged at *Docket Number 134* as Reply Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment and exhibit 60-63 to the Reply Declaration of Kenneth M. Fitzgerald in support of the motion. |
| 136 | ViaSat | Documents lodged at *Docket Number 137* as Memorandum of Points and Authorities in Support of Opposition to Acacia's Motion to Strike and Exclude Certain Opinions of ViaSat's Experts and exhibit 1-3, and 6 to the Declaration of Matthew S. Warren in support of Opposition. |
| 139 | ViaSat | Documents lodged at *Docket Number 140* as Reply Memorandum of Points and Authorities in Support of ViaSat's Motion to Exclude Expert Testimony and exhibits 18-23 to the Declaration of Patrick M. Shields in support of the motion. |
| 142 | ViaSat | Documents lodged at *Docket Number 143* as Reply Memorandum of Points and Authorities in Support of ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation. |
| 146 | Acacia | Documents lodged at *Docket Number 147* as Reply in Support of its Motion to Strike and Exclude Certain Opinions of ViaSat's Experts and exhibit 139 to the Ninth Declaration of Stuart V. C. Duncan Smith in Support of Reply. |
| 149 | ViaSat | Documents lodged at *Docket Number 150* as Opposition to Acacia's Motion for Summary Judgment that ViaSat Lacks Trade Secret Rights; exhibit 1 to the Declaration of Russel Fuerst In Support of the Opposition; exhibit 1 to the Declaration of Chandrasekar Raj In Support of the Opposition; and exhibits 3-20 to the Declaration of David M. Beckwith In Support of the Opposition. |
| 154 | Acacia | Documents lodged at *Docket Number 155* as Reply in Support of its Motion for Summary Judgment that ViaSat Lacks Trade Secret Rights. |
| 164 | ViaSat | Documents lodged at *Docket Number 165* as Memorandum of Contentions of Fact and Law, and exhibit A to the Memorandum. |

///

///

///

3:16-cv-00463-BEN-JMA

1  **IT IS SO ORDERED.**

2

3  DATED: _____, 2018

4                                            Hon. Roger T. Benitez
                                             United States District Court
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-cv-00463-BEN-JMA