FILED
JUN 26 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ORDER ON DEFENDANT'S APPLICATION FOR AN ORDER CLARIFYING PAGE COUNT**<br><br>**[Doc. No. 99.]** |

Before the Court is Defendant Acacia Communications, Inc.'s ("Acacia") *Ex Parte* Application for an Order Clarifying Page Count related to Viasat Inc.'s February 2, 2018 Motion Papers, or in the Alternative for an Order Granting Acacia Leave to File Oppositions with Additional Pages. (Doc. No. 99.) Plaintiff ViaSat, Inc. ("ViaSat") filed a Response to Acacia's *Ex Parte* Application. (Doc. No. 100.)

On February 2, 2018, ViaSat filed three motions: (1) a Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation, (2) Motion to Exclude Expert Testimony and (3) Motion for Partial Summary Judgment. (Doc. Nos. 89, 95, 98.) Each of these motions was scheduled for hearing on March 5, 2018. ViaSat's Memoranda of Points and Authorities ("P and A") supporting these three motions was 7 pages (Doc. No. 89-1), 25 pages (Doc. No. 95-1), and 25 pages (Doc. No. 98-1)

respectively. As a result, ViaSat's Memoranda total 57 pages, 32 pages over what is permitted by the Court for "all motions noticed for the same motion day." Civ. LR 7.1(h).[1]

Plaintiffs claim that after receiving the hearing date from the Court, they "assumed (perhaps wrongly) that the 25-page limit in Local Rule 7.1(h) would apply to each separate motion." (Doc. No. 100 at 2.) Moreover, ViaSat does not object to Acacia having 25 pages for each of its oppositions to each of ViaSat's motions. (*Id.*) Acacia alleges it will be unduly burdened by not having additional pages to respond to the additional 32 pages in its Oppositions as Acacia is similarly limited for its memoranda "in opposition to all motions noticed for the same motion day." (Doc. No. 99 at 2.)

This Court takes compliance with its Local Rules seriously. As Judge Kozinski remarked, it has become more common for lawyers to file oversized briefs at the last minute and "dare us to bounce them." *Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016) (Kozinski, J., dissenting). Courts often accept these briefs because striking them "knocks the briefing and argument schedule out of kilter," thus causing more trouble than "putting up with the additional unnecessary pages." (*Id.*) But "[t]his encourages disdain for our rules and penalizes lawyers . . . who make the effort to comply." (*Id.*)

Despite this admonition, the Court will allow ViaSats' oversized memorandum in this instance. Moreover, the Court further **ORDERS** Acacia may file either a single opposition brief or three separate opposition briefs not to exceed fifty-seven (57) pages in total. Going forward, however, ViaSat and Acacia are forewarned, they both MUST comply with the Local Civil Rules governing the length of briefs unless leave of Court is granted.

///

---

[1] Local Civil Rule 7.1(h) sets a presumptive limit of twenty-five (25) pages for any brief or memorandum in support of a motion unless leave to file excess pages is granted by the Judge assigned to hear the motion.

2

1  **IT IS SO ORDERED.**
2
3  Dated: June 25, 2018
4
5  Hon. Roger T. Benitez
   United States District Judge