UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware corporation,<br>      Plaintiff and Counter-Defendant,<br>v.<br>ACACIA COMMUNICATIONS, INC., a Delaware corporation,<br>      Defendant and Counter-Claimant. | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY**<br><br>[Doc. No. 113] |

On February 15, 2018, Plaintiff ViaSat, Inc. ("ViaSat") filed an *Ex Parte* Application for Leave to File Sur-Reply. Acacia Communications, Inc. ("Acacia") filed an Opposition. (Doc. No. 114.) Courts generally view motions for leave to file a sur-reply with disfavor. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, permitting the filing of a sur-reply is within the discretion of the district court. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." "Although the court in its discretion [may] allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D.

Cal. April 28, 2009).  Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

ViaSat contends its sur-reply is necessary to enable it to respond to Acacia's false allegations asserted in their Reply in Support of the Motion for Partial Summary Judgment.  (Doc. No. 109.)  Specifically, Acacia's accusation ViaSat "materially misleading this Court" by citing *Digital Envoy, Inc. v. Google, Inc.*[1] ("*Digital Envoy I*") without also referencing the courts January 24, 2006 order[2] ("*Digital Envoy II*") as well. ViaSat further alleges Acacia's Reply materially changes one of the grounds of its Motion for Partial Summary Judgment.  (Doc. No. 75.)

Acacia argues ViaSat's proposed Sur-Reply focuses on an issue, the reconsideration decision of the court in *Digital Envoy II* – that ViaSat could (and should) have cited in its Opposition, instead of simply discussing *Digital Envoy I*.  When ViaSat neglected to address Digital Envoy II in its reply, Acacia was compelled to do so in its response.

Having reviewed the parties' memoranda and with a firm grasp of their asserted positions, the Court does not find a valid reason to allow ViaSat to file its Sur-Reply. To begin with, the Court disagrees with Viasat's characterization of Acacia's reply as misleading, or that it materially changes one of the grounds of its Motion for Partial Summary Judgment.  In the Court's view, Acacia's reply simply responds to the arguments ViaSat raises in its opposition, which is in keeping with the nature and purpose of a reply.  Specifically, Acacia provides a counter response to ViaSat's allegations.  The Court finds ViaSat's request for leave to file a sur-reply as more of an attempt to have the last word on this issue instead of identifying new issues raised for the first time in the reply.  This is precisely why Courts so thoroughly disfavor requests to file sur-replies.

---

[1] *Digital Envoy, Inc. v. Google, Inc.*, 2005 WL 29993364 (N.D. Cal. Nov. 8, 2005)
[2] Doc. No. 109-2, Ex. 89 ("*Digital Envoy II*")

Going forward, the Court suggests the parties put aside whether this exercise was necessary, or whether the Court's resources are best spent policing the scope of the parties' already-voluminous filings. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 Supp. 488, 491-92 (C.D. Cal. 1995) ("When an *ex parte* motion is filed ... the judge drops everything," expecting that the "tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken."). The parties seem to have forgotten that "A district court may refuse to consider new [arguments or] evidence submitted for the first time in a reply if the evidence should have been presented" earlier. *See Wallace v. Countrywide Home Loans, Inc.*, SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009); *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996.) To avoid the additional acrimony, cost, and effort of filing a sur-reply (and the potential request to file a sur-sur-reply), the Court will simply exercise its discretion to ignore any improper material that may or may not have been included in the papers. Three rounds of briefs are enough. Replies to replies to replies are too much.

Accordingly, the Court hereby **DENIES** ViaSat's *Ex Parte* Application for Leave to File a Sur-Reply. The Motion for Partial Summary Judgment remains under submission.

**IT IS SO ORDERED.**

Dated: June 25, 2018

Hon. Roger T. Benitez
United States District Judge