1  FITZGERALD KNAIER LLP
2      Kenneth M. Fitzgerald, Esq. (SBN: 142505)
       kfitzgerald@fitzgeraldknaier.com
3      David M. Beckwith, Esq. (SBN: 125130)
4      dbeckwith@fitzgeraldknaier.com
       Keith M. Cochran, Esq. (SBN: 254346)
5      kcochran@fitzgeraldknaier.com
6  402 West Broadway, Suite 1400
   San Diego, California  92101
7  Tel:  (619) 241-4810
   Fax:  (619) 955-5318
8

9
   WARREN LEX LLP
10     Matthew S. Warren, Esq. (SBN: 230565)
11     16-463@cases.warrenlex.com
       Patrick M. Shields, Esq. (SBN: 204739)
12     16-463@cases.warrenlex.com
13 2261 Market Street, No. 606
   San Francisco, California  94114
14 Tel:  (415) 895-2940
   Fax:  (415) 895-2964
15

16 Attorneys for Plaintiff and Counter Defendant
   Viasat, Inc.
17

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Viasat, Inc.**, *a Delaware corporation*,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.**, *a Delaware corporation*,<br><br>Defendant and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA<br>**[Redacted] Plaintiff and Counter-Defendant Viasat, Inc.'s Partial Opposition to Defendant and Counterclaimant Acacia Communications, Inc.'s Motion To Seal Certain Exhibits Submitted in Support of the Parties' Summary Judgment and Daubert Motions; Cross-Motion To Seal**<br><br>Dist. Judge:  Hon. Roger T. Benitez<br>Hon. Magistrate Jan M. Adler |

## I.   Introduction

In its ruling on the parties' motions to seal (Doc. No. 169), the Court declined to seal the parties' expert reports in their entirety, and determined that a narrower, more particularized request to seal portions of those reports was required. Following that ruling, the parties attempted to reach agreement on a joint motion to seal portions of those expert reports and certain other documents the Court determined not to seal. Although the parties agree on substantial portions of the expert reports that warrant sealing, Viasat believes Acacia has over-designated certain portions that do not meet the standard necessary for sealing, and dramatically under-designated certain other portions that should be sealed.

In addition, Viasat disagrees with Acacia's contention that the Christian Rasmussen email (part of Deposition Exhibit 563 (Exhibit 40 to Doc. No. 101)) should be sealed. Although the confidential SDFEC White Paper *accompanying* the email should be sealed (as it contains proprietary, competitively valuable information), Dr. Rasmussen's email itself contains no such information. It is just a damaging piece of evidence, reflecting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Acacia is improperly attempting to shield this incriminating evidence from public view with no legitimate justification. Accordingly, the Court should deny Acacia's motion as to this email.

## II.   Facts

In its Order Granting in Part and Denying In Part Motions To File Under Seal (Doc. No. 169), the Court held that the parties' requests to seal the expert reports of Professor Krishna Narayanan, Dr. Alexander Vardy, and Dr. Marwan Hassoun, were not sufficiently narrow or specific enough to justify sealing of the entire reports. Specifically, the Court was not persuaded that "multiple pages of academic, professional and presumably historical produce or service background" in the reports warranted sealing, but stated that "[p]ortions of each exhibit are sealable,

1  but not the entire reports." Doc. No. 169 at 5:19-6:2; *see also id.* at 7:3-8 ("Plaintiff
2  fails to explain why multiple pages of an academic, professional and presumably
3  historical product or service background should be redacted.  Without more, the
4  request to seal cannot be granted."); *id.* at 8:6-8 (declining to seal the entirety or
5  Narayanan and Vardy reports, and the report of Dr. Marwan Hassoun: "Portions of
6  each report are sealable, but not each report in its entirety"); *id.* at 14:10-17 (denying
7  Defendant's motion to seal as to Narayanan, Vardy, and Hassoun reports, among
8  other documents); *id.* at 15:16-16:5 (denying Defendant's motion to seal Vardy
9  report); *id.* at 17:5-13 (denying Defendant's motion to seal Vardy report); *id.* at 18:16-
10 19:2.

11     Filed herewith are redacted versions of those reports, and an index correlating
12 them to the previously filed exhibits on the still-pending motions (attached to the
13 accompanying Declaration of Kenneth M. Fitzgerald).  The redacted portions of the
14 reports disclose and discuss Viasat's trade secrets at issue in this action.  Fitzgerald
15 Dec. ¶ 3.  Those trade secrets are protected through confidentiality agreements and
16 other measures by Viasat, are valuable to Viasat by virtue of not being generally
17 known in the industry, and would cause competitive injury to Viasat if they were
18 placed in the public record.  Fuerst Dec. ¶ 2.  Indeed, Viasat is currently seeking over
19 $180 million in damages for Acacia's misappropriation of these trade secrets.
20 Allowing these trade secrets to be filed publicly in this litigation would therefore be
21 particularly prejudicial to Viasat, as the Court's previous order recognizes.

22     In addition, the Court held that Deposition Exhibit 563 (Exhibit 40 to Doc.
23 No. 101) should not be sealed, because "[t]he Motion to Seal states Exhibit 40
24 contains information that Acacia identified as confidential. No additional reason is
25 given to justify sealing the Exhibit." Doc. No. 169 at 7:10-11.  Viasat agrees the
26 transmission email -- in which ████████████████████████████
27 ████████████████████████████████████████████████████
28 ████ -- is not confidential; indeed, it was not appropriately designated as such by

1  Acacia. Thus, Viasat agrees with the Court that sealing of the cover email is
2  inappropriate. Unfortunately, Acacia now attempts to justify sealing of that
3  "smoking gun" email with a highly disingenuous explanation of what it is, supported
4  by statements by its Vice President of Engineering Bhupen Shah, who was not an
5  author or recipient of it, and whose self-serving explanation of it is contradicted by
6  the testimony of Dr. Rasmussen himself. *See, e.g.,* Fitzgerald Dec., Exh. R at
7  111:25-112:7 ███████████████████████████████████████
8  ██████████████████████████████████████████████████
9  ████████████████████████████████████████████
10 ████████

11       The attachment to this email, however, Viasat's White Paper, does contain
12 confidential technological information, which, if made available to competitors,
13 would damage Viasat's competitive position in the market. Fuerst Dec. ¶ 3.
14 Accordingly, Viasat respectfully request that the Court seal the White Paper itself,
15 pages bates-numbered ACI015954-60 of Deposition Exhibit 563, while unsealing
16 the non-technical but incriminating transmission email, page bates-numbered
17 ACI015953 of Exhibit 563.
18
19
20                     **III.  Discussion**
21 **A.  Viasat Does Not Object to Sealing of PowerPoint Presentation Entitled**
22      **"AC400 Project Review."**
23 Viasat does not object to sealing of this document.
24 **B.  The Christian Rasmussen Email Should Not Be Sealed, But The**
25      **Confidential White Paper He Secretly Transmitted With It Should.**
26       Remarkably, Acacia contends that the October 24, 2012 e-mail from Christian
27 Rasmussen contains "business and technical information concerning Acacia's
28 development process," which it considers confidential. This assertion – which is

1  belied by the contents of the email itself – is made under oath by Bhupen Shaw.
2  Doc. No. 174-1 at 2-3 (¶ 4).
3       Mr. Shaw did not write or receive the email. Moreover, there is no "technical
4  information" in it. The email reads, in its entirety, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  When it
9  was sent, in October of 2012, Viasat had completed its work with Acacia on the
10 Everest project. Acacia was trying to develop its own SDFEC technology for the
11 Sky or Denali project. Dr. Rasmussen and Acacia's engineer Pierre Humblet
12 obviously decided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮  *See* Fitzgerald Dec., Exh. R (Rasmussen Depo. at 109:12-
22 130:10). In sum, this is a highly incriminating piece of evidence, containing no
23 business or technical information whatsoever.
24       As the Court's order made clear, sealing is only appropriate where supported
25 by "compelling reasons." Doc. No. 169 at 2:5-18. "[T]he "mere fact that the
26 production of records may lead to a litigation's embarrassment, incrimination, or
27 exposure to further litigation will not, without more, compel the court to seal its
28 records." *Id.* at 2:19-21 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d

- 4 -                3:16-cv-00463-BEN-JMA
Viasat's Opposition to Acacia's Motion to Seal [Redacted]

1172, 1179 (9th Cir. 2006)).  Acacia undoubtedly finds the Rasmussen email embarrassing, as it shows ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.  But it does not reveal any business or technical information, as Mr. Shah falsely states in his declaration.  Acacia's request to seal this email should therefore be denied.

### 1.  Viasat's Confidential White Paper

Viasat's confidential SDFEC White Paper is competitively sensitive, and Viasat would suffer injury and prejudice if that document were unsealed.  Fuerst Dec. ¶ 3.  The White Paper details the selection, design and performance information for soft decision (FEC Forward Error Correcting code) in connection with the system requirements defined by Acacia Communications for implementation in a 100 Gbps (OTU4) optical communications link.  At the time of its initial transmission to Acacia in 2009, Viasat conspicuously marked the white paper as Confidential and Proprietary and subject to NDA because of its sensitive nature.  *See* Deposition Exhibit 563 (Exhibit 40 to Doc. No. 101) at ACI015956 ("The information contained in this document is proprietary and confidential.")  The document remains highly sensitive.  If competitors could easily learn the details of Viasat's SDFEC technology as reflected in the White Paper, they would enjoy a competitive advantage from being able to use that technology (such as specific code structures and other proprietary methods developed by Viasat), without expending any resources of their own.  *Id.*  Moreover, because the code block structure contained in the White Paper was ultimately adopted by Acacia in its commercial products, Viasat suspects that Acacia would agree that disclosure of the precise dimensions of its FEC frame size, for instance, could cause it competitive harm.  There is good cause to seal this document, although the Christian Rasmussen email transmitting it contains no proprietary information or trade secrets.  Accordingly, Viasat respectfully requests the Court seal pages ACI015954-60 of Deposition

1 Exhibit 563 (Exh. 40 to Doc. No. 101).

## C. The Expert Reports

As this Court recognized, sealing is warranted where court records would "release trade secrets." Doc. No. 169 at 3:12. Viasat recognizes that portions of the reports of the expert witnesses do not contain trade secrets or detailed discussion of trade secrets, but instead contain more general background and academic information. Specific pages and portions of the reports, however, do contain Viasat's trade secrets, or detailed discussions of those trade secrets. Those portions should be sealed, or Viasat will be put at a competitive disadvantage by having its trade secrets put into the public record. Accordingly, and in accordance with the Court's order, Viasat hereby renews its request to seal the expert reports discussed herein, but only as to those redacted portions of the expert reports filed herewith, which disclose or discuss Viasat's trade secrets.

Attached to the Fitzgerald Declaration as Exhibits H-K are copies of the expert reports with Viasat's redactions, and highlighted portions showing what additional portions Acacia seeks to redact. As the Court will see, those highlighted portions do not warrant sealing, inasmuch as they include: general product information, information derived from public sources, and general information about revenues and profit margins that does not seem to implicate any competitive interests, in light of the fact that Acacia is a publicly traded company with SEC-filed financial statements.

Attached to the Fitzgerald Declaration as Exhibits L-Q are copies of the expert reports with Acacia's redactions, and highlighted portions showing what additional portions ViaSat seeks to redact. As the Court will see, those highlighted portions warrant sealing, inasmuch as they include ViaSat's claimed trade secrets in this action, and/or Acacia's source code and/or portions of ViaSat's confidential low level technical specifications that relate to ViaSat's claimed trade secrets. Inexplicably, Acacia's proposed redactions omit significant portions of the reports

that disclose and discuss Viasat's claimed trade secrets, along with other competitively sensitive technical information. The highlighted portions of Exhibits L-Q should also be redacted, however.

## IV.   Conclusion

For the foregoing reasons, Viasat respectfully requests the Court to permit the parties to file Viasat's versions of the redacted expert reports and Deposition Exhibit 563, in place of those versions of the documents previously ordered by the Court to be filed publicly. `

Dated:  July 2, 2018

FITZGERALD KNAIER LLP

By: s/ *Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald, Esq.
David M. Beckwith, Esq.
Keith M. Cochran, Esq.

-and-

WARREN LEX LLP
Matthew S. Warren, Esq.
Patrick M. Shields, Esq.

Attorneys for Plaintiff and Counter Defendant Viasat, Inc.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2    I certify that today I am causing to be served the foregoing document by
3 CM/ECF notice of electronic filing upon the parties and counsel registered as
4 CM/ECF Users.  I further certify that, to the extent they are not registered
5 CM/ECF Users, I am causing the foregoing document to be served by electronic
6 means via email upon counsel for Acacia Communications, Inc., per the agreement
7 of counsel.

9 Dated:   July 2, 2018                    s/ *Kenneth M. Fitzgerald*
10                                            Kenneth M. Fitzgerald, Esq.