WOLF, GREENFIELD & SACKS, P.C.
  Michael A. Albert (Admitted *Pro Hac Vice*)
  Mass. B.B.O. No. 558566
  malbert@wolfgreenfield.com
  Hunter D. Keeton (Admitted *Pro Hac Vice*)
  Mass B.B.O. No. 660609
  hkeeton@wolfgreenfield.com
  Stuart V. C. Duncan Smith (Admitted *Pro Hac Vice*)
  Mass B.B.O. No. 687976
  sduncansmith@wolfgreenfield.com
600 Atlantic Avenue
Boston, Massachusetts, 02210
Tel: (617) 646-8000  Fax: (617) 646-8646

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
  Victor M. Felix (SBN: 179622)
  victor.felix@procopio.com
525 B Street, Suite 2200
San Diego, California, 92101
Tel: (619) 515-3229  Fax: (619) 744-5409

Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ViaSat, Inc.,** *a Delaware corporation,*<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>**Acacia Communications, Inc.,** *a Delaware corporation*<br><br>Defendant and Counter Claimant. | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ACACIA COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL AND PARTIAL OPPOSITION TO VIASAT, INC.'S CROSS-MOTION TO SEAL**<br><br>Judge: Hon. Roger T. Benitez<br>Mag. Judge: Hon. Jan M. Adler |

<

**TABLE OF CONTENTS**

I.   PROCEDURAL BACKGROUND .................................................................................1

II.  PORTIONS OF THE PARTIES' EXPERTS' REPORTS ...................................2

   A.  The Expert Report of Professor Krishna Narayanan dated October 27, 2017 ("Narayanan Report"). ........................................................................3

   B.  The Expert Report of Dr. Alexander Vardy dated November 21, 2017 ("Vardy Report"). ..............................................................................................3

   C.  The Expert Report of Stephen D. Prowse dated October 27, 2017 ("Prowse Report"). ............................................................................................4

   D.  The Rebuttal Report of Brent K. Bersin dated November 21, 2017 ("Bersin Report"). ..............................................................................................5

   E.  ViaSat's Other Proposed Redactions. ...................................................................5

III. OCTOBER 24, 2012 EMAIL FROM C. RASMUSSEN .........................................5

The Court previously provided guidance (Dkt. No. 169) that certain papers lacked adequate justification or explanation for an under-seal filing. ViaSat Inc.'s ("ViaSat") partial opposition and cross-motion to seal (Dkt. No. 179, "Opp.") compounds that error, attempting to shift onto the Court the burden of sorting through thousands of pages of proposed redactions and objections to redactions.[1]

Following the Court's above-described guidance, Acacia filed its motion to seal specifically identifying the information that it seeks to have sealed, providing a declaration explaining why that information is confidential and competitively valuable, and attaching versions of the expert reports with Acacia's proposed redactions. Dkt. No. 174. ViaSat, instead of providing similar identifications and justifications for any further redactions it seeks, filed over 2,200 pages with a combination of highlights and redactions, asserting merely that "the Court will see" what should or should not be redacted upon review of those 2,200 pages.

ViaSat's approach is inconsistent with the Court's guidance. Acacia thus respectfully requests that the Court seal those documents and portions of the expert reports set forth in Acacia's opening memorandum. As ViaSat has not met its burden to justify any additional redactions, its cross-motion should be denied.

## I.  PROCEDURAL BACKGROUND

Shortly after the Court's order partially denying the parties' motions to file documents under seal (Dkt. No. 169), the parties began discussing whether they could agree on filing a further joint motion to seal. On June 20, 2018, Acacia indicated that it would send ViaSat a list of materials it would seek to seal. ViaSat said that it would "hold off" filing its request while the parties discussed a joint motion. On June 26, Acacia sent ViaSat a list of information Acacia would seek to seal.

---

[1] ViaSat originally filed its request in the form of an *ex parte* application to which it appended certain Acacia confidential information, thus making those materials available to the public contrary to the Protective Order. Acacia immediately alerted ViaSat of its error. After repeated reminders by Acacia and the clerk of the Court, ViaSat ultimately removed its *ex parte* application from the public docket.

Acacia Communication, Inc.'s Reply in Support of its Motion To Seal
and Partial Opposition to ViaSat, Inc.'s Cross-Motion To Seal

Case No. 3:16-CV-00463-BEN-JMA

1

1  ViaSat responded that it disagreed with a portion of Acacia's suggested list, and
2  so would file its own request. ViaSat filed an *ex parte* request to redact and seal its
3  confidential information on June 27, 2018. Dkt. No. 173. ViaSat's filing was on the
4  public docket and contained Acacia highly confidential information that it knew Acacia
5  sought to seal. Acacia immediately objected to this public disclosure of materials as
6  contrary to the Protective Order (Dkt. No. 29). After initially refusing, ViaSat filed a
7  notice withdrawing its *ex parte* application (Dkt. No. 176), but leaving Acacia's
8  confidential materials on the public docket. Acacia then had to contact ViaSat again
9  before ViaSat ultimately moved to strike its *ex parte* application from the public docket.
10 Dkt. No. 177.

## II.  PORTIONS OF THE PARTIES' EXPERTS' REPORTS

12  Acacia attached to its motion six expert reports with information that Acacia
13 regards as highly confidential redacted, describing in detail its basis to redact that
14 information. Acacia lodged those versions of the reports under seal so that ViaSat
15 would have the opportunity to identify whatever else it sought to redact and to provide
16 a justification for the additional redactions as Acacia's motion had done.

17  Instead, ViaSat filed three copies of the reports (totaling over 2,200 pages), each
18 with a combination of redactions and highlighting. ViaSat argues generically that its
19 redactions are correct and Acacia's redactions are not. As its basis, ViaSat asserts that
20 "the Court will see." Opp. at 6. Thus, it appears that ViaSat expects the Court to
21 review all 2,200 pages and rule on each highlight individually. In contrast with the
22 specific justifications Acacia provided in its motion, ViaSat's "the Court will see"
23 argument does not explain why any particular redaction that Acacia proposes is wrong
24 or why ViaSat's proposed redactions are any more justified. Accordingly, the Court
25 should reject ViaSat's opposition and cross-motion.

26  Given the lack of argument against each redaction that Acacia proposes or in
27 favor of each redaction that ViaSat proposes, there is no clear target at which Acacia
28 can direct its response. ViaSat does not even make clear which of the highlighted

materials on Exs. H-K it is contesting, nor does it make clear the basis for requesting redaction of each of the highlighted materials in Exs. L-Q. To the extent that the Court is inclined to review all of the highlights, Acacia provides the following specific responses. If the Court disregards ViaSat's vague arguments, then the Court may also disregard the rest of this section.

### A. The Expert Report of Professor Krishna Narayanan dated October 27, 2017 ("Narayanan Report").

**ViaSat's Objections (i.e., highlights in Ex. I):** ViaSat objects to redacting portions of the Narayanan Report that disclose images of confidential deposition testimony of Acacia employees (Ex. I at 916, 923-24, 936-40[2]), of Acacia's employees' confidential emails (*id.* at 927, 935) and of Acacia's internal technical documents (*id.* at 942, 944-47). As Acacia explained in its motion, Acacia has a compelling reason to seal these technical documents, and indeed in many instances the Court has already permitted sealed filing of the underlying documents. Dkt. No. 174 at 4-6.

**ViaSat's Proposed Redactions (i.e., highlights in Ex. L):** ViaSat seeks to redact more of the Narayanan Report than is justified. ViaSat seeks to redact in whole Section 8.1 of the Narayanan Report, which includes a general discussion regarding differential encoding. Ex. L at 1419-21. ViaSat also seeks to redact general information regarding a way of implementing encoders for turbo product codes (*id.* at Ex. L at 1428-29) and a way of implementing decoders for turbo product codes (*id.* at Ex. L at 1431). ViaSat has not provided any basis to show that such general information is unique to ViaSat, or discloses anything that would put ViaSat at a competitive disadvantage. Therefore the Court should deny ViaSat's motion at least as to these redactions.

### B. The Expert Report of Dr. Alexander Vardy dated November 21, 2017 ("Vardy Report").

**ViaSat's Objections (i.e., highlights in Ex. K):** ViaSat objects to redacting

---

[2] Citations to Exs. I-Q are to the page numbering that ViaSat added to those exhibits.

Acacia Communication, Inc.'s Reply in Support of its Motion To Seal
and Partial Opposition to ViaSat, Inc.'s Cross-Motion To Seal

Case No. 3:16-CV-00463-BEN-JMA

3

portions of the Vardy Report that expressly quote Acacia's employee's emails (Ex. K at 1188-89) and confidential deposition testimony (*id.* at 1188), which disclose Acacia's product development efforts and testing. In addition, ViaSat objects to Acacia's request to seal portions of the Vardy Report which disclose Acacia's proprietary design of the ASIC circuitry. *Id.* at 1213-14. As Acacia explained in its motion, Acacia has compelling reasons to seal these technical documents, and indeed in many instances the Court permitted sealed filing of the underlying documents. Dkt. No. 174 at 6-7.

**ViaSat's Proposed Redactions (i.e. highlights in Ex. M):** ViaSat seeks to redact more of the Vardy Report than is justified. ViaSat seeks to seal a general discussion regarding encoding and backward compatibility (Ex. M at 1602, 1618-19) and generic information about the value of decoding (*id.* at 1644-17). ViaSat has not provided any basis to show that such general information is unique to ViaSat, or discloses anything that would put ViaSat at a competitive disadvantage. Therefore, ViaSat's motion should be denied as to these redactions.

### C. The Expert Report of Stephen D. Prowse dated October 27, 2017 ("Prowse Report").

**ViaSat's Objections (i.e. highlights in Ex. J):** ViaSat objects to redacting portions of the Prowse Report that disclose Acacia's non-public financial information broken down on a product-by-product basis. Ex. J. at 1084-85, 1090, 1094, 1100-04, 1106, 1107-10, 1121-22, 1141-1144.[3] In addition, ViaSat objects to the redaction of certain portions of the Prowse Report that disclose Acacia's confidential business strategies and plans concerning product development in Acacia deposition testimony, emails, and other documents, including correspondence with confidential third parties designated "Third Party Highly Confidential" under the Protective Order. *Id.* at 1092-1096, 1099-1100, 1101-1104, 1110-1117. As Acacia explained in its motion, Acacia has a compelling reason to seal these technical documents, and indeed in many

---

[3] To the extent that Acacia's proposed redactions quote from public sources, in the Prowse Report or otherwise, Acacia agrees not to redact those quotes.

Acacia Communication, Inc.'s Reply in Support of its Motion To Seal
and Partial Opposition to ViaSat, Inc.'s Cross-Motion To Seal

Case No. 3:16-CV-00463-BEN-JMA

4

instances the Court permitted sealed filing of the underlying documents.  Dkt. No. 174 at 7-8.

### D. The Rebuttal Report of Brent K. Bersin dated November 21, 2017 ("Bersin Report").

**ViaSat's Objections (i.e. highlights in Ex. H):** ViaSat objects to redacting portions of the Bersin Report that disclose Acacia's non-public sales data, gross revenue, and profit margins on a product-by-product basis.  Ex. H at 835-839, 848, 852-853, 868-875.  Similarly, ViaSat objects to redacting portions of the Bersin Report that disclose confidential information regarding Acacia's and ViaSat's financial negotiations (*id.* at 828) and Acacia's confidential, non-public technical information including the layout of Acacia's ASIC integrated circuits (*id.* at 835-37, 849-50).  As Acacia explained in its motion, Acacia has compelling reasons to seal these technical documents, and indeed in many instances the Court has already permitted sealed filing of the underlying documents.  Dkt. No. 174 at 8-9.

### E. ViaSat's Other Proposed Redactions.

Acacia takes no position on the redactions that ViaSat proposes for the Prowse Report (i.e., highlights in Ex. N), the Bersin Report (i.e., highlights in Ex. O), the Opening Report of Dr. Marwan Hassoun, dated October 27, 2017 (i.e., highlights in Ex. P), and the Expert Report of Dr. Richard W. Koralek, dated November 21, 2017 (i.e., the highlights in Ex. Q).  ViaSat provided no objections to Acacia's proposed redactions in the Hassoun and Koralek Reports.

## III.   OCTOBER 24, 2012 EMAIL FROM C. RASMUSSEN

Both parties agree that the attachment to the email, the so-called "White Paper," may be filed under seal.  To be sure, Acacia disputes ViaSat's claim that the document is confidential, given that the non-disclosure agreement protecting it expired long ago.  Acacia raised that dispute in the proper place – namely, in its substantive summary judgment briefing about the parties' contractual objections.  A motion to seal is not the place for this merits dispute and Acacia therefore does not object to the document being filed under seal pending merits resolution.

That "White Paper" was attached to an internal Acacia business communication from Mr. Rasmussen. As Acacia explained in its motion, the dispute regarding the confidential status of this email exists only because *ViaSat's* motion to seal was deficient concerning this document. Dkt. No. 174 at 3-4. The Court declined to authorize filing under seal where ViaSat's motion contained no information about the email. Dkt. No. 101 at 8 (discussing Ex. 40); Dkt. No. 169 at 7 (denying Dkt. No. 101 as to Ex. 40). But in a different context, when such information *was* properly provided, the Court ordered the very same email to be sealed. In that context, ViaSat properly explained that the email "contains discussion of Acacia's business and technical information." Dkt. No. 96 at 8 (discussing this email, which was Ex. 36 to that motion); *see* Dkt. No. 169 at 5 (granting Dkt. No. 96 as to Ex. 36). The issue having previously been resolved by the Court, there is no need to revisit the issue now. Indeed, had ViaSat simply included the same language it had previously used to describe the email, ViaSat could have avoided this dispute altogether.

In any event, Acacia's motion provides additional information as to why Acacia regards this document as confidential and meriting filing under seal. Specifically, Mr. Shah, Acacia's Vice President of Engineering, who is familiar with the document, stated that the email was sent "in furtherance of Acacia's evaluation of ViaSat as a co-development partner in the area of soft decision forward error correction," the disclosure of which could inform Acacia's competitors of Acacia's "internal process for the evaluation of business partners." Dkt. No. 174-1 ¶ 4. Thus, Acacia has articulated a compelling reason to file the document under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F .3d 1172, 1179 (9th Cir. 2006).[4]

In any event, as noted above with regard to the "White Paper," an opposition to

---

[4] ViaSat's insistence that the document has "no business or technical information whatsoever" and that Mr. Shah's sworn declaration otherwise is false (Opp. at 4-5) is inconsistent with ViaSat's own prior representation to this Court that the email "contains discussion of Acacia's business and technical information." Dkt. No. 96 at 8.

a motion to seal is not the time or place for ViaSat to challenge the designation of a document under the Stipulated Protective Order.[5]  As with other such materials relating to disputed matters, this item should be kept under seal for now and the issue can be addressed definitively after resolution of disputed merits issues.

Date:  July 11, 2018                                  Respectfully Submitted,

                                                                  WOLF, GREENFIELD & SACKS, P.C.

                                                                  By: *s/Michael A. Albert*
                                                                  Michael A. Albert
                                                                  Hunter D. Keeton
                                                                  Stuart V. C. Duncan Smith
                                                                  *Attorneys for Defendant and Counter Claimant Acacia Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users.  I further certify that I am causing the foregoing document to be served by electronic means via email upon counsel for ViaSat, Inc., to the extent they are not registered CM/ECF Users, per the agreement of counsel.

Date: July 11, 2018                                   *s/Michael A. Albert*
                                                                  Michael A. Albert

---

[5] Indeed, there is an agreed-upon dispute resolution process (see Dkt. No. 29 at 7-8), which ViaSat did not follow.  This process requires a meet and confer and a separate motion from the party challenging the designation (with a declaration from the challenging party).  *Id.*

Acacia Communication, Inc.'s Reply in Support of its Motion To Seal
and Partial Opposition to ViaSat, Inc.'s Cross-Motion To Seal

Case No. 3:16-CV-00463-BEN-JMA
7