FILED

JUL 24 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:16-cv-00463-BEN-JMA<br><br>**ORDER:**<br>**(1) GRANTING IN PART AND DENYING IN PART RENEWED MOTIONS TO FILE UNDER SEAL**<br>**(2) GRANTING MOTION TO STRIKE**<br><br>[Doc. Nos. 174, 178, 179] |

Before the Court are three motions. Plaintiff ViaSat, Inc. ("ViaSat") submits a renewed Motion to Seal and a Motion to Strike Document Number 173. Defendant Acacia Communications, Inc. ("Acacia") submits a renewed Motion to Seal. The Court addresses all three Motions in this Order.

## I.  The Right of Access to Judicial Records

The Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*,

331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.*; *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate[] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In turn, the court must "conscientiously balance [] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135.

## II. Discussion

### A. *Acacia and ViaSat's Renewed Motions to Seal.*

On June 14, 2018, the Court entered an Order Granting in part and Denying in part, ViaSat and Acacia's combined twenty Motions to Seal. (Doc. No. 169.) Having reviewed the 8,774 pages covered by the motions, it was clear the parties sought to over-seal many of the documents. While most of the documents contained portions of information that would satisfy the "compelling reasons" standard, merely containing portions of sealable information does not justify sealing a document in its entirety. Consequently, the Court declined to seal several expert reports and related documents.

The Court now considers the parties renewed Motions to Seal several documents previously denied. (Doc. Nos. 174, 179.) This time, neither party seeks to seal any of the aforementioned documents in their entirety. Instead, ViaSat and Acacia each submitted copies of the same 6 documents with varying degrees of redactions for the Court's consideration. The documents in question are as follows:

1. A redacted copy of the Opening Report of Professor Krishna Narayanan, Ph.D., dated October 27, 2017.

2. A redacted copy of the Expert Report of Dr. Alexander Vardy, dated November 21, 2017.

3. A redacted copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA, dated October 27, 2017, with Corrected Designation dated October 30, 2017, including accompanying Exhibits 3, 4, 5, 5a, 5b, 5c, 5d, 6, and 7 attached thereto.

4. A redacted copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin, dated November 21, 2017, including accompanying Exhibits 1, 2, 2.1, 2.2, and 3.0.

5. A redacted copy of the Opening Report of Dr. Marwan Hassoun, dated October 27, 2017.

6. A redacted copy of the Expert Report of Dr. Richard W. Koralek, dated November 21, 2017.

Acacia also seeks to file redacted versions of the following two documents:

1. An Acacia PowerPoint presentation entitled "AC400 Project Review."

2. An October 24, 2012 Email from C. Rasmussen and included "White Paper."

Having considered both motions and reviewed the proposed redacted documents, the Court **GRANTS in part** and **DENIES in part** both ViaSat and Acacia's Motions to Seal. The Court Orders the following redacted documents filed on the public docket with unredacted versions filed under seal:

**Acacia's Motion to Seal** – (Doc. No. 174.)

*Exhibit 1* – A redacted copy of Acacia's PowerPoint presentation entitled "AC400 Project Review."

*Exhibit 2* – A redacted copy of the Opening Report of Professor Krishna Narayanan, Ph.D., dated October 27, 2017.

*Exhibit 4* – A redacted copy of the Expert Report of Stephen D. Prowse, Ph.D., CFA dated October 27, 2017, with Corrected Designation dated October 30, 2017, including accompanying Exhibits 3, 4, 5, 5a, 5b, 5c, 5d, 6 and 7 attached thereto.

*Exhibit 5* – A redacted copy of the Rebuttal Expert Report Regarding Damages of Brent K. Bersin, dated November 21, 2017, including accompanying Exhibits 1, 2, 2.1, 2.2, and 3.0.

*Exhibit 40 to Doc. No. 101* – The Court **DECLINES** to file under seal the October 24, 2012, Email from Christian Rasmussen. The Court **GRANTS** filing under seal the included confidential "White Paper", pages bates-numbered ACI01594-60 of Deposition Exhibit 563.

**ViaSat's Motion to Seal** – (Doc. No. 179.)

*Document (b)* – A redacted copy of the Opening Report of Dr. Marwan Hassoun, dated October 27, 2017.

*Document (c)* – A redacted copy of the Expert Report of Dr. Richard W. Koralek, dated November 21, 2017.

*Document (f)* – A redacted copy of the Expert Report of Dr. Alexander Vardy, dated November 21, 2017.

**B.    *ViaSat's Ex Parte Motion to Strike Document Number 173*.**

On June 28, 2018, ViaSat also moved to strike its *Ex Parte* Application to Seal Document Number 173 containing portions of expert reports in accordance with the Court's Order (Doc. No. 169) requiring a narrower, more particularized request to seal together with redacted versions of the documents the Court previously determined should not be sealed. The Motion is unopposed by Acacia.

Accordingly, the Court **GRANTS** ViaSat's *Ex Parte* Motion to Strike. ViaSat's *Ex Parte* Application to Seal Document Number 173 shall be stricken from the docket.

**III.   Conclusion**

In sum, the Court finds that a majority of the parties' various motions to seal have been narrowly tailored such that they do not unnecessarily impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties'

claims. As such and in light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS in part and DENIES in part** the Motions to Seal as described above. The Court further **GRANTS** ViaSat's *Ex Parte* Motion to Strike Document Number 173.

**IT IS SO ORDERED.**

DATED: 7/23, 2018

Hon. Roger T. Benitez
United States District Court