FITZGERALD KNAIER LLP
  Kenneth M. Fitzgerald, Esq. (SBN: 142505)
  kfitzgerald@fitzgeraldknaier.com
  David M. Beckwith, Esq. (SBN: 125130)
  dbeckwith@fitzgeraldknaier.com
  Keith M. Cochran, Esq. (SBN: 254346)
  kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California  92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

WARREN LEX LLP
  Matthew S. Warren, Esq. (SBN: 230565)
  16-463@cases.warrenlex.com
  Patrick M. Shields, Esq. (SBN: 204739)
  16-463@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California  94114
Tel:  (415) 895-2940
Fax:  (415) 895-2964

Attorneys for Plaintiff and Counter Defendant ViaSat, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ViaSat, Inc.,** <br> *a Delaware corporation,* <br><br><br> Plaintiff <br> and Counter Defendant, <br><br> v. <br><br> **Acacia Communications, Inc.,** <br> *a Delaware corporation,* <br><br> Defendant <br> and Counter Claimant, | Case No.: 3:16-cv-00463-BEN-JMA <br><br> **Plaintiff ViaSat, Inc.'s *Ex Parte* Application for Clarification or in the Alternative Reconsideration re: Sealing of Documents Containing Trade Secrets Pursuant to Local Rule 7.1(i)** <br><br> Dist. Judge:  Hon. Roger T. Benitez <br> Hon. Magistrate Jan M. Adler <br><br> Case Initiated: January 21, 2016 |

## I.    Introduction

1
2    Plaintiff and Counter Defendant ViaSat, Inc. ("Viasat") hereby moves *ex parte*
3 for clarification, or in the alternative reconsideration, regarding the sealing of
4 documents containing Viasat's trade secret disclosures in this action pursuant to the
5 Court's order (Doc. No. 186).  Plaintiff moves *ex parte* in order to avoid any delay in
6 the finalization of the public record in connection with the parties' pending motions
7 and the Court's anticipated rulings.

8    This is a trade secret case.  In making and opposing summary judgment and
9 *Daubert* motions, the parties rely upon expert reports that include Viasat's identified
10 trade secrets in this action.  Specifically, Viasat's technical expert, Dr. Narayanan,
11 describes the seven specific Viasat trade secrets in section 13 of his expert report
12 entitled "Review of Trade Secrets" (Doc. No. 178-2, Ex. L, p. 1454-1560).  This
13 section repeats **verbatim** the Viasat's trade secret disclosures of the seven Viasat
14 trade secrets and how those seven trade secrets apply to Acacia's products.  *Id.*  The
15 Fitzgerald declaration explains that this information discloses and discusses the
16 Viasat trade secrets at issue in this action.  Doc. No. 178-2 at ¶13.  The Viasat trade
17 secret disclosure of these seven trade secrets was designated as "Highly Confidential-
18 Attorney's Eyes Only" under the protective order when it was produced in
19 discovery.  Beckwith Declaration, ¶2.  The expert reports containing the analysis of
20 these seven Viasat trade secrets were also designated "Highly Confidential-
21 Attorney's Eyes Only".  *Id.*  Notably, Acacia did not disagree, raising no objection to
22 the sealing of this information as part of the motion to seal.  *Id.*  In fact, Acacia
23 redacted 79 of the figures contained in this section that show implementations of the
24 seven Viasat trade secrets.

25    Likewise, the Expert reports of Mr. Prowse (Doc. No. 178-2, Ex. N, p. 1818-
26 1819) and Mr. Bersin.  (Doc. No. 178-2, Ex. O, p.1894-1897) include detailed
27 discussion of the seven identified Viasat's trade secrets.  These expert reports were
28 also designated "Highly Confidential-Attorney's Eyes Only" under the protective

1  order.  Beckwith Declaration ¶3.  The Fitzgerald declaration explains that this
2  information discloses and discusses the Viasat trade secrets at issue in this action.
3  Doc. No. 178-2 at ¶15-16.  As with the Narayanan report, Acacia raised no objection
4  to the sealing of this trade secret information.  ("Acacia takes no position on the
5  redactions that Viasat proposes for the Prowse Report…the Bersin Report…").

6      It is unclear from the Court's July 24, 2018 order (Doc. No. 186) whether the
7  Court intended the redactions to sealed exhibits relating to Dr. Narayanan, Mr.
8  Prowse and Mr. Bersin to include the additional redactions added by Viasat to
9  protect these Viasat trade secrets from public disclosure.  The Order grants, inter
10  alia, the request to file redacted copies of the expert reports of Professor Krishna
11  Narayanan, Stephen Prowse and Brent Bersin. The Court order does not indicate if
12  the redacted versions of the reports should include the additional redactions that
13  were submitted by Viasat (and which Acacia did not oppose).  Clarification is
14  therefore necessary, since the additional redactions that were identified by Viasat
15  clearly disclose the seven Viasat trade secrets at issue in this action.  Beckwith
16  Declaration ¶3.  Viasat therefore believes the Court's order is correctly understood
17  to request sealing of these reports as further redacted by Viasat; if Viasat is incorrect,
18  Viasat respectfully requests reconsideration, as it would be clear error to require the
19  filing of Viasat's trade secrets that are directly at issue in this action.

20      For the reasons set forth herein, ViaSat respectfully requests the Court to
21  clarify its Order concerning the requested redactions of Dr. Narayanan to include all
22  of the requested redactions of the Viasat trade secrets, and the analysis and
23  discussion of how those seven trade secrets apply to the Acacia products as set forth
24  in Doc. No. 178-2, Ex. L pages 1454-1560 and the additional redactions of Mr.
25  Prowse and Mr. Bersin, Doc. No. 178-2 Ex. O, p. 1894-1897 and Doc. No. 178-2,
26  Ex. N, p.1818-1819, respectively.

27
28

## II.    Argument

1
2          Viasat's summary judgment and *Daubert* motions rely on portions of expert
3   reports that contain disclosures of the seven Viasat trade secrets, and a detailed
4   analysis of how those trade secrets are used by Acacia.  Viasat therefore sought to
5   file those portions of the exhibits containing the trade secrets in a redacted form,
6   and to ensure that when Acacia filed those expert reports under seal the portions of
7   those reports containing Viasat trade secrets were properly redacted.  The Fitzgerald
8   declaration submitted in support of Viasat's response to Acacia's motion to seal
9   (Doc. No. 178-2), expressly identified the additional information in the Narayanan,
10  Bersin and Prowse reports as describing the Viasat trade secrets.  (Doc. No. 178-2
11  ¶13, 15-16).

12         Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration
13  "[w]henever any motion or any application or petition for any order or other relief
14  has been made to any judge and has been refused in whole or in part ...." CivLR
15  7.1(i)(1); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000)
16  (explaining that where reconsideration of a non-final order is sought, the district
17  court has inherent jurisdiction to modify, alter, or revoke its earlier ruling).
18  Reconsideration is appropriate if the district court (1) is presented with newly
19  discovered evidence, (2) committed clear error or the initial decision was manifestly
20  unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J,*
21  *Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "Clear error
22  occurs when the 'reviewing court on the entire record is left with the definite and
23  firm conviction that a mistake has been committed.' " *Smith v. Clark Cnty. Sch. Dist.*,
24  727 F.3d 950, 955 (9th Cir. 2013).  The Court "has the inherent power to reconsider
25  and modify its interlocutory orders prior to the entry of judgment." *Saroli v. Agua*
26  *Caliente Band of Cahuilla Indians* 2011 WL 2433089 (S.D. Cal. 2001); *Smith v.*
27  *Massachusetts,* 543 U.S. 462, 475 (2005).  This inherent power extends to prior rulings
28  in the same litigation. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216,

1   1222 (9th Cir.2010) ("a court may revisit prior decisions in a case and correct errors

2   while the case is still pending"). Here, the Court order granting in-part and denying

3   in-part the renewed motion to file under seal does not indicate if the redacted

4   versions of the reports should include the additional redactions that were submitted

5   by Viasat (which were not opposed by Acacia). The Court may have overlooked the

6   additional redactions to the Narayanan, Prowse and Bersin exhibits, or committed

7   clear error in not permitting the redaction of the materials clearly identified as the

8   Viasat trade secrets in those expert reports (and to which Acacia did not object to

9   such redactions).

10         The request to seal these portions of the expert reports was supported by a

11   declaration explaining that this information discloses and discusses Viasat trade

12   secrets. Fitzgerald Declaration, Doc. No. 178-2 at ¶13, 15-16. The portions of the

13   expert reports were highlighted and clearly identified as relating to a disclosure and

14   analysis of Viasat's trade secrets. Section 13 of the Narayanan report is titled

15   "Review of Trade Secrets" and includes exact copies of the Viasat's trade secret

16   disclosures. *See e.g.* Doc. No. 178-2, Ex. L, p. 1454, 1471, 1490, 1509, 1525, 1538,

17   1552. After each disclosure of Viasat's seven trade secrets, there is detailed analysis

18   of those trade secrets and how they apply to the Acacia products. *Id.* Acacia did not

19   object to any of these proposed redactions, and in fact itself redacted virtually every

20   single figure of Acacia materials contained in this section (79 block redactions) that

21   described the application of the Viasat trade secrets to the Acacia product.

## III.   Conclusion

23         For the foregoing reasons, ViaSat respectfully requests the Court to clarify

24   that the redactions of Dr. Narayanan expert report shall include all of the requested

25   redactions of the Viasat trade secrets set forth in Doc. No. 178-2, Ex. L pages 1454-

26   1560 and the additional redactions of Mr. Prowse and Mr. Bersin (Doc. No. 178-2,

27   Ex. O, p. 1894-1897 and Doc. No. 178-2, Ex. N, p.1818-1819, respectively), which

28   also set forth the Viasat trade secrets.

1  Dated:  July 27, 2018

FITZGERALD KNAIER LLP

2

By: _____

3  Kenneth M. Fitzgerald, Esq.
   David M. Beckwith, Esq.
4  Keith M. Cochran, Esq.

5

6  -and-

7

8  WARREN LEX LLP
9  Matthew S. Warren, Esq.
   Patrick M. Shields, Esq.
10

11  Attorneys for Plaintiff and Counter
    Defendant ViaSat, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **CERTIFICATE OF SERVICE**

2    I certify that today I am causing to be served the foregoing document by

3 CM/ECF notice of electronic filing upon the parties and counsel registered as

4 CM/ECF Users.  I further certify that, to the extent they are not registered

5 CM/ECF Users, I am causing the foregoing document to be served by electronic

6 means via email upon counsel for Acacia Communications, Inc., per the agreement

7 of counsel.

8

9 Dated:   July 27, 2018

10                    David M. Beckwith, Esq.