FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (State Bar No. 142505)
    kfitzgerald@fitzgeraldknaier.com
    David Beckwith (State Bar No. 125130)
    dbeckwith@fitzgeraldknaier.com
    Keith M. Cochran (State Bar No. 254346)
    kcochran@fitzgeraldknaier.com
    402 West Broadway, Suite 1400
    San Diego, California, 92101
+1 (619) 241-4810
+1 (619) 955-5318 facsimile

WARREN LEX LLP
    Matthew S. Warren (State Bar No. 230565)
    Patrick M. Shields (State Bar No. 204739)
    Erika H. Warren (State Bar No. 295570)
    16-463@cases.warrenlex.com
    2261 Market Street, No. 606
    San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiff and Counter-Defendant Viasat, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC. a Delaware corporation, <br>    Plaintiff and Counter-Defendant, <br> v. <br> ACACIA COMMUNICATIONS, INC. a Delaware corporation, <br>    Defendant and Counter-Claimant. | Case No. 3:16-463-BEN-JMA <br><br> **Viasat's Opposition to Acacia's *Ex Parte* Application to Continue the Upcoming Final Pretrial Conference** <br><br> Hon. Dist. Judge Roger T. Benitez <br> Hon. Magistrate Judge Jan M. Adler <br> Case Initiated: January 21, 2016 |

Plaintiff and Counter-Defendant Viasat, Inc. ("Viasat") opposes Acacia's *Ex Parte* Application to Continue the Upcoming Final Pretrial Conference, Docket No. 193. Acacia's misnamed application does not actually seek a continuance at all, but instead asks the Court to vacate the pretrial conference without setting a new date, thus postponing the trial of this matter indefinitely. Acacia seeks to justify this extraordinary relief by claiming that the Court is considering "seven pending motions, several of which are potentially dispositive" (Application at 1:11), but this is not correct. Only one motion before the Court can, if granted, dispose of this entire matter: Viasat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation. This straightforward motion would, if granted, eliminate the only ostensible basis for federal subject matter jurisdiction, and thus would require the remand of this entire action to state court. Docket No. 127-3. The remaining motions before the Court could, if granted, narrow and shape the issues for trial—but issues for trial would remain. Thus, although Acacia contends that it would be "inefficient and impractical" to hold the pretrial conference while these motions are pending (Application at 1:17), doing so would actually help the Court efficiently prepare this matter for trial, as the Court could question the parties regarding any topics likely to affect their trial presentations, whether related to the pending motions or not. Finally, Acacia complains of "cross-country travel by several attorneys" but, having chosen out-of-state counsel, cannot be heard to complain about the location of the Court. The Court should deny this application.

## ARGUMENT

### I. Acacia Has Repeatedly Sought to Avoid Trial of This Matter

Acacia's Application fails to acknowledge its multiple prior requests to vacate the final pretrial conference. This history has established, if nothing else, that Acacia does not want to try this case. On April 24, 2018, Acacia filed its first *ex parte* application seeking to vacate the pretrial conference, then scheduled for June 4. Docket No. 161. The Court instead continued the pretrial hearing to August 6, 2018, and stated that "No further continuances will be granted without good cause." Docket No. 168. Nonetheless,

on July 9, Acacia again filed an *ex parte* application seeking to vacate the pretrial conference without setting a new date. Docket No. 181. Again, the Court declined to grant this relief, but later reset the pretrial conference to August 20 (Docket No. 191), and then further briefly continued the hearing to avoid schedule conflicts, to its present date of September 4. Docket No. 192. Today Acacia filed its third *ex parte* application, seeking yet again to vacate the pretrial conference without setting a new date. Docket No. 193.

The Court should not encourage Acacia's dilatory tactics by further extending the pretrial conference date. No schedule for the pretrial hearing will satisfy Acacia, which simply wants to avoid a pretrial conference and thus a trial. Viasat filed this case on January 21, 2016; the parties completed discovery more than eight months ago and filed motions for partial summary judgment more than six months ago; the parties have already exchanged their pretrial disclosures—twice—and are ready for trial. The pretrial conference should go forward, as previously ordered, on September 4.

**II. The Pretrial Conference Would Benefit the Parties and the Court Because Only One Motion Pending Before the Court Could Dispose of This Action**

Acacia supports its request for indefinite continuance by arguing that before the Court are "seven pending motions, several of which are potentially dispositive." Application at 1:11. But this statement is wrong: only one motion presently before the Court would dispose of the case. Viasat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation (Docket No. 127-3; Opposition, Docket No. 120; Reply, Docket No. 144) explains that this Court lacks jurisdiction over Count I of its counterclaims for "Patent Misappropriation under 35 U.S.C. § 1, et seq." and that, because Count I is the sole asserted ground for Federal subject-matter jurisdiction, the Court should—indeed, must—remand the balance of the case after dismissing Count I. ViaSat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation is thus not merely "potentially dispositive," but mandatorily so. Should the Court grant this motion, no other pretrial proceedings would be necessary.

The remaining pending motions, in contrast, are not even "potentially dispositive" of this matter:

- Acacia's Motion for Partial Summary Judgment Regarding Damages (Docket No. 75; Opposition, Docket No. 103; Reply, Docket No. 109), seeks to limit Viasat's recoverable damages, but would not eliminate any liability claims;
- Acacia's Motion for Summary Judgment Regarding No Liability (Docket No. 83; Opposition, Docket No. 106; Reply, Docket No. 122), seeks to resolve some but not all of Viasat's liability claims, and would leave all of Acacia's claims for trial;
- Acacia's Motion for Summary Judgment that Viasat Lacks Trade Secret Rights (Docket No. 93; Opposition, Docket No. 151; Reply, Docket No. 156), seeks to remove Viasat's trade-secret claims, but would not affect Viasat's other claims;
- Acacia's Motion to Strike and Exclude Certain Opinions of Viasat's Experts (Docket No. 86; Opposition, Docket No. 138; Reply, Docket No. 148), seeks to exclude certain opinions from Viasat's experts, but would not resolve any claim;
- Viasat's Motion for Partial Summary Judgment Regarding Breach of Contract (Docket No. 98; Opposition, Docket No. 121; Reply, Docket No. 135), seeks a finding of liability against Acacia on Viasat's contract claims, but leaves Viasat's trade-secret claims and damages on all claims for trial; and
- Viasat's Motion to Exclude Expert Testimony (Docket No. 127-5; Opposition, Docket No. 119; Reply, Docket No. 141), seeks to exclude certain opinions from Acacia's experts, but would not resolve any claim.

No combination of rulings on these motions would or could prevent a trial of this matter. Despite this, Acacia argues that "both the Court and the parties will benefit from continuing the Final Pretrial Conference until after the Court resolves the pending motions." Application at 1:20-22. Acacia is wrong: both the parties and the Court will benefit from a pretrial conference whether or not these motions are still pending, because a conference would give the Court the ability to question the parties regarding any topics likely to affect their trial presentations, whether related to the pending motions or not.

Viasat thus respectfully submits that the pretrial conference should go forward as scheduled, on September 4, 2018, unless the Court first grants Viasat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation and remands the case to state court.

### III. The Convenience of Acacia's Counsel Carries No Weight

Finally, Acacia argues that the Court should not hold the scheduled pretrial hearing because it would be "inefficient" for it to pay for "cross-country travel by several attorneys." Application at 1:17-18. The Court can and should quickly dismiss this argument. Convenience of litigation counsel receives little weight, and Acacia cannot create its own prejudice by hiring out-of-state attorneys for a case before this Court and then argue that it would suffer by sending them to argue in this Courthouse. *Cf., e.g., Shinde v. Nithyananda Found.*, No. 13-363, 2015 WL 12778434, at *3 (C.D. Cal. May 21, 2015) (convenience of counsel receives little weight in deposition locations); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (same regarding venue). Furthermore, as Viasat has already explained, unless the Court remands this matter to state court, a pretrial conference is certain to be necessary, sooner or later. The question is not whether Acacia's counsel should have to travel to San Diego to attend it, but rather when.

### CONCLUSION

For the foregoing reasons, the Court should deny Acacia's *ex parte* application. Although Viasat continues to believe that the Court should grant Viasat's Motion for Summary Judgment on Acacia's Counterclaim for Patent Misappropriation and remand the case to state court, if it does not do so before the pretrial hearing on September 4, that hearing should go forward as previously ordered by this Court.

Date: August 28, 2018

        */s/ Kenneth M. Fitzgerald*
        Kenneth M. Fitzgerald
        David Beckwith
        Keith M. Cochran
        FITZGERALD KNAIER LLP

| | |
|---|---|
| 1 | 402 West Broadway, Suite 1400 |
| 2 | San Diego, California, 92101 |
| 3 | Matthew S. Warren |
| 4 | Patrick M. Shields |
| 5 | Erika H. Warren |
|   | WARREN LEX LLP |
| 6 | 2261 Market Street, No. 606 |
| 7 | San Francisco, California, 94114 |
| 8 | *Attorneys for Plaintiff and* |
| 9 | *Counter-Defendant Viasat, Inc.* |

# **CERTIFICATE OF SERVICE**

I certify that today I am causing to be served the foregoing document by CM/ECF notice of electronic filing upon the parties and counsel registered as CM/ECF Users. I further certify that, to the extent they are not registered CM/ECF Users, I am causing the foregoing document to be served by electronic means via email upon counsel for Acacia Communications, Inc., per the agreement of counsel.

Date: August 28, 2018

 */s/ Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald