# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., a Delaware corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>ACACIA COMMUNICATIONS, INC., a Delaware Corporation<br><br>Defendant and Counter-Claimant. | CASE NO. 3:16-cv-00463-BEN-KSC<br><br>**ORDER REMANDING CASE**<br><br>[Doc. No. 75, 83, 86, 89, 93, 95, 98] |

## INTRODUCTION

Now before the Court is Plaintiff's motion[1] in which it asserts this court lacks federal jurisdiction and asks it to remand to the case to the state court from which it was removed. The motion is granted.

This case was originally filed in the Superior Court of California. Plaintiff asserted there three simple state law claims. Defendant removed the case from the state court under 28 U.S.C. §1338 and §1454. Specifically, Defendant noted that the complaint did not assert any patent-related counts on its face. However, it asserted that Plaintiff's right to relief "necessarily depend[ed] on resolution of a substantial question of federal patent law, in that patent law is a necessary element

---

[1] Motion for Summary Judgment (filed 2/2/18). Defendant has had an opportunity to respond (and has responded) to the assertion that removal was improper. *See* Opposition to Motion for Summary Judgment (filed 2/16/18).

of the well-pleaded claims." Notice of Removal, at ¶5. More specifically, Defendant specified that what is actually disputed is "the federal issue of *patent misappropriation*." *Id.* at ¶6 (emphasis added). On the same day the case was removed, Defendant filed its Answer and included a counterclaim for patent misappropriation alleging an equitable ownership interest in one or more of Plaintiff's patents together with several state law claims.

**DISCUSSION**

A great deal of time and discovery effort has passed since removal. Nevertheless, a district court may inquire into its own jurisdiction at any time. *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017). A court is not required at any particular time to *sua sponte* consider whether it is proper to assert continuing federal jurisdiction over state law claims when federal claims are eliminated. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*) ("[W]hile a district court must be sure that it has federal jurisdiction under § 1367(a), once it is satisfied that the power to resolve state law claims exists, the court is not required to make a § 1367(c) analysis unless asked to do so by a party."). That changes, however, when a party raises the issue, as Plaintiff has now done. *Id*. at 1001.

Plaintiff argues three grounds for remand. First, it asserts that the original removal was improper. Second, it asserts that the counterclaims do not raise federal jurisdiction. Third, it suggests that this is a typical case in which the discretionary exercise of supplemental jurisdiction should usually be declined.

Courts strictly construe the removal statute against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). *Prop. Inv'rs 2016, LLC v. Yep*, No. 2:18-CV-02527-TLN-AC, 2018 WL 4610556, at *1 (E.D. Cal. Sept. 21, 2018). Doubts are resolved against the exercise of jurisdiction.

In typical cases, the well-pleaded complaint rule requires that jurisdiction be analyzed on the sole basis of the complaint. Here, since Plaintiff is the master of the

complaint and chose to assert only state law claims, it would typically be a simple question and answer. Recent changes to the law relating to patents has changed that typical approach.[2] Section 1454 permits federal patent jurisdiction to be asserted upon a counterclaim as well as a complaint. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015). Thus the original jurisdiction calculus focuses in this case on Defendant's counterclaim for patent misappropriation.[3]

Defendant asserts in its counterclaim that it has an equitable interest in Plaintiff's patents. "Acacia thereby has an equitable interest in the ViaSat Patent Family." Answer and Counterclaim at ¶39. It further claims that Plaintiff has "misappropriated the ViaSat Patent Family." *Id.* at ¶43. It asks for relief in various forms including an accounting, a trust, rescission of the ownership and transfer of ownership of the patent family, and an injunction from continuing misappropriation. *Id.* at ¶¶ 44-47. It is significant that Defendant does not claim inventorship; only ownership.

Ownership of a patent, whether legal or equitable is a property law question. As such, it is not a patent law question. Thus, in *Arachnid, Inc., v. Merit Industries,*

---

[2] The Act also amended 28 U.S.C. §1338(a), the statute conferring on district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents," to provide that "[n]o State court shall have jurisdiction over any claim for relief under any Act of Congress relating to patents[.]" 28 U.S.C. § 1338(a). Together with the amendment to 28 U.S.C. § 1295(a)(1), which extended the Federal Circuit's jurisdiction to "compulsory counterclaim[s] arising under ... any Act of Congress relating to patents," these patent-related changes are commonly known as the "Holmes Group fix." Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*, 21 Fed. Cir. B.J. 539, 539 (2012). This "fix" was adopted in response to an earlier decision by the Supreme Court, which held that a counterclaim by a defendant cannot serve as the basis for " 'arising under' jurisdiction" under 28 U.S.C. § 1295(a)(1). *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Rejecting *Holmes*, the three statutes "provide[d] federal courts ... with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws even when asserted in counterclaims." *Vermont v. MPHJ Tech. Invs., LLC* ("*MPHJ*"), 803 F.3d 635, 644 (Fed. Cir. 2015). *Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17-02331-AB (JCX), 2018 WL 437472, at *5 (C.D. Cal. Jan. 16, 2018).

[3] There is no diversity of citizenship between the parties as they are both citizens of Delaware where they are both incorporated.

*Inc.*, 939 F.2d 1547 (Fed. Cir. 1991), a distinction was made between claims of patent ownership which belong in state court and claims of infringement which are patently federal patent claims. "A patent is a creature of statute, as is the right of a patentee to have a remedy for infringement of his patent. Suit must be brought on the *patent,* as ownership only of the invention gives no right to exclude, which is obtained only from the patent grant." *Id.* at 1578-79. "Although an agreement to assign in the future inventions . . . may vest the promisee with *equitable* rights in those inventions once made, such an agreement does not by itself vest *legal* title to patents on the inventions in the promisee." *Id.* at 1581. Here, Defendant does not have legal title to any patents in question. It asserts that this court should award it some fraction of ownership as a matter of equity. That is a state law issue of ownership. It is not an issue of construction of a patent, or infringement of a patent, or inventorship of a patent. It is tangentially related to patents owned by Plaintiff. Thus, it is a close question whether the tangential relationship is sufficiently "related" to support federal jurisdiction under §1454.

      Courts resolve doubts about a federal court's limited jurisdiction against the exercise of jurisdiction. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.") (citation omitted). That is the proper course here. Therefore, the removal of the case was improper. Likewise, the counterclaim filed in this case does not provide federal claim jurisdiction. The state law claims provide no basis for jurisdiction because of a lack of diversity of citizenship between the parties. Because federal jurisdiction was lacking from the outset, there is no discretion to exercise continuing jurisdiction over the state law claims as when a federal claim is later dismissed. *E.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) ("[A]fter granting summary judgment on the civil rights claim, the court should have

dismissed the state law claims without prejudice."). Here there never was a valid federal-law claim. The Court is aware that much discovery and motion practice has been lavished on this case while in federal court. Much of the effort need not go to waste as discovery obtained will also assist in state court and dispositive motions on the state law claims will still rely on state law. The possibility of forum shopping is always a concern when motions to remand are made after time passes. However, there is no direct evidence of that animating the motion to remand in this case.

**CONCLUSION**

This case is remanded to the Superior Court of San Diego. Any pending motions are denied as moot to be reasserted in the state court. Each side shall bear their own costs and attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c).

DATED: September 28, 2018

_____
Hon. Roger T. Benitez
United States District Judge